**OFFICE OF THE CLERK**
**UNITED STATES DISTRICT COURT**
**Northern District of California**

**CIVIL MINUTES**

**Date:** September 2, 2021          **Time:** 2:38 - 3:08 =          **Judge:** EDWARD M. CHEN
30 Minutes

**Case No.:** 18-cv-04471-EMC   **Case Name:**  Zoellner v. City of Arcata

**Attorney for Plaintiff:** Elizabeth Zareh
**Attorneys for Defendant:** Patrick Moriarty, Maria Nozzolino

**Deputy Clerk:** Angella Meuleman          **Court Reporter:** Belle Ball

**PROCEEDINGS HELD BY ZOOM WEBINAR**

[143] Motion to Disqualify Counsel - held;
[154] Motion for Sanctions (Rule 11) - held.

**SUMMARY**

Parties stated appearances and proffered argument.

Mr. Zoellner has moved to disqualify defense counsel Mr. Moriarty on the basis that he is a material witness who will testify at trial with respect to one of his claims – specifically, Count 9 in which he alleges that Mr. Moriarty (on behalf of Defendants) threatened to prosecute Mr. Zoellner for the murder of Mr. Lawson unless Mr. Zoellner dismissed this civil lawsuit against Defendants.  Mr. Zoellner has also suggested that defense counsel Ms. Nozzolino and/or the entire defense firm should be disqualified because they have stated that the murder investigation of Mr. Lawson is still open and/or that Mr. Zoellner could face criminal charges in the future.

As the Court indicated on the record, it does not consider the following to be illegal conduct: statements that the murder investigation is still open or that there is some risk to Mr. Zoellner to, e.g., giving deposition testimony in the civil trial (because of the open murder investigation).  On the other hand, if a statement was made that Mr. Zoellner would be criminally prosecuted if he did not dismiss his civil lawsuit, that would clearly be unethical and unlawful behavior.

Because there is no indication that the defense firm or Ms. Nozzolino engaged in the latter conduct, the Court **denies** the motion to disqualify the firm and/or Ms. Nozzolino.

1

There is a factual dispute, however, as to whether Mr. Moriarty engaged in the latter conduct.  This factual dispute will not be resolved at this stage of the litigation, absent a collateral proceeding.

Having considered its options, the Court concludes that the best way to proceed is to bifurcate Count 9 and stay litigation of the claim until after the other claims have been resolved.  The facts underlying Count 9 are transactionally distinct from the facts underlying the other claims (which relate to, e.g., false arrest, malicious prosecution, and deliberate indifference to medical need).  While Count 9 is stayed, Mr. Moriarty may continue to represent Defendants in the litigation of the other claims, including in depositions and at trial.

To the extent Mr. Zoellner has suggested that there have been recent attempts to intimidate witnesses or other efforts to derail the civil lawsuit, such conduct is also transactionally distinct; moreover, there is no evidence that Defendants or their counsel are a part of any such conduct.  In addition, if Defendants or their counsel had engaged in their conduct, the immediate concern would not be a damages claim but rather unethical and illegal conduct.

Finally, as stated on the record, Defendants' motion for sanctions (Docket No. 154) is **denied without prejudice**.  In addition, Defendants and/or their counsel (for this civil case) are instructed not to make further references to criminal prosecution or the prospect of such (for the Lawson murder) in communications with plaintiff or his counsel outside of pleadings filed in this Court.  At this point, the risks to Mr. Zoellner of participating in the civil suit while there is an open murder investigation have been made clear and do not require reiteration by the defense.

**Further Status Conference set December 14, 2021 at 2:30PM.  Joint Status Report due December 7, 2021.**