UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KYLE CHRISTOPHER ZOELLNER,

Plaintiff,

v.

CITY OF ARCATA, et al.,

Defendants.

Case No.  18-cv-04471-JSC

**ORDER FOLLOWING PRETRIAL CONFERENCE**

Re: Dkt. Nos. 246, 247, 248, 249, 250, 257, 258, 259, 260, 261

Following the pretrial conference on September 15, 2022, the Court finalizes its tentative rulings on the parties' motions in limine, (*see* Dkt. No. 299), and resolves other pretrial matters explained below.

## I.     PLAINTIFF'S MOTIONS IN LIMINE

### A.     <u>No. 2 (Dkt. No. 247)</u>

DENIED.  Detective Losey is not precluded from challenging the state court judge's determination of no probable cause following the preliminary hearing.

Whether issue preclusion bars Detective Losey from challenging the probable cause element of the malicious prosecution claim is a matter of California law.  *See Wige v. City of Los Angeles*, 713 F.3d 1183, 1185 (9th Cir. 2013) (explaining that courts apply state law to determine preclusive effect of state court judgments).

> In California, issue preclusion applies when five requirements are met: (1) the issue sought to be relitigated must be identical to the issue decided in the earlier action; (2) the issue must have been actually litigated and (3) necessarily decided in the earlier action; (4) the earlier decision must be final and made on the merits; and (5) the party against whom issue preclusion is asserted must have been a party to the earlier action or in privity with such party.

*Id.*  Mr. Zoellner, as the party asserting issue preclusion as a bar to further litigation, "bears the

1    burden of proving that the requirements of the doctrine are satisfied."  *Hong Sang Mkt., Inc. v.*

2    *Peng*, 20 Cal. App. 5th 474, 489 (2018).

3         The only requirement at issue here is whether Detective Losey, who was not a party to the

4    preliminary hearing proceeding, was in privity with the District Attorney's Office, a party to the

5    preliminary hearing.  As a matter of California law, he was not.  *See Willis v. Mullins*, No.

6    CIVF046542AWILJO, 2005 WL 3500771, at *5–9 (E.D. Cal. Dec. 16, 2005) (applying California

7    law and holding that police officers who conducted search of the plaintiff's home were not barred

8    by issue preclusion from relitigating the lawfulness of the search because they were not in privity

9    with the prosecution); *see also Davis v. Eide*, 439 F.2d 1077, 1078 (9th Cir. 1971) ("The

10   defendants were city police officers not directly employed by the state; they had no measure of

11   control whatsoever over the criminal proceeding and no direct individual personal interest in its

12   outcome.  In these circumstances there was no privity sufficient to invoke the doctrine of collateral

13   estoppel."); *Duncan v. City of San Diego*, 401 F. Supp. 3d 1016, 1029 (S.D. Cal. 2019) ("federal

14   courts applying state law have overwhelmingly concluded 'that privity does not exist between law

15   enforcement officers and the criminal prosecution,'" and citing cases).  "While police do aspire to

16   enforce the law, individual officers cannot be said to have a personal stake in ensuring

17   conviction."  *Willis*, 2005 WL 3500771, at *7.

18        The cases upon which Mr. Zoellner relies are distinguishable.  In *McCutchen v. City of*

19   *Montclair*, 87 Cal. Rptr. 2d 95, 101 (Cal. Ct. App. 1999), the issue was whether a finding of

20   probable cause following a preliminary hearing barred *the plaintiff* from relitigating the issue in a

21   subsequent action against police officers for malicious prosecution.  Thus, there was no issue of

22   privity as the party against whom issue preclusion was sought was a party to both the criminal

23   action and the civil action.  The same was true in *Haupt v. Dillard*, 17 F.3d 285, 288 (9th Cir.

24   1994).  Similarly, in *Wige*, 713 F.3d at 1184, the issue was whether a state court magistrate

25   judge's finding of probable cause following a preliminary hearing barred the plaintiff's malicious

26   prosecution claim.  Thus, this case, too, did not address privity.

