1

2

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    KYLE CHRISTOPHER ZOELLNER,              Case No. 18-cv-04471-JSC

         Plaintiff,

8                                            **ORDER DENYING PLAINTIFF LEAVE**
9        v.                                  **TO FILE A MOTION FOR**
                                             **RECONSIDERATION**
10   CITY OF ARCATA, et al.,
                                             Re: Dkt. No. 326
         Defendants.
11

12

13          Jury trial is scheduled to commence on Monday, October 3, 2022 on the one remaining

14   claim against the one remaining defendant in this action.  The jury has been summoned and

15   completed questionnaires, which the Court and the parties have reviewed.  Yet, on September 28,

16   2022—the Wednesday before the Monday jury trial—Plaintiff moved for leave to file a motion for

17   reconsideration of Judge Chen's March 1, 2022 order granting a motion for summary judgment

18   and April 19, 2021 order granting a motion to dismiss.  (*See* Dkt. Nos. 131, 233.)  Plaintiff asks

19   for reconsideration of the orders (1) granting all defendants except Mr. Losey summary judgment

20   on the malicious prosecution claims, (2) granting the motions to dismiss the *Monell* claims, and

21   (3) granting summary judgment on the claim for deliberate indifference to serious medical needs

22   on qualified immunity grounds.  (Dkt. No. 326 at 5-6.)  Thus, he seeks to add four defendants and

23   two claims to this case.

24                                    **DISCUSSION**

25          To be entitled to leave to file a motion for reconsideration, the
     moving party must specifically show reasonable diligence in bringing
26   the motion and one of the following:

27          (1) That at the time of the motion for leave, a material difference in
     fact or law exists from that which was presented to the Court before
28   entry of the interlocutory order for which reconsideration is sought.

> The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Cal. Civ. L.R. 7-9.  Plaintiff does not explain the basis for his motion, but the Court assumes it is Local Rule 7-9(1)—a material difference in fact exists which Plaintiff could not in the exercise of reasonable diligence have known.  Plaintiff has not met his burden to show leave is warranted.

First, he has not shown reasonable diligence in bringing the motion.  He offers no explanation for why he waited until after the jury had been summoned and completed questionnaires to bring his motion.  This delay has prejudiced the Court, Defendant Losey, and the summoned jurors because if the Court were to grant Plaintiff leave, it would have to vacate the trial and reschedule it once the motion for reconsideration is decided given that Plaintiff is seeking to reinsert dismissed defendants and claims.  The Court will not take such unprecedented action.

Second, he has not shown a material difference in fact of which, in the exercise of reasonable diligence, he was not aware.  He appears to contend that the deposition testimony of DA Maggie Fleming and Assistant DA Andrew Isaac provides the new evidence.  But Plaintiff could have—and should have—deposed them prior to the discovery cutoff given that he was pursuing a malicious prosecution claim; indeed, it is hard to understand how Plaintiff believed he could prosecute that claim without taking the deposition of a district attorney witness.  Yet, there is no evidence in Plaintiff's submission that suggests he made any attempt to depose *any* district attorney witness prior to the discovery cutoff.  Even after summary judgment was granted and he belatedly received emails from Defendants, Plaintiff never sought to depose any district attorney witness.  Instead, Plaintiff placed district attorney witnesses on his trial witness list.  When Defendant Losey objected to Plaintiff calling those witnesses because he had never identified them on his initial disclosures, the Court in its discretion allowed Plaintiff to call two of the witnesses and allowed the parties to depose them.  The Court specifically noted, however, that Plaintiff

could have taken these witnesses' depositions.  (Dkt. No. 297.)  Thus, Plaintiff's assertion that the district attorney defendants were "finally" presented for deposition (Dkt. No. 326 at 15) is misleading.  Plaintiff *never* sought their depositions.

Further, Plaintiff's recitation of the procedural history reflects that he was meeting and conferring with Defendants about the production of certain emails prior to summary judgment.  If Plaintiff believed there was outstanding discovery needed to fairly oppose summary judgment, he was required to make a request under Federal Rule of Civil Procedure 56(d) to continue summary judgment proceedings to complete discovery.  He did not.  (*See* Dkt. No. 224 (opposing summary judgment).)

Accordingly, Plaintiff's motion for leave is DENIED.

This Order disposes of Docket No. 326.

**IT IS SO ORDERED.**

Dated: September 29, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California