UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KYLE CHRISTOPHER ZOELLNER,

         Plaintiff,

    v.

ERIC LOSEY,

         Defendant.

Case No.  18-cv-04471-JSC

**FINAL JURY INSTRUCTIONS**

**IT IS SO ORDERED.**

Dated: October 11, 2022

JACQUELINE SCOTT CORLEY
United States District Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

Members of the jury: Now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be sent to the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  Please do not read into these instructions or into anything I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 2

## UNCONSCIOUS BIAS

We all have feelings, assumptions, perceptions, fears, and stereotypes about others.  Some biases we are aware of, and others we might not be fully aware of, which is why they are called implicit or unconscious biases.  No matter how unbiased we think we are, our brains are hard-wired to make unconscious decisions.  We look at others and filter what they say through our own personal experience and background.  Because we all do this, we often see life and evaluate evidence in a way that tends to favor people who are like ourselves, or who have had life experiences like our own.  We can also have biases about people like ourselves.  One common example is the automatic association of male with career and female with family.  Bias can affect our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors, you are being asked to make an important decision in the case.  You must one, take the time you need to reflect carefully and thoughtfully about the evidence.

Two, think about why you are making the decision you are making and examine it for bias.  Reconsider your first impressions of the people and the evidence in this case.  If the people involved in this case were from different backgrounds, for example, richer or poorer, more or less educated, older or younger, or of a different gender, gender identity, race, religion, or sexual orientation, would you still view them, and the evidence, the same way?

Three, listen to one another.  You must carefully evaluate the evidence and resist, and help each other resist, any urge to reach a verdict influenced by bias for or against any party or witness.  Each of you have different backgrounds and will be viewing this case in light of your own insights, assumptions, and biases.  Listening to different perspectives may help you to better identify the possible effects these hidden biases may have on decision making.

And four, resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or unconscious biases.

The law demands that you make a fair decision based solely on the evidence, your individual evaluations of that evidence, your reason and common sense, and these instructions.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 3**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**JURY INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

**JURY INSTRUCTION NO. 5**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.  Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by any objection or by the Court's ruling on it.

3.  Testimony that is excluded or stricken, or that you were instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.  Anything you may have seen or heard when the Court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 7**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected.  If I overruled the objection, the question was answered or the exhibit received.  If I sustained the objection, the question could not be answered, and the exhibit could not be received.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

**JURY INSTRUCTION NO. 8**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 9**

**CLAIMS AND DEFENSES**

The plaintiff Kyle Zoellner asserts that the defendant Eric Losey, formerly a detective with the City of Arcata Police Department, violated his federal rights by causing a malicious prosecution of the plaintiff Mr. Zoellner.  Mr. Zoellner asserts that after he was arrested for the murder of David Josiah Lawson, the defendant Mr. Losey deliberately prepared a false police report, stating that a witness identified Mr. Zoellner as the assailant who stabbed Mr. Lawson.  Mr. Zoellner also asserts that Mr. Losey's false police report caused criminal charges to be filed or continue to be prosecuted against Mr. Zoellner.  Mr. Zoellner has the burden of proving this claim.

Mr. Losey denies the claim.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 10**

**SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION**

The plaintiff Mr. Zoellner brings his malicious prosecution claim under a federal statute, 42 U.S.C. § 1983, which provides that any person who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div style="writing-mode: vertical">United States District Court
Northern District of California</div>

**JURY INSTRUCTION NO. 11**

**SECTION 1983 CLAIM – MALICIOUS PROSECUTION**

**ESSENTIAL FACTUAL ELEMENTS**

The plaintiff Mr. Zoellner claims that the defendant Mr. Losey violated Section 1983 by wrongfully causing a criminal proceeding to be brought against Mr. Zoellner.  To establish this claim, Mr. Zoellner must prove all of the following by a preponderance of the evidence:

1. That Mr. Losey was actively involved in causing Mr. Zoellner to be prosecuted or in causing the continuation of the prosecution;

2. That the criminal proceeding ended in Mr. Zoellner's favor;

3. That no reasonable person in Mr. Losey's circumstances would have believed that there were grounds for causing Mr. Zoellner to be prosecuted;

4. That Mr. Losey acted with malice;

5. That Mr. Zoellner was harmed; and

6. That Mr. Losey's conduct was a substantial factor in causing Mr. Zoellner's harm.

I instruct you that element 2 is met as a matter of law and does not require any proof.

