1  PATRICK D. MORIARTY, State Bar No. 213185
   pmoriarty@cmtrlaw.com
2  JOHN B. ROBINSON, State Bar No. 297065
   jrobinson@cmtrlaw.com
3  CASTILLO, MORIARTY, TRAN & ROBINSON
   75 Southgate Avenue
4  Daly City, CA  94015
   Telephone:      (415) 213-4098
5
   Attorneys for Defendant
6  ERIC LOSEY

7              UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9

10  KYLE CHRISTOPHER ZOELLNER,          Case No. 3:18-cv-04471-JSC

11                    Plaintiff,        **DEFENDANT'S OPPOSITION TO
                                        PLAINTIFF'S REQUEST FOR SANCTIONS**
12       v.
                                        Hon. Jacqueline Scott Corley
13  CITY OF ARCATA, City of Arcata's
    Police Chief THOMAS CHAPMAN, City   Date: December 1, 2022
14  of Arcata's City Manager, KAREN     Time: 10:00 a.m.
    DIEMER, City of Arcata Vice Mayor
15  SOPHIA PEREIRA, Arcata Police Sgt.
    TODD DOKWEILER, Arcata Police
16  Officer ERIC LOSEY, Arcata Police
    Officer DEVIN NELSON, Arcata Police
17  Officer KRYSTLE ARMINIO, Arcata
    Police Officer JACOB MCKENZIE, and
18  DOES 1-81 INDIVIDUALLY AND IN
    THEIR OFFICIAL CAPACITIES AS A
19  POLICE OFFICER FOR THE CITY OF
    ARCATA,
20
                      Defendants.
21

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ………………………………………………………ii

I.      **INTRODUCTION** ……………………………………………………………..1

II.     **STATEMENT OF FACTS** ………………………………………………2

        a.   **Pre-Trial** …………………………………………………………………2

        b.   **Trial** ………………………………………………………………………6

III.    **RULE 37 AND RULE 11 DO NOT APPLY** ………………………………7

        a.   **FRCP Rule 37** ……………………………………………………………8

             i.    *Substantially Justified* …………………………………………8

             ii.   *Harmless (No Prejudice)* …………………………………………8

             iii.  *Analysis* …………………………………………………………9

        b.   **FRCP Rule 11** …………………………………………………………..11

IV.     **THE RELIEF SOUGHT IS UNWARRANTED** ………………………………...11

V.      **CONCLUSION** ……………………………………………………………13

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Burris v. JPMorgan Chase & Co.*,
   566 F. Supp. 3d 995 (D. Ariz. 2021) …………………………………………………..11

*Colonies Partners, L.P. v. Cnty. of San Bernardino*, No.
   518CV00420JGBSHK, 2020 WL 1496444, at *9 (C.D. Cal. Feb. 27, 2020),
   report and recommendation adopted, No. 518CV00420JGBSHK, 2
   020 WL 1491339 (C.D. Cal. Mar. 27, 2020) ……………………………………………10

*Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*,
   482 F.3d 1091, 1096 (9th Cir. 2007) …………………………………………………12

*DISH NETWORK L.L.C., Plaintiff, v. JADOO TV, INC., et al.,
Defendants. Additional Party Names: Haseeb Shah, Sajid Sohail*,
   No. 20-CV-01891-CRB (LB), 2022 WL 11270394, at *1 (N.D. Cal. Oct. 19, 2022) …...10

*Hausman v. Holland Am. Line-U.S.A.*,
   2016 WL 51273, at *10 (W.D. Wash. Jan. 5, 2016) ………………………………………..10

*Leon v. IDX Systems Corp*,
   464 F.3d 951, 958 (9th Cir. 2006) …………………………………………………..12

**Other Authorities**

FRCP Rule 11 ……………………………………………………………………...5, 7, 11

FRCP Rule 26 ………………………………………………………………………..7, 8, 9

FRCP Rule 37 ……………………………………………………………………..5, 7, 10, 12

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP<br>75 Southgate Avenue<br>Daly City, California 94015

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

### I.     **INTRODUCTION**

Plaintiff's motion seeks unprecedented sanctions against all defendants, Humboldt District Attorney Maggie Fleming, and "Defense counsels." (Doc. 382, at pg. 2). First, plaintiff asks the Court to reverse its recent probable cause finding. *Id*. Second, plaintiff asks the Court to enter a default judgment on Count 9 against all defendants. *Id*. Third, plaintiff asks the Court to order Maggie Fleming to pay $2,313.86. *Id*. Fourth, plaintiff asks defense counsel to pay $40,125,000 in attorney's fees. *Id*.