27        Mr. Zoellner has not met his burden of proving that a police officer is in privity with the

28   prosecution such that he is bound by a finding of no probable cause following the preliminary

United States District Court
Northern District of California

United States District Court
Northern District of California

1  hearing.  The Court acknowledges that while Detective Losey opposed Plaintiff's motion for issue

2  preclusion, he did not raise the privity argument.  Nonetheless, the Court must apply the correct

3  law and place the burden on Mr. Zoellner, and for the reasons explained above, that burden has not

4  been met.

5  While Detective Losey is not barred from arguing that there was probable cause for the

6  criminal charges, probable cause is an issue for the Court to decide.  *See* CACI No. 1500.  In

7  resolving that issue, the first question is what Detective Losey knew at the time he allegedly

8  caused the charges to be filed and/or continued against Mr. Zoellner.  If there is a dispute as to

9  what he knew, the jury resolves those disputes of fact.  Once those facts are established, the Court

10  decides whether they constitute probable cause.  *See Est. of Tucker ex rel. Tucker v. Interscope*

11  *Recs., Inc.*, 515 F.3d 1019, 1031 (9th Cir. 2008).  As discussed at the pretrial conference, **in order**

12  **to identify disputes of fact, if any, that the jury will resolve:**

13  - By Monday, September 19, 2022, Detective Losey shall file an offer of proof in the form

14    of a list of facts which he contends constitute probable cause for prosecuting Mr. Zoellner,

15    with citations to the exhibit or witness who will testify to each fact.

16  - By Friday, September 23, 2022, Mr. Zoellner shall file a response to Detective Losey's

17    list.  The response shall indicate if there is a dispute as to (a) whether the fact exists or (b)

18    whether Detective Losey knew the fact at the time, and may list additional facts which Mr.

19    Zoellner contends show a lack of probable cause.  The response shall include citations to

20    the exhibit or witness who will put each fact in dispute or testify to each fact.

21  *See* CACI No. 1500 (requiring the court to instruct the jury on what facts are in dispute as to

22  probable cause).  Upon review of the parties' submissions, if the Court determines that there may

23  not be a genuine dispute of fact material to the probable cause determination, it will direct the

24  parties to appear for a further pretrial conference on September 29, 2022 at 2:30 p.m.  Otherwise,

25  the parties' submissions will assist with determining what facts need to be determined by the jury.

26  As discussed at the pretrial conference, the parties are responsible for ensuring that the facts they

27  believe are relevant to the probable cause determination are supported by the evidence admitted at

28  trial; the Court will not consider evidence outside the trial record in deciding the probable cause

element.

**B.     No. 1 (Dkt. No. 246)**

GRANTED.  The report of Detective Losey's expert Brian Medeiros, (Dkt. No. 300), is excluded because it opines on an ultimate issue of law, whether probable cause existed at the time charges were filed against Mr. Zoellner.

As explained above, this Court rather than the jury decides whether there was probable cause.  An expert opining as to whether there was probable cause is not helpful to this Court's probable cause determination.  *See United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017) ("[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law."); *see also Gong v. Jones*, No. C 03–05495 TEH, 2008 WL 4183937, at *4 (N.D. Cal. Sept. 9, 2008) ("Courts regularly prohibit experts from testifying on the ultimate issue of whether there was 'probable cause' for an arrest.").

**C.     No. 3 (Dkt. No. 248)**

DENIED.  There is a genuine dispute as to whether Detective Losey made a mistake; therefore, on the record currently before the Court it is a jury question.

**D.     No. 4 (Dkt. No. 249)**

GRANTED as to evidence related to any traffic violation, juvenile record and/or misdemeanor records.  Detective Losey does not offer any reason why such evidence is relevant and admissible.