The law requires that the trial judge, rather than the jury, decide if Mr. Zoellner has proven element 3 above, whether a reasonable person in Mr. Losey's circumstances would have believed that there were grounds for causing Mr. Zoellner to be prosecuted.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 12**

**SECTION 1983 CLAIM – MALICIOUS PROSECUTION**

**ESSENTIAL FACTUAL ELEMENTS – "MALICE"**

Element 4 requires Mr. Zoellner to prove that Mr. Losey acted with malice.  This means that the defendant acted primarily for an improper purpose, that is, a purpose other than to bring the plaintiff to justice.  Malice does not require that the defendant had actual hostility or ill will toward the plaintiff.  Malice may be proved by direct evidence or circumstantial evidence.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 13**

**SECTION 1983 CLAIM – MALICIOUS PROSECUTION**

**ESSENTIAL FACTUAL ELEMENTS – "SUBSTANTIAL FACTOR"**

Element 6 requires Mr. Zoellner to prove that Mr. Losey's conduct was a substantial factor in causing Mr. Zoellner's harm.  A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.  Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

# JURY INSTRUCTION NO. 14

## DAMAGES – PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff Mr. Zoellner, you must determine his damages.  Mr. Zoellner has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Mr. Zoellner for any injury you find was caused by the defendant Mr. Losey.  You should consider the following:

1.  The mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

2.  Injury to reputation;

3.  The reasonable value of earnings, employment, and employment opportunities lost up to the present time;

4.  The reasonable value of earnings, employment, and employment opportunities that with reasonable probability will be lost in the future; and

5.  Mr. Zoellner's legal expenses incurred in defending the criminal proceeding (but not in this proceeding).

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

United States District Court
Northern District of California

15

1

**JURY INSTRUCTION NO. 15**

2

**DAMAGES ARISING IN THE FUTURE – DISCOUNT TO PRESENT CASH VALUE**

3  Any award for future economic damages must be for the present cash value of those

4 damages.

5  Noneconomic damages such as mental and emotional pain and suffering are not reduced to

6 present cash value.

7  Present cash value means the sum of money needed now, which, when invested at a

8 reasonable rate of return, will pay future damages at the times and in the amounts that you find the

9 damages would have been received.

10  The rate of return to be applied in determining present cash value should be the interest

11 that can reasonably be expected from safe investments that can be made by a person of ordinary

12 prudence, who has ordinary financial experience and skill.  You should also consider decreases in

13 the value of money that may be caused by future inflation.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

**JURY INSTRUCTION NO. 16**

2

**PUNITIVE DAMAGES**

3        If you find for the plaintiff Mr. Zoellner, you may, but are not required to, award punitive

4    damages.  The purposes of punitive damages are to punish a defendant and to deter similar acts in

5    the future.  Punitive damages may not be awarded to compensate a plaintiff.

6        Mr. Zoellner has the burden of proving by a preponderance of the evidence that punitive

7    damages should be awarded.  You need to decide only whether or not punitive damages should be

8    awarded; you do not need to decide the amount of any such damages.

9        You may award punitive damages only if you find that the defendant Mr. Losey's conduct

10   that harmed Mr. Zoellner was malicious, oppressive or in reckless disregard of Mr. Zoellner's

11   rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of

12   injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the

13   circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the

14   defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under

15   federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise

16   violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or

17   abusing authority or power or by taking advantage of some weakness or disability or misfortune of

18   the plaintiff.

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

United States District Court
Northern District of California

2

### JURY INSTRUCTION NO. 17

### DUTY TO DELIBERATE

3      When you begin your deliberations, elect one member of the jury as your presiding juror

4 who will preside over the deliberations and serve as the spokesperson for the jury in court.

5      You shall diligently strive to reach agreement with all of the other jurors if you can do so.

6 Your verdict must be unanimous.

7      Each of you must decide the case for yourself, but you should do so only after you have

8 considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

9      It is important that you attempt to reach a unanimous verdict but, of course, only if each of

10 you can do so after having made your own conscientious decision.  Do not be unwilling to change

11 your opinion if the discussion persuades you that you should.  But do not come to a decision

12 simply because other jurors think it is right, or change an honest belief about the weight and effect

13 of the evidence simply to reach a verdict.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 18

### CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the Court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

1    A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any

2    juror is exposed to any outside information, please notify the Court immediately.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 19**

**USE OF NOTES**

Some of you took notes during the trial.  Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

You will have in the jury room the exhibits admitted into evidence.

**JURY INSTRUCTION NO. 20**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 21

### RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.