Plaintiff claims the defendants "sandbagged Plaintiff and created a trial by ambush." (Doc. 382, at pg. 19). Plaintiff's accusations are not based in reality.

Throughout the litigation, including the underlying motion, plaintiff's counsel has repeatedly accused the defendants and their counsel of misconduct. Plaintiff's counsel frequently threatened and/or sought sanctions. Counsel even filed a motion to disqualify defense counsel, claiming that the attorney "attempted to extort" plaintiff during a settlement conference. (See Doc. 143). Plaintiff's counsel went so far as to argue that "this Court should disqualify the law firm as whole (sic)." (Doc. 153, at pg. 8). Obviously, the Court did not agree and neither defense counsel nor his law firm was disqualified. Defendants sought sanctions against plaintiff's counsel only once – for filing the motion to disqualify the law firm. (See Doc. 154). That motion was denied **without prejudice**. (See Doc. 161).

Plaintiff's counsel did not stop there. Counsel made a formal complaint with the California State Bar. (See Declaration of John Robinson). Defense counsel submitted a written reply, and the State Bar closed the investigation. *Id*.

After making an unfounded claim with the State Bar, on October 14, 2021, plaintiff filed a motion alleging that the defendant's counsel made false claims to the Court. (See Doc. 179). The motion was based on the defense counsel calling the Courtroom Deputy to ask a question. (See Doc. 180). Plaintiff's "objection [was] overruled, as is her request for a bar on any communications made by defense counsel to contact the Courtroom Deputy regarding a concern about whether an order issued by the Court should have been sealed, either in whole or in part." *Id*.

- 1 -

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

1

2    Plaintiff continues to promote false information. For example, plaintiff's motion claims

3    "[the defendants] have never produced the fiber report." (Doc. 382-1, at pg. 4). Plaintiff's counsel

4    knows, and DA Fleming testified at deposition and trial, that the relevant fiber report was an **oral**

5    report. (See **Exhibit E**, attached to the Declaration of John Robinson). Nonetheless, to promote a

6    conspiracy (of one) theory, plaintiff continues to misrepresent the truth and distort facts. The

7    theory goes so far as to suggest that defense counsel tried to "control Fleming" and that Fleming

8    lied during her deposition, which is all part of a "coordinated attempt by Defendant to mislead

     Plaintiff." (Doc. 328, at pgs. 8, 12).[1]

9    As another example, plaintiff's motion states, "Throughout this process, Plaintiff has

10   received significant sanctions while defendants enjoyed their continues (sic) pattern of

11   misconduct and concealment… It is time to stop this practice for good." (Doc. 382, at pg. 15).

12   This is false and misleading. Plaintiff's many threats of sanctions have never been granted.

13   Defendants have adhered to the rules of discovery throughout the case. They have not

14   violated any Court orders. They are not, and never have been, engaged in a "coordinated attempt

15   to mislead Plaintiff." *Id*. None of the relief sought by plaintiff is justified. Plaintiff pushes an

16   unfounded theory based on conjecture. Defendants ask that the Court deny the motion for

17   sanctions.

18   II.    **STATEMENT OF FACTS**

19          a.  **Pre-Trial**

20   The underlying incident occurred on April 15, 2017. On January 18, 2021, 1,364 days

21   later, plaintiff served 65 separate requests for the production of documents. (Doc. 241). Among

22   other things, Plaintiff requested "communications" and "statements," but never specifically

23   requested emails. (See **Exhibit B**, attached to the Declaration of John Robinson). Nonetheless,

24   defendants performed a diligent email search.

25   Defense counsel contacted the City of Arcata ("City") IT Department. Counsel learned

26

27   _____

28   [1] Plaintiff goes so far as to argue that the Court has applied a "double standard." (Doc. 382, at pg. 15).

OPPOSITION TO PLAINTIFF'S
REQUEST FOR SANCTIONS
3:18-CV-04471

that, like many cities and municipalities, the City's retention policy for emails is two years. A representative from the City's IT Department conducted an internal email search.[2] The internal email search triggered over 1,300 emails, many of which were irrelevant to the existing claims.