GRANTED as to the evidence that Mr. Zoellner remains a suspect in the homicide as such evidence is irrelevant.  Detective Losey's insistence that the fact that Mr. Zoellner remains a suspect is relevant to the probable cause and malice elements of the malicious prosecution claim (Dkt. No. 249-1) is incorrect.  As explained in connection with Plaintiff's Motion in Limine No. 2, what is at issue on Mr. Zoellner's claim is Detective Losey's state of knowledge (probable cause element) and state of mind (malice element) at the time he allegedly caused the charges to be initiated against Mr. Zoellner and/or continued the charges to be prosecuted.  *See Tucker*, 515 F.3d at 1030-31 (explaining that the plaintiff must prove that the charges were *brought* without probable cause and *initiated* with malice); *see also* CACI No. 1500.  Detective Losey does not

1   explain, and the Court cannot understand, how the fact that in the minds of at least some in the

2   Arcata Police Department Mr. Zoellner has not been ruled out as a suspect sheds any light as to

3   whether Detective Losey lacked probable cause and acted with malice in April 2017.

4          As discussed at the pretrial conference, this ruling refers to evidence from after the charges

5   against Mr. Zoellner were dismissed; Detective Losey may present evidence that he understood

6   that Mr. Zoellner was the sole suspect at the time the charges were filed and prosecuted.

7          **E.     No. 5 (Dkt. No. 250)**

8          DENIED.  Evidence regarding what facts Detective Losey was aware of at the time he

9   allegedly caused the charges to be filed against Mr. Zoellner is relevant to the probable cause and

10  malice elements.  *Tucker*, 515 F.3d at 1031.

11         There is an issue as to whether evidence of which Detective Losey was not aware at the

12  time he allegedly caused the filing of the charges is otherwise relevant to this lawsuit.  In

13  particular, Detective Losey's exhibit list includes DNA reports.  (Dkt. No. 264 at 22-24 (Proposed

14  Exhibits 22-26).)  The Court asked Detective Losey to demonstrate how and why those exhibits

15  would come into evidence given that no DNA expert appears on his witness list.  (Dkt. No. 289 at

16  2.)  Detective Losey responds that he does not intend to introduce the DNA results for the truth of

17  the matter, but rather to show that they did not exonerate Mr. Zoellner and thus they are relevant to

18  probable cause and malice.  (Dkt. No. 295.)  Using the test results to show that they did not

19  exonerate Mr. Zoellner is using them for the truth of the matter.  But, putting that problem aside,

20  as the Court has explained, probable cause and malice are determined at the time the prosecution

21  was allegedly maliciously initiated and continued.  *Tucker*, 515 F.3d at 1031; (*see also* Dkt. No.

22  296 at 2-3).  What Detective Losey learned after the charges were dismissed is irrelevant to

23  whether there was probable cause and he acted with malice at the time he allegedly caused the

24  prosecution.  As Detective Losey has not established the relevance of the DNA evidence, it is

25  excluded.

26         Detective Losey also argues that evidence that tends to show that Mr. Zoellner committed

27  the stabbing are relevant to his damages claim.  The Court agrees that such evidence *in admissible*

28  *form* may be relevant.  The DNA evidence is not proffered in admissible form as Detective Losey

United States District Court
Northern District of California

5

does not have a witness on his list competent to testify to the DNA results as substantive evidence. Other evidence, again in admissible form, may be relevant to damages. Mr. Zoellner demands $7 million in emotional distress damages. Even if the jury finds that Detective Losey lacked probable cause, acted with malice, and that his conduct caused the District Attorney to file charges, Mr. Zoellner still bears the burden of proving his damages. He appears to contend that he was severely damaged because he did not stab the victim and thus the false charge caused him emotional distress. But the jury may find that in light of all the evidence in the trial record, Mr. Zoellner has not met his burden of proving his damages, that is, that he suffered emotional distress from being *falsely* charged. The Court thus declines to rule at this stage that all evidence that Detective Losey was not aware of is not relevant. The relevance of such evidence, if any, will have to be specifically identified and addressed in context. Further, the Court will have to see how Mr. Zoellner argues his damages at trial.

## II.    DEFENDANT'S MOTIONS IN LIMINE

### A.    No. 1 (Dkt. No. 257)

DENIED. Mr. Zoellner identified the categories of damages in his initial disclosures and Detective Losey explored those categories in depth at Mr. Zoellner's deposition.