Defendants timely responded to plaintiff's request for production of documents on February 22, 2021. (Doc. 190, at pg. 3). Relevant to the underlying motion, defendants produced all available documents pertaining to "the Arcata Police Department homicide investigation for the death of David Josiah Lawson," which were BATES stamped documents 1-2511, 3419-3420, 3434-3472, and 4457-4467. (See **Exhibit B** to the Declaration of John Robinson). Defendants also produced "emails and correspondence from Karen Diemer regarding the Lawson homicide" (BATES 3421-3433). *Id*.

Defendants' responses repeatedly informed plaintiff, "The Responding Party has also performed an email search from the City of Arcata related to the homicide investigation. Those documents have yet to be reviewed. If those emails are responsive, and non-privileged documents, those too will be produced." (See **Exhibit B** to the Declaration of John Robinson).

**Eight months later**, plaintiff sought to meet and confer. *Id*. That included one meet and confer, via Zoom, that plaintiff's counsel recorded but did not provide to defense counsel despite their request. Defendants ask that the Court order plaintiff to provide that recorded Zoom conversation to the Court and counsel.

Initially, the focus of plaintiff's meet and confer efforts was not emails, but rather quashing a subpoena to Judge Beeler.[3] On November 10, 2021, the parties submitted a joint letter regarding a discovery dispute about a subpoena to Judge Beeler. (See Doc. 187). Plaintiff did not discuss other discovery issues (*e.g.*, the withheld emails pursuant to the privilege log, **Exhibit A** attached to the Declaration of John Robinson). The parties submitted a second joint letter

---

[2] Plaintiff's counsel never proposed or sought expansion of the defendant's search terms. Had the email exchange between DA Fleming and Chief Chapman (email) been retained pursuant to the City's policy, the search terms used would have triggered the email at issue. This leads the defendants to believe that the email was purged pursuant to the policy prior to the internal email search being conducted.

[3] Judge Beeler was the settlement judge in this matter. She was a witness to the incident that forms the basis for the Ninth Cause of Action.

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

1   regarding a discovery dispute on November 19, 2021. (See Doc. 192). Once again, plaintiff did

2   not raise the issue of defendant's emails withheld pursuant to the privilege log. *Id*.

3       On March 3, 2022, the Court partially granted the defendant's motion for summary

4   judgment. (Doc. 233). Plaintiff had not moved to compel withheld discovery. In fact, plaintiff

5   never filed a formal motion to compel discovery.

6       It is worth noting that defense counsel produced a detailed privilege log. (See Docs. 237,

7   241-2; see also **Exhibit A** attached to the Declaration of John Robinson). The withheld

8   documents were all emails. They were separated into four categories: (1) "emails among the City

9   of Arcata's attorneys and members of the City of Arcata" (317 total emails); (2) "emails to and

10  from various members of the City of Arcata that pertain to the City of Arcata financial documents

11  that are unrelated to this case" (298 total emails); (3) "emails to and from various members of the

12  City of Arcata that pertain to City of Arcata miscellaneous documents that are unrelated to this

13  case" (613 total emails); and (4) "emails to and from various members of the City of Arcata that

14  pertain to the National Police Foundation report[4] regarding the Lawson homicide investigation

15  and the City's Responses to Humboldt County Civil Grand Jury's findings regarding the Lawson

16  homicide investigation." Again, the email at issue was not withheld because it was not in the

17  defendant's possession, custody, or control.

18      The parties met and conferred again on April 11, 2022. Discovery was already closed.

19  This time plaintiff sought production of the withheld emails in the privilege log (after the motion

20  for summary judgment Order was issued). Following the conversation, the parties reached an

21  agreement summarized in an email. The defense would produce the emails described in Category

22  No. 4 (see above; see also the privilege log attached as **Exhibit A** to the Declaration of John

23  Robinson). Further, plaintiff agreed that the emails listed in Category No. 2 need not be produced

24  or reviewed by Judge Ryu. (See Docs. 237, 241-3, 242).

25      After defendants produced the Category No. 4 emails months after discovery had closed,

26

27

28

---

[4] Defendants cited to the following as it pertains to the NPF report, "This is a public document that has been referred to in this case." Defendants also served plaintiff with a copy.

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

1  plaintiff's counsel changed course and demanded that defendants release all emails in the

2  privilege log. (See Docs. 237, 241-3). Counsel also sought to re-open discovery, reinstate claims

3  dismissed at summary adjudication, and have the Court issue sanctions against defendants. *Id*.