### B.    No. 2 (Dkt. No. 258)

DENIED. In this Order the Court has explained the scope of relevant evidence. The Court does not know how Mr. Zoellner will respond to questions and Detective Losey does not offer any evidence that he refused to answer any questions at his deposition.

### C.    No. 3 (Dkt. No. 259)

GRANTED. Mr. Zoellner does not object. This order does not preclude Mr. Zoellner from mentioning any persons involved in the case; it only precludes Mr. Zoellner from identifying those persons as defendants.

### D.    No. 4 (Dkt. No. 260)

GRANTED. The gist of Mr. Zoellner's argument is as follows: for past incidents, Detective Losey's supervisors investigated to determine whether discipline was warranted, but they failed to investigate/discipline Detective Losey for the inaccuracy in his reporting on Mr.

United States District Court
Northern District of California

Zoellner.  According to Mr. Zoellner, "[t]he selective enforcement of the policies shows intentional acts by Losey and his superiors.  This will show that the scheme was endorsed by his superiors which provides punitive damages coverage under any insurance policy." (Dkt. No. 260-1 at 6.)  This argument makes no sense as the district court granted summary judgment to all of the defendants on all claims, with the exception of malicious prosecution against Detective Losey and wrongful threat of criminal prosecution/intentional infliction of emotional distress, which is bifurcated and stayed.  (Dkt. No. 233 at 12.)  The proffered evidence does not tend to show absence of mistake.  *See* Fed. R. Evid. 404(b)(2).  Further, to the extent there is some limited relevance, it is outweighed by its likelihood of confusing the jury.  *See* Fed. R. Evid. 403.

Mr. Zoellner expresses concern that via this motion in limine Detective Losey seeks to exclude various reports.  (Dkt. No. 260-1 at 6.)  Neither the Independent Review nor the Parker report are on Mr. Zoellner's exhibit list.  (Dkt. No. 264 at 13-15.)  Thus, there is no need for Detective Losey to seek to exclude them; Mr. Zoellner has already excluded them himself.  The Court addressed objections to exhibits identified on the exhibit lists at the pretrial conference.

### E.     No. 5 (Dkt. No. 261)

GRANTED as to defense and indemnification; DENIED as to Detective Losey's personal financial condition.  However, the Court will phase trial as to the amount of punitive damages assuming the jury finds in phase one that punitive damages are warranted.  Thus, all evidence relevant only to the amount of punitive damages is excluded from phase one, but admissible in phase two.

### III.     OTHER ISSUES

#### A.     Grand Jury

Mr. Zoellner references the District Attorney's resubmission of the case against him to the grand jury in November 2019 and the grand jury's decision not to indict.  (Dkt. No. 293.)  The grand jury evidence is irrelevant to Mr. Zoellner's claim.  This Court, not the grand jury, decides whether Detective Losey had probable cause at the time he allegedly caused the charges to be filed in 2017.  *Tucker*, 515 F.3d at 1030.  The criminal charges were terminated in Mr. Zoellner's favor when the state court judge dismissed the charges for lack of probable cause.  *Jaffe*, 18 Cal. 2d at

156 (1941) (indicating that a dismissal at a preliminary hearing is a "final termination of the proceedings in favor of the accused, unless it appears that further proceedings growing out of the same misconduct on his part have been instituted" (cleaned up)).  No new formal charges have been initiated; thus, the relevant time period for the malicious prosecution claim is the approximately three weeks between when formal charges were filed and the formal charges were dismissed.  *See Van Audenhove v. Perry*, 217 Cal. Rptr. 3d 843, 850 (Cal. Ct. App. 2017), as modified (June 14, 2017) ("The prosecution element of malicious prosecution sets up a bright-line test.  Before charges are filed, the actions of the police and the prosecutor are merely investigatory.").