4      In a joint letter to Judge Ryu on April 20, 2022, plaintiff sought sanctions for alleged

5  improper tactics under Rule 37 and Rule 11. (See Doc. 237). No sanctions were imposed. *Id*.

6      On May 10, 2022, plaintiff sought to vacate the trial and "allow Plaintiff to recover

7  additional outstanding records and depose additional witnesses like Ms. Flemings (sic), other

8  assistant DAs and defendants." (See Doc. 241). As expected, plaintiff's counsel threatened that

9  she "will be seeking recovery of costs for depositions and sanctions against Defendants." *Id*. The

10  Court denied plaintiff's motion and went so far as to caution plaintiff, "he shall not file any

11  motion for costs or sanctions." (See Docs. 243, 245).

12      Months later, on August 16, 2022, plaintiff was permitted to depose Humboldt County

13  District Attorney Maggie Fleming (DA Fleming). DA Fleming's counsel was present for the

14  deposition. During the deposition, DA Fleming's counsel objected to plaintiff's request for

15  production of documents. (See **Exhibit E**, attached to the Declaration of John Robinson). Also,

16  DA Fleming testified that defense counsel did not "ask her to testify in a certain way" or "suggest

17  any factual information about [the] case." (See **Exhibit E**, attached to the Declaration of John

18  Robinson).

19      On September 15, 2022, at the final pretrial conference, the Court asked defense counsel

20  to ensure that all of the police reports pertaining to the Lawson investigation were produced.

21  (Doc. 338). Following the conference, the Court ordered, "Detective Losey's counsel shall

22  confirm with the police department that every report within the scope of what Mr. Zoellner

23  requested during discovery was properly produced." (See Docs. 306, 338). Defendant located and

24  immediately produced 16 supplemental police reports. (Doc. 338). Plaintiff conspires that the

25  production of the 16 supplemental police reports "was a decoy." (Doc. 382, at pg. 19).

26      The most recent of the 16 supplemental police reports was from September 20, 2022, only

27  five days after the Court ordered the defense to ensure no additional reports were available. The

28  Lawson homicide is an open criminal investigation. *Id*. The 21 pages of supplemental reports

neither prejudiced plaintiff for the pending cause of action (malicious prosecution) nor the

previously dismissed claims (false arrest, deliberate indifference to serious medical needs, and

*Monell*). *Id*. The documents were relevant to the criminal investigation of the Lawson homicide.

*Id*. However, none of the reports were drafted by Eric Losey, Devin Nilsen, or Todd Dokweiler.

*Id*. None of the reports undermined the probable cause to arrest and prosecute Kyle Zoellner. *Id*.

All the newly discovered reports came years after he was arrested, charged, and the case was

dismissed. *Id*.

b. **Trial**

At trial, DA Fleming testified that she had an email exchange with Chief Chapman on

April 19, 2017. (See **Exhibit C** attached to the Declaration of John Robinson). The Court ordered

defense counsel to obtain a copy of the email from DA Fleming's attorney. Defense counsel *for*

*the first time* obtained and reviewed the email (**Exhibit D**, attached to the Declaration of John

Robinson). It was immediately provided to plaintiff's counsel. The email was later marked as an

exhibit and was among the evidence submitted to the jury.  Plaintiff used the email evidence for

her arguments to the jury.

The one-sentence email was from Chief Chapman to DA Fleming on Wednesday, April

19, 2017.[5] (See **Exhibit D**, attached to the Declaration of John Robinson). DA Fleming sent Chief

Chapman an email titled "RE: I do need the reports ASAP". *Id*. DA Fleming's email did not

contain a message in the body, only her signature block. *Id*. Chief Chapman replied 34 minutes

later, "Jason Martinez, Elijah Chandler and Keaundrey Clark provide statements placing Zoellner

as suspect." *Id*.

Plaintiff has long known about Jason Martinez, Elijah Chandler and Keaundrey Clark.

Plaintiff has long known that their statements implicated Zoellner. Notwithstanding any

credibility arguments, the Chief's one-sentence message to DA Fleming was not new

---

[5] Assuming the retention period was two years, this email would have been purged on April 19, 2019. Defendants produced many emails, including those from the current APD Chief of Police (Brian Ahearn) to Maggie Fleming. (See Doc. 241-1; Exhibit A). These emails were from 2020, underscoring that the Defendants sought and collected emails involving the case, but the retention period did not capture the email at issue, which was sent in April 2017.