Detective Losey's response includes several inaccurate statements of law.  He claims that the underlying proceeding—the prosecution of Mr. Zoellner—has not concluded.  Detective Losey is wrong.  There are no charges pending against Mr. Zoellner and since the charges were dismissed no new charges have been filed.  It is the filing of the original charges that is at issue in this lawsuit.  A plaintiff may not bring a malicious prosecution claim just because he remains under investigation.  *See id.*

Detective Losey also incorrectly argues that Mr. Zoellner must establish that he continued to be maliciously prosecuted after the preliminary hearing.  (Dkt. No. 291 at 5.)  Again, not so. The prosecution was favorably terminated in Mr. Zoellner's favor when the state court judge dismissed the charges against him for lack of probable cause.  *See Jaffe*, 18 Cal. 2d at 156.  Mr. Zoellner must thus prove that at the time Detective Zoellner allegedly caused the charges to be filed and/or continued, the facts of which Detective Losey was aware did not constitute probable cause.

### B.   Trial Subpoena to Detective Losey (Dkt. No. 283)

Detective Losey's objection is sustained and the trial subpoena is QUASHED with respect to documents.  Mr. Zoellner could have obtained those documents during the fact discovery period.

### C.   Discovery from District Attorney Maggie Fleming (Dkt. No. 301)

Mr. Zoellner's request for additional discovery from Ms. Fleming is DENIED.  Mr.

United States District Court
Northern District of California

Zoellner could have obtained the requested documents or deposed Ms. Fleming during the fact discovery period.  However, as discussed at the pretrial conference, Detective Losey's counsel shall confirm with the police department that every report within the scope of what Mr. Zoellner requested during discovery was properly produced.

  **D.**  **Mr. Zoellner's Expert Christopher W. Boyd**

  The report of Mr. Zoellner's expert Christopher W. Boyd, (Dkt. No. 304-1), is EXCLUDED.  Mr. Boyd's two opinions are not relevant because they are offered to rebut Detective Losey's expert's opinion, (*id.* at 2), which the Court has excluded; therefore, there is no opinion to rebut.

**IV.**  **WITNESSES**

| PLAINTIFF'S WITNESSES | | |
|---|---|---|
| **NO.** | **WITNESS NAME** | **DEFENDANT'S OBJECTION** |
| 1 | MAGGIE FLEMING | Overruled.  (Dkt. No. 297.) |
| 2 | ANDREW ISAAC | Overruled.  (Dkt. No. 297.) |
| 3 | ROGER REES | Sustained.  (Dkt. No. 297.) |
| 4 | TODD DOKWEILER | No objection. |
| 5 | ERIC LOSEY | No objection. |
| 6 | CHRISTOPHER BOYD | Witness excluded. |
| 7 | ERIC ZOELLNER | No objection. |
| 8 | KYLE ZOELLNER | No objection. |
| 9 | EVE KIEST | Sustained.  (Dkt. No. 297.) |
| 10 | BETH SPELLMEYER, MD | Sustained.  (Dkt. No. 297.) |
| 11 | KIT MEYERS | Sustained.  (Dkt. No. 297.) |
| 12 | AISHA MORTON | Sustained.  (Dkt. No. 297.) |
| **DEFENDANT'S WITNESSES** | | |
| **NO.** | **WITNESS NAME** | **PLAINTIFF'S OBJECTION** |
| 1 | KYLE ZOELLNER | No objection. |

United States District Court
Northern District of California

| 2 | ERIC LOSEY | No objection. |
|---|---|---|
| 3 | TODD DOKWEILER | No objection. |
| 4 | DEVIN NILSEN | Overruled. |
| 5 | BRIAN MEDEIROS | Sustained pursuant to the Court's ruling on Plaintiff's Motion in Limine No. 1. |
| 6 | BRIAN AHEARN | Witness withdrawn. |