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

information. It was simply not something plaintiff (or defense counsel) knew was sent via email almost four years before plaintiff served a request for the production of documents.

III.     **RULE 37 AND RULE 11 DO NOT APPLY**

Plaintiff cites Rule 37 and Rule 11. Neither apply.

a.     **FRCP Rule 37**

FRCP Rule 37 concerns a party's failure to make disclosures or to cooperate in discovery. Plaintiff moves for sanctions under Rule 37(c)(1), entitled, "Failure to Disclose or Supplement."

Rule 37(c)(1) stated, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

        (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

        (B) may inform the jury of the party's failure; and

        (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." (FRCP Rule 37(c)(1)).

Plaintiff alleges that the defendants improperly withheld (1) an email exchange between DA Fleming and Chief Chapman days after the homicide; and (2) 16 supplemental police reports obtained after the Court ordered the defendants to conduct a follow-up search for additional police reports in the ongoing murder investigation. Defendants adhered to Rule 26(a) because they were not required to provide this information in their initial (or supplemental) disclosures— defendants neither used nor relied upon this information at trial. The defendants learned about the email and the 16 supplemental reports *after the* trial started.

Rule 26(e) requires a party to supplement or correct a disclosure or response to discovery:

        "(A) in a timely manner **if the party learns that in some material respect the disclosure or response is incomplete or incorrect**, and if the additional or corrective information has not otherwise been made known to the other parties

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

1   during the discovery process or in writing; or

2   (B) as ordered by the court." (FRCP Rule 26(e)(1)).

3   Defendants adhered to Rule 26(e) because, again, the defendants did not use or attempt to

4   introduce these exhibits at trial. Regardless, the failure to disclose these materials was both

5   substantially justified and harmless.

6   i.   *Substantially Justified*

7   As explained in the statement of facts, defendants did not possess the email between DA

8   Fleming and Chief Chapman (**Exhibit D**, attached to the Declaration of John Robinson) that

9   occurred days after the murder.

10   Plaintiff argues that he was "precluded [from] conduct[ing] proper discovery." (Doc. 382,

11   at pg. 19). This is wrong. Plaintiff served discovery 1,364 days after the incident (almost four

12   years later). Most requests were vague and unduly burdensome. Nonetheless, defendants

13   complied with their discovery obligations. Plaintiff did not seek to obtain the withheld and

14   protected emails until discovery closed and after the motion for summary judgment had been

15   decided. He never filed a motion to compel. Nonetheless, defense counsel produced the emails

16   because they wanted to avoid more needless delays. And again, *defendants never possessed the*

17   *email at issue until DA Fleming's counsel provided it during trial*.

18   As to the 16 supplemental police reports, defendants produced all available incident-

19   related police reports. Because this is an ongoing homicide investigation, 21 pages of

20   supplemental reports were generated after the initial production of documents. The most recent

21   report among the 16 supplemental reports was from September 22, 2022.

22   ii.   *Harmless (No Prejudice)*

23   Plaintiff argues that he was unfairly prejudiced because he did not possess the email

24   exchange between Fleming and Chapman before trial. However, plaintiff suffered no harm for at

25   least six reasons. First, the jury returned a verdict in his favor. Although the Court found probable

26   cause after the jury returned a verdict, the email is completely irrelevant to the Court's

27   determination of probable cause. Even if Chief Chapman was a defendant for malicious

28   prosecution and the jury found that he too maliciously prosecuted Kyle Zoellner, probable cause

- 8 -

1    would still exist.

2        Second, defendants did not possess the email. Third, plaintiff used and introduced the

3    email as an exhibit in the trial. Fourth, the email exchange did not involve or mention the sole

4    defendant – Eric Losey. Fifth, plaintiff did not attempt to serve DA Fleming with a request

5    production of documents until after the close of discovery. Sixth, Chief Chapman's one-sentence

6    email to DA Fleming was not in dispute (*i.e.*, Chief Chapman, Losey, Dokweiler, and the APD

7    believed that the witnesses mentioned gave statements placing Zoellner as the suspect).

8        As to the 21 pages of supplemental police reports, plaintiff possessed but did not use the

9    supplemental reports in trial. Plaintiff did mark the supplemental reports as an exhibit; plaintiff

10   did not ask any witness any questions about the reports.