## V.    EXHIBITS

| PLAINTIFF'S EXHIBITS | | |
|---|---|---|
| NO. | EXHIBIT NAME/SUMMARY | ADMISSIBILITY |
| 1 | Letter dated 4/5/19 from Fleming to AG | Not excluded.  Plaintiff shall substitute a new Exhibit 1 as discussed. |
| 2 | Email dated 7/29/20 from Ahearn to Dokweiler | Excluded. |
| 3A | Audio recording Martinez 1st interview by Losey | Not excluded. |
| 3B | Audio recording Martinez 2nd interview by Losey | Not excluded. |
| 3C | Audio recording IA of Losey | Excluded. |
| 4 | Transcript of Recording of Martinez 1st Interview | Not excluded. |
| 5 | Transcript of Recording of Martinez 2nd Interview | Not excluded. |
| 6 | Excerpts of Charging Summary | Not excluded. |
| 7 | Losey Police Report of Martinez Interview | Not excluded. |
| 8 | Felony Complaint (CR 1701730) | Not excluded. |
| 9 | Eric Losey Declaration | Not excluded. |
| 10 | Todd Dokweiler Declaration | Not excluded. |
| 11 | Excerpts of APD Policy Manual | Not excluded to limited extent discussed at pretrial conference. |
| 12 | Excerpts of Martinez Testimony at the preliminary by Martinez | Not excluded.  Parties to meet and confer regarding a stipulation. |
| 13 | Excerpts of preliminary hearing transcript May 5, 2017 re: Judge finding lack of probable cause | Excluded. |
| 14 | Excerpts of Deposition transcript of Todd Dokweiler | Not excluded; may be used to refresh recollection or impeach |

| | | non-party. |
|---|---|---|
| 15 | Oath signed by Eric Losey | Not excluded. |
| 16 | Letter to Losey re: POST | Excluded. |
| 17 | 2012 APD investigation of Losey | Excluded. |
| 18 | 2017 Investigation of Losey | Excluded. |
| 19 | Losey resignation letter | Not excluded. |
| 20 | Losey Explanation of benefit | Excluded. |
| 21 | Civil Grand Jury Report | Excluded. |
| **DEFENDANT'S EXHIBITS** | | |
| **NO.** | **EXHIBIT NAME/SUMMARY** | **ADMISSIBILITY** |
| 1 | Photographs of knife and Plaintiff's pants | Not excluded. |
| 2 | Photographs of search warrant executed on Plaintiff's residence | Not excluded. |
| 3 | Photographs of Plaintiff's Subaru | Not excluded. |
| 4, 5 | Photographs of Lawson at hospital; Autopsy photographs | Defendant shall choose one photo; otherwise excluded. |
| 6 | Photographs of Plaintiff's clothes | Not excluded. |
| 7, 8 | Photographs of Plaintiff's knife bag; Photographs of Plaintiff's employment | Defendant shall check when the photographs were taken. |
| 9 | Devin Nilsen's in car camera | Not excluded. |
| 10 | Devin Nilsen's in car camera facing out | Not excluded. |
| 11 | Zoellner's statement to the police | Not excluded. |
| 12 | Exhibits 16-22 to Plaintiff's Deposition | Not excluded. |
| 13, 14, 15 | Exhibits 25-27 to Plaintiff's Deposition | Withdrawn. |
| 16 | Exhibit 28 to Plaintiff's Deposition | Not excluded. |
| 17, 18, 19 | Exhibits 29-31 to Plaintiff's Deposition | Withdrawn. |
| 20 | Crime scene overview and crime scene diagram | Defendant shall check when the document was made. |
| 21 | Autopsy Report – to be marked but not admitted | N/A |
| 22, 23, 24, 25 | DOJ Reports Dated 10/3/18, 6/29/17, 9/21/18, 10/31/18 | Excluded. |

| 26 | 911 radio | Withdrawn. |
| 27 | Jason Martinez Statements | Not excluded. |
| 28 | Scene Photographs | Excluded as duplicative. |

\* \* \*

**PRETRIAL ARRANGEMENTS**

A.      Should a daily transcript and/or real-time reporting be desired, the parties shall make arrangements with Rick Duvall, Supervisor of the Court Reporting Services, at (415) 522-2079, at least ten (10) calendar days prior to the trial date.

B.      The United States Marshal requires a court order to allow equipment into the courthouse. For electronic equipment, parties should be prepared to maintain the equipment or have a technician handy at all times. The parties shall tape extension cords to the carpet for safety. The parties may work with the deputy clerk, Ada Means (415-522-2015), on all courtroom-layout issues.