11       Plaintiff seems to argue that had he possessed the reports before trial, the outcome would

12   have been different – or plaintiff would have deposed additional witnesses named in the

13   supplemental reports. However, none of the witnesses mentioned in the reports indicated that they

14   observed the incident (*i.e.*, no persons mentioned in the supplemental reports were percipient

15   witnesses to the murder). (See Doc. 341). Regardless, defendant disclosed 65 civilian witnesses in

16   his Rule 26 Disclosures; plaintiff chose not to depose a single percipient witness.

17           iii.    *Analysis*

18       Plaintiff was not prejudiced – the jury returned a verdict in his favor. However, neither the

19   email nor the 16 supplemental reports undermine the Court's finding of probable cause.

20       Defendants never possessed the April 19, 2017 email between DA Fleming and Chief

21   Chapman. Defendants cannot produce what they don't have. Upon learning that there were 16

22   supplemental reports in the ongoing murder investigation, those reports were immediately

23   produced. Nonetheless, plaintiff did not use or rely on these reports in trial. In fact, plaintiff did

24   not mention a single sentence from the supplemental reports in his motion for sanctions. That is

25   because they contained no useful or admissible information. Had the supplemental reports been

26   the "smoking gun" plaintiff makes them out to be, certainly he would have mentioned them in

27   trial. He did not.

28       Plaintiff claims that defendants have shown a "pattern of misconduct" that equates to a

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

OPPOSITION TO PLAINTIFF'S
REQUEST FOR SANCTIONS
3:18-CV-04471

1   "general miscarriage of justice." (Doc. 382, at pg. 13). As support, plaintiff cited *Hausman v.*

2   *Holland Am. Line-U.S.A.*, 2016 WL 51273, at *10 (W.D. Wash. Jan. 5, 2016). (Doc. 382, at pg.

3   13). In *Holland*, the defense learned two weeks after trial that the plaintiff deleted and/or failed to

4   disclose emails known to be relevant, (2) tampered with witness testimony, (3) fabricated or

5   exaggerated his alleged injuries, and (4) perjured himself at trial. *Id*., at 2. *Holland* does not

6   apply.

7           Assuming the Court were to consider sanctions, "the Court must examine intent." Fed. R.

8   Civ. P. 37(e)(2)(B); Fed. R. Civ. P. 37(e); *Colonies Partners, L.P. v. Cnty. of San Bernardino*,

9   No. 518CV00420JGBSHK, 2020 WL 1496444, at *9 (C.D. Cal. Feb. 27, 2020), report and

10  recommendation adopted, No. 518CV00420JGBSHK, 2020 WL 1491339 (C.D. Cal. Mar. 27,

11  2020). Here, defense counsel has shown a pattern of patience and diligence.[6] Despite the constant

12  threat of sanctions and plaintiff's counsel filing an unfounded complaint with the State Bar,

13  defendants and their attorneys met their obligations and often compromised to expedite the

14  process.

15          "Courts also consider the timing of the document loss when evaluating intent." *Colonies*

16  *Partners, L.P. v. Cnty. of San Bernardino*, No. 518CV00420JGBSHK, 2020 WL 1496444, at *9

17  (C.D. Cal. Feb. 27, 2020), report and recommendation adopted, No. 518CV00420JGBSHK, 2020

18  WL 1491339 (C.D. Cal. Mar. 27, 2020). Plaintiff, acting *pro se*, filed his initial Complaint (Doc.

19  19) on December 11, 2018. He alleged five causes of action, which did not include *Monell* or any

20  other cause of action that would suggest the need to preserve a one-sentence email to the DA

21  stating what is (and has always been) undisputed – that law enforcement believed witnesses

22  placed Kyle Zoellner as the suspect. "A party's destruction of evidence qualifies as willful

23  spoliation if the party has some notice that the documents were potentially relevant to the

24

25  _____

26  [6] In *DISH NETWORK L.L.C.*, the court found that "[t]he plaintiff has not shown that the
    defendants intentionally destroyed the emails." *DISH NETWORK L.L.C., Plaintiff, v. JADOO TV,*
    *INC., et al., Defendants. Additional Party Names: Haseeb Shah, Sajid Sohail*, No. 20-CV-01891-

27  CRB (LB), 2022 WL 11270394, at *1 (N.D. Cal. Oct. 19, 2022). The failure to preserve an email
    sent two days after the murder, based on the 2-year retention period, is understandable and not

28  grossly negligent.

OPPOSITION TO PLAINTIFF'S
REQUEST FOR SANCTIONS
3:18-CV-04471

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

litigation before they were destroyed." *Burris v. JPMorgan Chase & Co.*, 566 F. Supp. 3d 995 (D. Ariz. 2021).