**SCHEDULING**

Trial will be conducted from 8:30 a.m. to 2:30 or 3:00 p.m., depending on the availability of witnesses, Monday through Friday. Counsel must arrive by 8:00 a.m. for any matters to be heard out of the presence of the jury.  The jury will be called at 8:30 a.m.

Each side will have **9 hours** for witness examinations and cross-examinations.  Each side will have no more than **45 minutes** for opening statements.

The Court intends to do opening statements on October 3, 2022 and Mr. Zoellner shall have his first witness ready to testify on that date as well.

**THE JURY**

In civil cases, there are no alternate jurors and the jury is selected as follows: Eighteen to twenty jurors are called to fill the jury box and the row in front of the bar, and are given numbers (1 through 20). The remaining potential jurors will be seated in the public benches. Counsel for each side will have 20 minutes to conduct a limited voir dire. Challenges for cause will then be addressed out of the presence of the potential jurors. The Court will consider whether

United States District Court
Northern District of California

12

to fill in the seats of the stricken jurors. If so, questions will be asked of the additional jurors and cause motions as to them will be considered. After a short recess, each side may exercise its allotment of peremptory challenges out of the presence of the potential jurors (three per side). The eight jurors surviving the challenge process with the lowest numbers become the final jury. For example, if the plaintiff strikes 1, 5, and 7 and the defendant strikes 2, 4, and 9, then 3, 6, 8, 10, 11, 12, 13, and 14 become the final jury. Once the jury selection is completed, the jurors' names will be read again and they will be seated in the jury box and sworn. The Court may alter this procedure in its discretion and after consultation with the parties.

## WITNESSES

At the close of each trial day, all counsel shall exchange a list of witnesses for the next two full court days and the exhibits that will be used during direct examination (other than for impeachment of an adverse witness). Within 24 hours of such notice, all other counsel shall provide any objections to such exhibits and shall provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment). The first notice shall be exchanged prior to the first day of trial. All such notices shall be provided in writing.  The parties shall also exchange what they intend to use in opening arguments by the Friday before trial commences.

## CHARGING CONFERENCE

As the trial progresses and the evidence is heard, the Court will fashion a comprehensive set of jury instructions to cover all issues actually being tried. Prior to the close of the evidence, the Court will provide a draft final charge to the parties. After a reasonable period for review, one or more charging conferences will be held at which each party may object to any passage, ask for modifications, or ask for additions. Any instruction request must be renewed specifically at the conference or it will be deemed waived, whether or not it was requested prior to trial. If, however, a party still wishes to request an omitted instruction after reviewing the Court's draft, then it must affirmatively re-request it at the charging conference in order to give the Court a fair opportunity to correct any error. Otherwise, as stated, the request will be deemed abandoned or waived.

* * *

United States District Court
Northern District of California

All of the Court's rulings are subject to reconsideration depending on how the evidence and argument is developed at trial.

This Order disposes of Docket Nos. 246, 247, 248, 249, 250, 257, 258, 259, 260, 261.

**IT IS SO ORDERED.**

Dated: September 16, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge

**EXHIBIT A**

**<u>BACKGROUND</u>**

HAVE EACH OF THE 20 PROSPECTIVE JURORS ANSWER ALOUD THE GENERAL BACKGROUND QUESTIONS ON THE SHEET THAT HAS BEEN HANDED OUT.

1.  Please state your name:

2.  Please state the city in which you live:

    a.  How long have you lived there?

    b.  Where else have you lived in the past  5 years?

3.  What is your current occupation?

    a.  How long have you been so employed?

    b.  What are your previous occupations, if any?

    c.  Have you or any member of your family been employed by a law firm?

4.  Please give us the following information about your family:

    a.  Are you married?

        1.  If so, what is your spouse's current occupation and by whom is your spouse employed?

    b.  Do you have any children?

        If so:
        1.  How many?
        2.  What ages?
        3.  What are their occupations, if any?

5.  Are there any other adults living in your household?

    a. If so, how are they related to you, and what is their age and occupation?

United States District Court
Northern District of California