Defendants timely performed an internal email search and plaintiff never moved to compel the emails withheld.

b. **FRCP Rule 11**

Rule 11 does not apply. Rule 11(c) allows a court to impose *appropriate* sanctions when an attorney or party violates Rule 11(b):

> "(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

Plaintiff's motion fails to "describe the specific conduct that allegedly violates Rule 11(b)." FRCP Rule 11(c)(2). There are no *facts* to support the theory that defendants or their attorneys violated FRCP Rule 11(b)(1)-(4). Plaintiff's allegations are not that defendants provided inaccurate information, but rather that defendants failed to disclose relevant evidence. Therefore, FRCP Rule 11 does not apply.

IV.   **THE RELIEF SOUGHT IS UNWARRANTED**

Based on conjecture and conspiracy theories, plaintiff seeks sanction "against all parties in two forms." (Doc. 382, at pg. 17). First, plaintiff seeks to uproot the Court's probable cause determination. (Doc. 382, at pg. 17). Plaintiff seeks to baselessly penalize Eric Losey by "exlcud[ing] any arguments or … evidence relating to the existence of probable cause." (Doc. 382, at pg. 17). In other words, plaintiff asks the Court to pretend that there are no facts to warrant

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

OPPOSITION TO PLAINTIFF'S
REQUEST FOR SANCTIONS
3:18-CV-04471

1   the Court's probable cause determination.[7]

2       Second, Plaintiff seeks an entry of default judgment against all defendants on Count 9.

3   (Doc. 382, at pg. 17). Aside from false claims that defendants failed to comply with discovery

4   rules, plaintiff provides no explanation or basis for the Court to grant such extreme relief. (Doc.

5   382, at pg. 16). "A terminating sanction, [under Rule 37(e)(2)(C),] whether default judgment

6   against a defendant or dismissal of a plaintiff's action, [however,] *is very severe.*" *Connecticut*

7   *Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (emphasis

8   added). Terminating sanctions against a party accused of spoliation, however, are appropriate

9   when the Court finds "willfulness, fault, or bad faith." *Leon v. IDX Systems Corp*, 464 F.3d 951,

10  958 (9th Cir. 2006). Any spoilation was not done willfully, with fault, or in bad faith.

11      Third, plaintiff seeks sanctions against "non-parties." (Doc. 382, at pg. 17). Plaintiff does

12  not expressly state who the non-parties are, but suggests that person is Maggie Fleming. *Id.*

13  Defendants are not involved in this dispute; however, it must be noted that the allegations that

14  defendant's counsel somehow engaged in a conspiracy with DA Fleming before her deposition is

15  absurd. (See **Exhibit E**, portions of DA Fleming's deposition transcript, attached to the

16  Declaration of John Robinson). Plaintiff's counsel has been unsuccessful in obtaining documents

17  from the District Attorney's Office long before DA Fleming's deposition. (See Doc. 111-1, filed

18  on March 3, 2021).

19      Fourth, plaintiff seeks monetary sanctions "against counsel." (Doc. 382, at pg. 17). She

20  seeks $40,125,000 despite allegedly incurring $24,125 in attorney's fees. (Doc. 382, at pg. 17;

21  Doc. 382-1, at ¶ 17). Even if the Court is inclined to grant sanctions, this amount is irrational.[8]

22  ///

23  ///

24  ///

25

26  _____
    [7] The email is completely irrelevant to probable cause.

27  [8] The beginning of defense counsel's law firm – Castillo, Moriarty, Tran & Robinson (CMTR) –
    coincides with the start of this trial. CMTR began on October 1, 2022. The firm will have

28  difficulty paying any sanction, certainly 40 million dollars.

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

OPPOSITION TO PLAINTIFF'S
REQUEST FOR SANCTIONS
3:18-CV-04471

V.    **CONCLUSION**

Based on the foregoing, defendants respectfully request that the Court deny plaintiff's motion for sanctions.

Respectfully submitted,

Dated:  October 31, 2022

CASTILLO, MORIARTY,
TRAN & ROBINSON, LLP

By:  _/s/ John B. Robinson_
PATRICK D. MORIARTY
JOHN B. ROBINSON
Attorneys for Defendants
ERIC LOSEY

OPPOSITION TO PLAINTIFF'S
REQUEST FOR SANCTIONS
3:18-CV-04471