1   PATRICK D. MORIARTY, State Bar No. 213185
    pmoriarty@cmtrlaw.com
2   JOHN B. ROBINSON, State Bar No. 297065
    jrobinson@cmtrlaw.com
3   CASTILLO, MORIARTY, TRAN & ROBINSON
    75 Southgate Avenue
4   Daly City, CA  94015
    Telephone:      (415) 213-4098
5
    Attorneys for Defendant
6   ERIC LOSEY

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10  KYLE CHRISTOPHER ZOELLNER,              Case No. 3:18-cv-04471-JSC

11                         Plaintiff,       **DECLARATION OF JOHN ROBINSON IN**
                                            **SUPPORT OF DEFENDANT'S OPPOSITION**
12            v.                            **TO PLAINTIFF'S REQUEST FOR**
                                            **SANCTIONS**
13  CITY OF ARCATA, City of Arcata's
    Police Chief THOMAS CHAPMAN, City       Hon. Jacqueline Scott Corley
14  of Arcata's City Manager, KAREN
    DIEMER, City of Arcata Vice Mayor       Date: December 1, 2022
15  SOPHIA PEREIRA, Arcata Police Sgt.      Time: 10:00 a.m.
    TODD DOKWEILER, Arcata Police
16  Officer ERIC LOSEY, Arcata Police
    Officer DEVIN NELSON, Arcata Police
17  Officer KRYSTLE ARMINIO, Arcata
    Police Officer JACOB MCKENZIE, and
18  DOES 1-81 INDIVIDUALLY AND IN
    THEIR OFFICIAL CAPACITIES AS A
19  POLICE OFFICER FOR THE CITY OF
    ARCATA,
20
                           Defendants.
21

22        I, JOHN B. ROBINSON, declare as follows:

23        1.      I am an attorney at law and duly licensed to practice before all courts of the State

24  of California and before the United States District Court for the Northern District of California.  I

25  am an attorney with the firm of Castillo, Moriarty, Tran, & Robinson, attorneys of record for the

26  Defendant.

27        2.      I have personal knowledge of the following facts and could testify competently to

28  them.

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

DECLARATION OF JOHN ROBINSON IN
SUPPORT OF OPPOSITION TO
PLAINTIFF'S REQUEST FOR SANCTIONS
3:18-CV-04471

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

3. Attached as **Exhibit A** is a true and correct copy of the defendant's privilege log created on November 3, 2021.

4. Attached as **Exhibit B** is a true and correct copy of DEFENDANT CITY OF ARCATA'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE.

5. Attached as **Exhibit C** and **Exhibit E** are true and correct copies of the relevant portions of the trial testimony from DA Maggie Fleming.

6. Attached as **Exhibit D** is a true and correct copy of the email exchange between DA Fleming and Chief Chapman on April 19, 2017. The document was provided to defense counsel by DA Fleming's counsel following her testimony at trial.

7. Attached as **Exhibit E** are true and correct copies of the relevant portions of the deposition testimony from DA Maggie Fleming.

8. On January 18, 2021, plaintiff served 65 separate requests for the production of documents. (Doc. 241). Among other things, Plaintiff requested "communications" and "statements," but never specifically requested emails. (See **Exhibit B**). Nonetheless, defendants performed a diligent emails search.

9. Defense counsel contacted the City of Arcata ("City") IT Department. Counsel learned that, like many cities and municipalities, the City of Arcata's retention policy for emails is two years. An employee from the City's IT Department conducted an internal email search. The internal email search triggered over 1,300 emails, many of which were irrelevant to the existing claims.

10. Despite knowing and being informed that an email search was conducted, plaintiff's counsel never proposed or sought expansion of the defendant's search terms.

11. Had the email exchange between DA Fleming and Chief Chapman (Email) been retained pursuant to the City's policy, the search terms used would have triggered the email at issue. This leads defense counsel to believe that the email was purged pursuant to the policy prior to the internal email search conducted.

DECLARATION OF JOHN ROBINSON IN SUPPORT OF OPPOSITION TO PLAINTIFF'S REQUEST FOR SANCTIONS
3:18-CV-04471

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

12.     Defendants timely responded to plaintiff's request for production of documents on February 22, 2021. (See Doc. 190, at pg. 3). Relevant to the underlying motion, defendants produced all available documents pertaining to "the Arcata Police Department homicide investigation for the death of David Josiah Lawson," which were BATES stamped documents 1-2511, 3419-3420, 3434-3472, and 4457-4467. (See **Exhibit B**). Defendants also produced "emails and correspondence from Karen Diemer regarding the Lawson homicide" (BATES 3421-3433).

13.     Defendants' responses repeatedly informed plaintiff, "The Responding Party has also performed an email search from the City of Arcata related to the homicide investigation. Those documents have yet to be reviewed. If those emails are responsive, and non-privileged documents, those too will be produced." (See **Exhibit B**).

14.     Eight months later, plaintiff sought to meet and confer. That included one meet and confer, via Zoom, that plaintiff's counsel recorded but did not provide to defense counsel despite their request.

15.     Initially, the focus of plaintiff's meet and confer efforts was not emails, but rather quashing a subpoena to Judge Beeler. In fact, on November 10, 2021, the parties submitted a joint letter regarding a discovery dispute about a subpoena to Judge Beeler. (See Doc. 187). Plaintiff did not discuss other discovery issues (*e.g.*, the withheld emails pursuant to the privilege log, **Exhibit A** attached to this Declaration).

16.     The parties submitted a second joint letter regarding a discovery dispute on November 19, 2021. (See Doc. 192). Once again, plaintiff did not raise the issue of defendant's emails withheld pursuant to the privilege log. *Id.*

17.     On March 3, 2022, the Court partially granted the defendant's motion for summary judgment. (Doc. 233).

18.     The parties met and conferred again on April 11, 2022. Discovery was already closed. This time plaintiff sought production of the withheld emails in the privilege log (after the motion for summary judgment Order was issued). Following the conversation, the parties reached an agreement summarized in an email. The defense would produce the emails summarized in

DECLARATION OF JOHN ROBINSON IN SUPPORT OF OPPOSITION TO PLAINTIFF'S REQUEST FOR SANCTIONS
3:18-CV-04471

1    Category No. 4 (see **Exhibit A**). Further, plaintiff agreed that the emails listed in Category No. 2

2    need not be produced or reviewed by Judge Ryu. (See Docs. 237, 241-3, 242).

3        19.    After defendants produced the Category No. 4 emails months after discovery had

4    closed, plaintiff's counsel demanded that defendants release all emails in the privilege log. (See

5    Docs. 237, 241-3). Counsel also sought to re-open discovery, reinstate claims dismissed at

6    summary adjudication, and have the Court issue sanctions against defendants.

7        20.    In a joint letter to Judge Ryu on April 20, 2022, plaintiff sought sanctions for

8    alleged improper tactics under Rule 37 and Rule 11. (See Doc. 237). No sanctions were imposed.

9        21.    On May 10, 2022, plaintiff sought to vacate the trial and "allow Plaintiff to recover

10   additional outstanding records and depose additional witnesses like Ms. Flemings (sic), other

11   assistant DAs and defendants." (See Doc. 241). As expected, plaintiff's counsel stated that she

12   "will be seeking recovery of costs for depositions and sanctions against Defendants." *Id*. The

13   Court denied plaintiff's motion and went so far as to inform plaintiff, "he shall not file any

14   motion for costs or sanctions." (See Docs. 243, 245).

15       22.    Months later, plaintiff was allowed to depose Humboldt County District Attorney

16   Maggie Fleming. Fleming was deposed on August 16, 2022. Her counsel was present for the

17   deposition and objected to plaintiff's request for production of documents.

18       23.    On September 15, 2022, at the final pretrial conference, the Court asked counsel

19   for defendant to ensure that all of the police reports pertinent to the Lawson investigation were

20   produced. (Doc. 338). Following the conference, the Court ordered, "Detective Losey's counsel

21   shall confirm with the police department that every report within the scope of what Mr. Zoellner

22   requested during discovery was properly produced." (See Docs. 306, 338). Defendant located and

23   immediately produced 21 pages of supplemental police reports. (Doc. 338).

24       24.    The most recent of the 16 supplemental police reports was from September 20,

25   2022, only five days after the Court ordered the defense to ensure no additional reports were

26   available. None of the reports were drafted by Eric Losey, Devin Nilsen or Todd Dokweiler.

27   None of the reports undermined the probable cause to arrest and prosecute Kyle Zoellner. All the

28   newly discovered reports came years after he was arrested, charged, and the case was dismissed.

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

DECLARATION OF JOHN ROBINSON IN
SUPPORT OF OPPOSITION TO
PLAINTIFF'S REQUEST FOR SANCTIONS
3:18-CV-04471

25.     The Lawson homicide is an open criminal investigation.

26.     At trial, DA Fleming testified that she had an email exchange with Chief Chapman on April 19, 2017. (See **Exhibit C**). The Court ordered defense counsel to obtain a copy of the email from DA Fleming's attorney. Defense counsel *for the first time* obtained and reviewed the Email (**Exhibit D**). It was immediately provided to plaintiff's counsel. The email was later marked as an exhibit and shown to the jury.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed on October 31, 2022, at Daly City, CA.

  /s/ *John B. Robinson* _____
John Robinson

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

DECLARATION OF JOHN ROBINSON IN
SUPPORT OF OPPOSITION TO
PLAINTIFF'S REQUEST FOR SANCTIONS
3:18-CV-04471

# EXHIBIT A

# ALLEN, GLAESSNER, HAZELWOOD &WERTH, LLP

ATTORNEYS

180 Montgomery Street, Suite 1200
San Francisco, California 94104

Telephone (415) 697-2000
Facsimile (415) 813-2045
E-Mail: dallen@aghwlaw.com

The following is a privilege log prepared by Patrick Moriarty in reference to *Kyle Zoellner v. City of Arcata et al.* (Case No. 1:18-cv-04471-EMC).  This privilege log was created on November 3, 2021.  All documents listed are now in the possession of Allen, Glaessner, Hazelwood & Werth, LLP.

| Apprx. file size | Number of Emails | Authors | Recipients | Privilege | Description |
|---|---|---|---|---|---|
| 245 MB | 317 | Numerous | Numerous | Privacy; Relevance; Official Information Privilege; Welfare & Institutions Code § 5328 | These are emails among the City of Arcata's attorneys and members of the City of Arcata |
| 661 MB | 298 | Numerous | Numerous | Privacy; Relevance; Official Information Privilege; Welfare & Institutions Code § 5328 | These are emails to and from various members of the City of Arcata that pertain to City of Arcata financial documents that are unrelated to this case. |
| 1.31 GB | 613 | Numerous | Numerous | Privacy; Relevance; Official Information Privilege; Welfare & Institutions Code § 5328 | These are emails to and from various members of the City of Arcata that pertain to City of Arcata miscellaneous documents that are unrelated to this case. |
| 50.3 MB | 52 | Numerous | Numerous | Privacy; Relevance; Official Information Privilege; Welfare & Institutions Code § 5328 | These are emails to and from various members of the City of Arcata that pertain to the National Police Foundation report[1] regarding the Lawson homicide investigation and the City's Responses to Humboldt County Civil Grand Jury's findings[2] regarding the Lawson homicide investigation. |

---

[1] This is a public document that has been referred to in this case; Defendants serve a courtesy copy now.
[2] This is a public document that has been referred to in this case; Defendants serve a courtesy copy now.

416338.1

# EXHIBIT B

1   DALE L. ALLEN, JR., State Bar No. 145279
    dallen@aghwlaw.com
2   PATRICK MORIARTY, State Bar No. 213185
    pmoriarty@aghwlaw.com
3   JOHN B. ROBINSON, State Bar No. 297065
    jrobinson@aghwlaw.com
4   ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
    180 Montgomery Street, Suite 1200
5   San Francisco, CA 94104
    Telephone:    (415) 697-2000
6   Facsimile:    (415) 813-2045

7   Attorneys for Defendant
    CITY OF ARCATA

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  KYLE C. ZOELLNER,                    Case No. 1:18-cv-04471-EMC

12                    Plaintiff,         **DEFENDANT CITY OF ARCATA'S**
                                         **RESPONSE TO PLAINTIFF'S REQUEST**
13          v.                           **FOR PRODUCTION OF DOCUMENTS, SET**
                                         **ONE**
14  CITY OF ARCATA, CITY OF ARCATA
    POLICE DEPARTMENT'S CHIEF OF         Hon. Edward M. Chen
15  POLICE TOM CHAPMAN IN HIS
    INDIVIDUAL CAPACITY AND DOES
16  1-53 INDIVIDUALLY AND IN THEIR
    OFFICIAL CAPACITIES AS A POLICE
17  OFFICER FOR THE CITY OF
    ARCATA,
18
                      Defendants.
19

20

21  PROPOUNDING PARTY:    Plaintiff KYLE C. ZOELLNER

22  RESPONDING PARTY:     Defendant CITY OF ARCATA

23  SET NO.:              ONE

24  **TO:   PLAINTIFF KYLE C. ZOELLNER AND TO HIS ATTORNEY OF RECORD:**

25          Pursuant to *Federal Rule of Civil Procedure 34*, Defendant City of Arcata responds to

26  Plaintiff Kyle C. Zoellner's Request for Production of Documents (Set One).

27  ///

28

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

*(left margin, vertical text)* ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

424858.1

/// 

## **GENERAL OBJECTIONS**

1. The documents produced are solely for the purpose of this action, and not for the purpose of any other action, including any other action pending between some or all of the parties.  Each document is subject to all obligations as to confidence, relevance, materiality, privilege and admissibility, and any and all other objections and grounds which would require the exclusion of any document produced in Court, all objections and grounds of which are reserved and may be interposed at the time of trial.

2. No incidental or implied admissions are intended by the production of these documents.  The fact that Defendant has produced any given document should not be taken as an admission that Defendant accepts or admits the existence of any facts or that such documents constitute admissible evidence.  The fact that Defendant produces any document hereunder is not intended, and shall not be construed to be, a waiver by Defendant of all, or any part, of any objection to the Request for Production of Documents on file herein.

3. Defendant has not completed its investigation of the facts relating to this case, has not completed its discovery in this action, and has not completed its preparation for trial. Defendant has made a reasonable search of its records and the documents produced are produced with the intention that they are produced without prejudice to Defendant's right to voluntarily provide subsequently discovered, unobjectionable documents.

4. Be advised that all responses hereto and all documents to be produced in accordance with the document request are without prejudice to Defendant's right to obtain, produce or use at trial any document not currently in Defendant's possession, but subsequently obtained from any other source.

5. In addition to any specific objections which may be made on an individual basis in the separate responses set forth below, Defendant objects generally to each request to the extent that it seeks documents subject to and protected by the attorney-client privilege, the attorney work-product doctrine, the privilege to refuse to disclose trade secrets, or any other applicable

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

424858.1

privilege or protection.  Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege or protection.

6.      In addition to any specific objections which may be made on an individual basis in the separate responses set forth below, Defendant objects generally to each request to the extent it seeks to elicit documents subject to and protected by the constitutional right to privacy.

7.      These responses are made solely for the purpose of this action.  Each response is made subject to and without waiving all objections to competence, authenticity, relevance, materiality, propriety, admissibility and any and all other objections and grounds which would or could require or permit the exclusion of any document or statement therein from evidence, all of which objections and grounds are reserved or may be interposed in further proceedings and at the time of trial.

8.      Any statement made herein of an intent to produce documents is not, and shall not be deemed, an admission of any factual or legal contention contained in any request.  Defendant objects to each request to the extent that it contains any statements which are factually or legally incorrect or inaccurate.

9.      Defendant objects to each request and instruction to the extent that it seeks the production of documents that are neither relevant to the subject matter of this action nor are reasonably calculated to lead to the discovery of admissible evidence.

10.     Defendant objects to each request and instruction to the extent that it purports to impose obligations on Defendant in excess of or different from those imposed by the Federal Rules of Civil Procedure and other applicable law or rules.

11.     Defendant objects to each request and instruction to the extent it seeks documents that are (a) publicly available to Plaintiffs and Plaintiffs' counsel; (b) already in Plaintiffs possession, custody or control; (c) in Defendant's possession only because produced by another party in this litigation; or (d) not within Defendant's possession, custody or control.

12.     Defendant objects to each request and instruction to the extent that it contains terms which are undefined, vague and ambiguous.  By producing the documents herein,

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

**ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP**
180 Montgomery Street, Suite 1200
San Francisco, California 94104

424858.1

1   Defendant is not giving its permission that the documents produced may be used for any purpose,

2   other than for use in this litigation.

3                    **RESPONSES TO REQUESTS FOR PRODUCTION**

4   **REQUEST FOR PRODUCTION NO. 1:**

5          Produce any and all documents, correspondence and/or communications including but not

6   limited to audit trails which Defendants either received from or provided to any entity, or

7   individual which Discuss, Reference or Mention Plaintiff.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

9          Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not

10   proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*,

11   No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). In addition,

12   some of the categories and description herein lack foundation. For example, "audit trail" is

13   described as dealing with "consumer credit information" and "entity" is not defined. Furthermore,

14   this Request also calls for privileged documents under the Attorney-Client Privilege (*see Fed.*

15   *Rule of Evid. 502*). The Request is also unduly burdensome.

16          Without waiving those objections, Responding Party produces the Arcata Police

17   Department homicide investigation for the death of David Josiah Lawson.  The corresponding

18   BATES stamped documents are 1-2511, 3419-3420, 3434-3472, 4457-4467.  Responding Party

19   produces the preliminary hearing transcript for the Lawson criminal case.  The corresponding

20   BATES stamped documents are 2512-3408.  The Responding Party produces emails and

21   correspondence from Karen Diemer regarding the Lawson homicide.  The corresponding BATES

22   stamped documents are 4730-4839.  The Responding Party also has performed an email search

23   from the City of Arcata related to the homicide investigation.  Those emails have yet to be

24   reviewed.  If those emails are responsive, and non-privileged documents, those too will be

25   produced.

26   **REQUEST FOR PRODUCTION NO. 2:**

27          Produce any and all documents, correspondence and/or communications including but not

28   limited to audit trails which Defendants either received from or provided to any entity, or

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

424858.1

1    individual which Discuss, Reference or Mention David Josiah Lawson.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

3        Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not

4    proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*,

5    No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). In addition,

6    some of the categories and description herein lack foundation. For example, "audit trail" is

7    described as dealing with "consumer credit information" and "entity" is not defined. Furthermore,

8    this Request also calls for privileged documents under the Attorney-Client Privilege (*see Fed.*

9    *Rule of Evid. 502*). The Request is also unduly burdensome.

10        Without waiving those objections, Responding Party produces the Arcata Police

11    Department homicide investigation for the death of David Josiah Lawson.  The corresponding

12    BATES stamped documents are 1-2511, 3419-3420, 3434-3472, 4457-4467.  Responding Party

13    produces the preliminary hearing transcript for the Lawson criminal case.  The corresponding

14    BATES stamped documents are 2512-3408.  The Responding Party produces emails and

15    correspondence from Karen Diemer regarding the Lawson homicide.  The corresponding BATES

16    stamped documents are 4730-4839.  The Responding Party produces APD 17-0206.  The

17    corresponding BATES stamped documents are 3421-3433.  The Responding Party also has

18    performed an email search from the City of Arcata related to the homicide investigation.  Those

19    emails have yet to be reviewed.  If those emails are responsive, and non-privileged documents,

20    those too will be produced.

21    **REQUEST FOR PRODUCTION NO. 3:**

22        Produce un-redacted copy of all any and all arrest records relating to Plaintiff.

23    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

24        Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not

25    proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*,

26    No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015).

27        Without waiving those objections, Responding Party produces the Arcata Police

28    Department arrest records for Plaintiff.  The corresponding BATES stamped documents are 501-

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

424858.1

1    521.

2    **REQUEST FOR PRODUCTION NO. 4:**

3         Produce un-redacted copy of all any and all records relating, discussing, mentioning or

4    pertaining to David Josiah Lawson.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

6         Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not

7    proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*,

8    No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). Furthermore,

9    this Request seeks information protected by the Official Information Privilege as disclosure of the

10   requested documents, assuming they exists, may interfere with the operations of the Arcata Police

11   Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v.*

12   *City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667

13   (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.

14   This Request also calls for privileged documents under the Attorney-Client Privilege (*see Fed.*

15   *Rule of Evid. 502*). The Request is also unduly burdensome.

16        Without waiving those objections, Responding Party produces the Arcata Police

17   Department homicide investigation for the death of David Josiah Lawson.  The corresponding

18   BATES stamped documents are 1-2511, 3419-3420, 3434-3472, 4457-4467.  Responding Party

19   produces the preliminary hearing transcript for the Lawson criminal case.  The corresponding

20   BATES stamped documents are 2512-3408.  The Responding Party produces emails and

21   correspondence from Karen Diemer regarding the Lawson homicide.  The corresponding BATES

22   stamped documents are 4730-4839.  The Responding Party produces APD 17-0206.  The

23   corresponding BATES stamped documents are 3421-3433.  The Responding Party also has

24   performed an email search from the City of Arcata related to the homicide investigation.  Those

25   emails have yet to be reviewed.  If those emails are responsive, and non-privileged documents,

26   those too will be produced.

27   **REQUEST FOR PRODUCTION NO. 5:**

28        Produce any and all documents including but not limited to audit trails  pertaining to

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

424858.1

1  Defendants that have been deemed confidential internal or intelligence documents, including but

2  not limited to documents from the Police Oversight Commission, Internal Affairs, and Internal

3  Review Office, personnel files and all documents which have been purged from any file

4  pertaining to Defendants.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

6       Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not

7  proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*,

8  No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). In addition,

9  some of the categories and description herein lack foundation. For example, "audit trail" is

10  described as dealing with "consumer credit information." Furthermore, this Request also calls for

11  privileged documents under the Attorney-Client Privilege (*see Fed. Rule of Evid. 502*). This

12  Request also seeks information protected by the Official Information Privilege as disclosure of

13  the requested documents, assuming they exists, may interfere with the operations of the Arcata

14  Police Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See*

15  *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132

16  F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code §

17  1043 et seq. The Request is also unduly burdensome.

18       For the foregoing reasons, Responding Party shall not release documents responsive to

19  this Request. Responding Party seeks an opportunity to meet and confer to discuss exactly what

20  relevant documents Plaintiff is seeking before attempting to comply with this Request.

21  **REQUEST FOR PRODUCTION NO. 6:**

22       Produce copies of all audio tapes, belt tapes, photographs or video tapes regarding any

23  aspect of the April 15, 2017 and/or April 16, 2017.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

25       Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not

26  proportional to the needs of the case. In addition, some of the categories and description herein

27  lack foundation. For example, "belt tapes" are not defined and Plaintiff's request appears to seek

28  any recording from April 15, 2017 and/or April 16, 2017, even if that recording has nothing to do

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

1   with the underlying incident (e.g., a non-related traffic stop of a person not involved with the

2   underlying incident).

3       Furthermore, this Request calls for privileged documents under the Attorney-Client

4   Privilege (*see Fed. Rule of Evid. 502*). This Request also seeks information protected by the

5   Official Information Privilege as disclosure of the requested documents, assuming they exists,

6   may interfere with the operations of the Arcata Police Department and invade the right to privacy

7   of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal.

8   1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254;

9   Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. The Request is also unduly burdensome.

10      Without waiving those objections, Responding Party produces the Arcata Police

11  Department homicide investigation for the death of David Josiah Lawson.  The corresponding

12  BATES stamped documents are 1-2511, 3419-3420, 3434-3472, 4457-4467.  Responding Party

13  produces the preliminary hearing transcript for the Lawson criminal case.  The corresponding

14  BATES stamped documents are 2512-3408.  The Responding Party produces emails and

15  correspondence from Karen Diemer regarding the Lawson homicide.  The corresponding BATES

16  stamped documents are 4730-4839.  The Responding Party produces APD 17-0206.  The

17  corresponding BATES stamped documents are 3421-3433.  The Responding Party also has

18  performed an email search from the City of Arcata related to the homicide investigation.  Those

19  emails have yet to be reviewed.  If those emails are responsive, and non-privileged documents,

20  those too will be produced.

21  **REQUEST FOR PRODUCTION NO. 7:**

22      Produce un-redacted copy of all reports drafted or generated that pertain to the homicide

23  investigation of David Josiah Lawson.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

25      Objection. This Request is overbroad and seeks information that is not proportional to the

26  needs of the case. Furthermore, this Request calls for privileged documents under the Attorney-

27  Client Privilege (*see Fed. Rule of Evid. 502*). This Request also seeks information protected by

28  the Official Information Privilege as disclosure of the requested documents, assuming they exists,

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1    may interfere with the operations of the Arcata Police Department and invade the right to privacy

2    of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal.

3    1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254;

4    Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.

5         Without waiving those objections, Responding Party produces the Arcata Police

6    Department homicide investigation for the death of David Josiah Lawson.  The corresponding

7    BATES stamped documents are 1-2511, 3419-3420, 3434-3472, 4457-4467.  Responding Party

8    produces the preliminary hearing transcript for the Lawson criminal case.  The corresponding

9    BATES stamped documents are 2512-3408.  The Responding Party produces emails and

10   correspondence from Karen Diemer regarding the Lawson homicide.  The corresponding BATES

11   stamped documents are 4730-4839.  The Responding Party produces APD 17-0206.  The

12   corresponding BATES stamped documents are 3421-3433.  The Responding Party also has

13   performed an email search from the City of Arcata related to the homicide investigation.  Those

14   emails have yet to be reviewed.  If those emails are responsive, and non-privileged documents,

15   those too will be produced.

16   **REQUEST FOR PRODUCTION NO. 8:**

17        Produce un-redacted copy of any and all testing of any kind conducted or generated that

18   pertain to the homicide investigation of David Josiah Lawson.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

20        Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not

21   proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*,

22   No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). In addition,

23   the Request lacks foundation. For example, Plaintiff does not define or describe "testing," nor

24   does Responding Party understand how it can produce "testing." Responding Party understands

25   the Request to mean documents associated with "testing".

26        This Request also seeks information protected by the Official Information Privilege as

27   disclosure of the requested documents, assuming they exists, may interfere with the operations of

28   the Arcata Police Department and invade the right to privacy of Arcata Police Officers and/or

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. Also, the Request is also unduly burdensome.

Without waiving those objections, Responding Party produces the Arcata Police Department homicide investigation for the death of David Josiah Lawson.  The corresponding BATES stamped documents are 1-2511, 3419-3420, 3434-3472, 4457-4467.

**REQUEST FOR PRODUCTION NO. 9:**

Produce un redacted copy of any and all documents evidencing sworn testimony  given by Defendants in the last 15 years, whether in depositions, at trial, in affidavits, or in answers to interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents, assuming they exists, may interfere with the operations of the Arcata Police Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. The Request is also unduly burdensome.

For the foregoing reasons, Responding Party shall not release documents responsive to this Request. Responding Party seeks an opportunity to meet and confer to discuss exactly what relevant documents Plaintiff is seeking before attempting to comply with this Request. Responding Party does produce the preliminary hearing transcript for the Lawson criminal case. The corresponding BATES stamped documents are 2512-3408.

**REQUEST FOR PRODUCTION NO. 10:**

Produce a copy of personnel files for THOMAS CHAPMAN including but not limited to all documents which have been purged from his personnel records and files and/or Arcata Police

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

424858.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1  Department files and records. Excluding his school transcripts, leave slips and elections in

2  connection with various job benefits.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

4      Objection. This Request is vague, overbroad, and seeks information that is not

5  proportional to the needs of the case. *See* FRCP 26(b)(1). Furthermore, this Request calls for

6  privileged documents under the Attorney-Client Privilege (*see Fed. Rule of Evid. 502*). This

7  Request also seeks information protected by the Official Information Privilege as disclosure of

8  the requested documents, assuming they exists, may interfere with the operations of the Arcata

9  Police Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See*

10  *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132

11  F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code §

12  1043 et seq. Additionally, the Request is unduly burdensome.

13      Without waiving those objections, Responding Party produces Thomas Chapman's

14  personnel file.  The corresponding BATES stamped documents are 4601-4674 and 5051-5441.

15  **REQUEST FOR PRODUCTION NO. 11:**

16      Produce a copy of personnel files for KAREN DIEMER including but not limited to all

17  documents which have been purged from his personnel records and files and/or Arcata Police

18  Department files and records. Excluding his school transcripts, leave slips and elections in

19  connection with various job benefits.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

21      Objection. This Request is vague, overbroad, and seeks information that is not

22  proportional to the needs of the case. *See* FRCP 26(b)(1). Pending the outcome of Responding

23  Party's pending motion to dismiss, KAREN DIEMER may be dismissed as a party to this lawsuit.

24      This Request also seeks information protected by the Official Information Privilege as

25  disclosure of the requested documents, assuming they exists, may interfere with the operations of

26  the Arcata Police Department and invade the right to privacy of Arcata Police Officers and/or

27  citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of*

28  *Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal.

424858.1

1    Evid. Code § 1043 et seq. Additionally, the Request is unduly burdensome.

2         For the foregoing reasons, Responding Party shall not release documents responsive to

3    this Request. Should the Court deny Responding Party's motion to dismiss KAREN DIEMER as

4    a named defendant, without waiving those objections, Responding Party will produce all

5    responsive, non-privileged documents in its possession, custody, or control.

6    **REQUEST FOR PRODUCTION NO. 12:**

7         Produce a copy of personnel files for SOFIA PEREIRA including but not limited to all

8    documents which have been purged from his personnel records and files and/or Arcata Police

9    Department files and records. Excluding his school transcripts, leave slips and elections in

10   connection with various job benefits.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

12        Objection. This Request is vague, overbroad, and seeks information that is not

13   proportional to the needs of the case. *See* FRCP 26(b)(1). Pending the outcome of Responding

14   Party's pending motion to dismiss, SOFIA PEREIRA may be dismissed as a party to this lawsuit.

15        This Request also seeks information protected by the Official Information Privilege as

16   disclosure of the requested documents, assuming they exists, may interfere with the operations of

17   the Arcata Police Department and invade the right to privacy of Arcata Police Officers and/or

18   citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of*

19   *Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal.

20   Evid. Code § 1043 et seq. Additionally, the Request is unduly burdensome.

21        For the foregoing reasons, Responding Party shall not release documents responsive to

22   this Request. Should the Court deny Responding Party's motion to dismiss SOFIA PEREIRA as a

23   named defendant, without waiving those objections, Responding Party will produce all

24   responsive, non-privileged documents in its possession, custody, or control.

25   **REQUEST FOR PRODUCTION NO. 13:**

26        Produce a copy of personnel files for TODD DOKWEILER including but not limited to

27   all documents which have been purged from his personnel records and files and/or Arcata Police

28   Department files and records. Excluding his school transcripts, leave slips and elections in

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

424858.1

1   connection with various job benefits.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

3        Objection. This Request is vague, overbroad, and seeks information that is not

4   proportional to the needs of the case. This Request also seeks information protected by the

5   Official Information Privilege as disclosure of the requested documents, assuming they exists,

6   may interfere with the operations of the Arcata Police Department and invade the right to privacy

7   of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal.

8   1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254;

9   Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. Additionally, the Request is unduly

10  burdensome.

11       Without waiving those objections, Responding Party produces Todd Dokweiler's

12  personnel file.  The corresponding BATES stamped documents are 4442-4456, 5442-5721.

13  **REQUEST FOR PRODUCTION NO. 14:**

14       Produce a copy of personnel files for ERIC LOSEY including but not limited to all

15  documents which have been purged from his personnel records and files and/or Arcata Police

16  Department files and records. Excluding his school transcripts, leave slips and elections in

17  connection with various job benefits.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

19       Objection. This Request is vague, overbroad, and seeks information that is not

20  proportional to the needs of the case. *See* FRCP 26(b)(1). This Request also seeks information

21  protected by the Official Information Privilege as disclosure of the requested documents,

22  assuming they exists, may interfere with the operations of the Arcata Police Department and

23  invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*,

24  114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990);

25  Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. Additionally, the

26  Request is unduly burdensome.

27       Without waiving those objections, Responding Party produces Eric Losey's personnel file.

28  The corresponding BATES stamped documents are 5722-5919.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

424858.1

1    **REQUEST FOR PRODUCTION NO. 15:**

2           Produce a copy of personnel files for DEVIN NILSEN including but not limited to all

3    documents which have been purged from his personnel records and files and/or Arcata Police

4    Department files and records. Excluding his school transcripts, leave slips and elections in

5    connection with various job benefits.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

7           Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not

8    proportional to the needs of the case. *See* FRCP 26(b)(1). This Request also seeks information

9    protected by the Official Information Privilege as disclosure of the requested documents,

10   assuming they exists, may interfere with the operations of the Arcata Police Department and

11   invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*,

12   114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990);

13   Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. Additionally, the

14   Request is unduly burdensome.

15          Without waiving those objections, Responding Party produces Devin Nilsen's personnel

16   file.  The corresponding BATES stamped documents are 4212-4441.

17   **REQUEST FOR PRODUCTION NO. 16:**

18          Produce a copy of personnel files for KRYSTLE ARMINIO including but not limited to

19   all documents which have been purged from his personnel records and files and/or Arcata Police

20   Department files and records. Excluding his school transcripts, leave slips and elections in

21   connection with various job benefits.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

23          Objection. This Request is vague, overbroad, and seeks information that is not

24   proportional to the needs of the case. *See* FRCP 26(b)(1). This Request also seeks information

25   protected by the Official Information Privilege as disclosure of the requested documents,

26   assuming they exists, may interfere with the operations of the Arcata Police Department and

27   invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*,

28   114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990);

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

424858.1

Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. Additionally, the Request is unduly burdensome.

Without waiving those objections, Responding Party produces Krystle Arminio's personnel file.  The corresponding BATES stamped documents are 4901-5050.

**REQUEST FOR PRODUCTION NO. 17:**

Produce a copy of personnel files for JACOB MCKENZIE including but not limited to all documents which have been purged from his personnel records and files and/or Arcata Police Department files and records. Excluding his school transcripts, leave slips and elections in connection with various job benefits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Objection. This Request is vague, overbroad, and seeks information that is not proportional to the needs of the case. *See* FRCP 26(b)(1). This Request also seeks information protected by the Official Information Privilege as disclosure of the requested documents, assuming they exists, may interfere with the operations of the Arcata Police Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. Additionally, the Request is unduly burdensome.

Without waiving those objections, Responding Party produces Jacob McKenzie's personnel file.  The corresponding BATES stamped documents are 3549-4211.

**REQUEST FOR PRODUCTION NO. 18:**

Produce unredacted copy of any and all documents relating, discussing or mentioning any Defendant relating to any investigation and/or findings made by any entity and/or individual including but not limited to any document purged from any files against any Defendants for any type of misconduct.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*,

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

424858.1

No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). Furthermore, this Request calls for privileged documents under the Attorney-Client Privilege (*see Fed. Rule of Evid. 502*). This Request also seeks information protected by the Official Information Privilege as disclosure of the requested documents, assuming they exists, may interfere with the operations of the Arcata Police Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. Additionally, the Request is unduly burdensome.

For the foregoing reasons, Responding Party shall not release documents responsive to this Request. Responding Party seeks an opportunity to meet and confer to discuss exactly what relevant documents Plaintiff is seeking before attempting to comply with this Request.

**REQUEST FOR PRODUCTION NO. 19:**

Produce unredacted copy of any and all documents relating, discussing or mentioning any Defendant relating to any investigation and/or findings made by any entity and/or individual including but not limited to any document purged from any files against Defendants for any type of disciplinary action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). Furthermore, this Request calls for privileged documents under the Attorney-Client Privilege (*see Fed. Rule of Evid. 502*). This Request also seeks information protected by the Official Information Privilege as disclosure of the requested documents, assuming they exists, may interfere with the operations of the Arcata Police Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. Additionally, the Request is unduly burdensome.

For the foregoing reasons, Responding Party shall not release documents responsive to

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

424858.1

1   this Request. Responding Party seeks an opportunity to meet and confer to discuss exactly what

2   relevant documents Plaintiff is seeking before attempting to comply with this Request.

3   **REQUEST FOR PRODUCTION NO. 20:**

4        Produce unredacted copy of any all documents relating to Christopher Goodwin from

5   January 1, 2017 to present.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

7        Objection. This Request is vague, overbroad, and seeks information that is not

8   proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*,

9   No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). Furthermore,

10  this Request seeks information protected by the Official Information Privilege as disclosure of the

11  requested documents, assuming they exists, may interfere with the operations of the Arcata Police

12  Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v.*

13  *City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667

14  (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.

15  The Request is also unduly burdensome.

16       Without waiving those objections, Responding Party produces APD report 17-0206.  The

17  corresponding BATES stamped documents are 3421-3433.

18  **REQUEST FOR PRODUCTION NO. 21:**

19       Produce unredacted copy of any investigation of any kind relating, discussing, mentioning

20  assault on Christopher Goodwin on or about January 16, 2017.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

22       Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not

23  proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*,

24  No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). Furthermore,

25  this Request seeks information protected by the Official Information Privilege as disclosure of the

26  requested documents, assuming they exists, may interfere with the operations of the Arcata Police

27  Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v.*

28  *City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

424858.1

(E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. The Request is also unduly burdensome.

Without waiving those objections, Responding Party produces APD report 17-0206.  The corresponding BATES stamped documents are 3421-3433.

**REQUEST FOR PRODUCTION NO. 22:**

Produce a copy of complaint of any kind filed against any Defendants in the past 15 years including but not limited to all documents which have been purged.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). In addition, some of the categories and description herein lack foundation. For example, "complaint" is not defined. Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents, assuming they exists, may interfere with the operations of the Arcata Police Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. The Request is also unduly burdensome.

For the foregoing reasons, Responding Party shall not release documents responsive to this Request. Responding Party seeks an opportunity to meet and confer to discuss exactly what relevant documents Plaintiff is seeking before attempting to comply with this Request.

**REQUEST FOR PRODUCTION NO. 23:**

Produce any and all witness statement written, oral, or otherwise including but not limited to audio recording of any kind relating, mentioning or pertaining to the events that took place on April 15, 2017 at 1120 Spear Street in Arcata.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection. This Request is vague, overbroad, and seeks information that is not proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*,

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

424858.1

No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). This Request also seeks information protected by the Official Information Privilege as disclosure of the requested documents, assuming they exists, may interfere with the operations of the Arcata Police Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. Additionally, this Request is unduly burdensome.

Without waiving those objections, Responding Party produces the Arcata Police Department homicide investigation for the death of David Josiah Lawson.  The corresponding BATES stamped documents are 1-2511, 3419-3420, 3434-3472, 4457-4467.  Responding Party produces the preliminary hearing transcript for the Lawson criminal case.  The corresponding BATES stamped documents are 2512-3408.  The Responding Party produces emails and correspondence from Karen Diemer regarding the Lawson homicide.  The corresponding BATES stamped documents are 4730-4839.  The Responding Party produces APD 17-0206.  The corresponding BATES stamped documents are 3421-3433.  The Responding Party also has performed an email search from the City of Arcata related to the homicide investigation.  Those emails have yet to be reviewed.  If those emails are responsive, and non-privileged documents, those too will be produced.

**REQUEST FOR PRODUCTION NO. 24:**

Produce any and all witness statement written, oral, or otherwise including but not limited to audio recording of any kind relating, mentioning or pertaining to the events that took place on April 15, 2017 at 1120 Spear Street in Arcata.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Request No. 24 repeats Request No. 23. Please see Responding Party's response to Request No. 23.

**REQUEST FOR PRODUCTION NO. 25:**

Produce any and all witness statement written, oral, or otherwise including but not limited to audio recording of any kind relating, mentioning or pertaining to David Josiah Lawson.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

424858.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). This Request also seeks information protected by the Official Information Privilege as disclosure of the requested documents, assuming they exists, may interfere with the operations of the Arcata Police Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. Additionally, this Request is unduly burdensome.

Without waiving those objections, Responding Party produces the Arcata Police Department homicide investigation for the death of David Josiah Lawson.  The corresponding BATES stamped documents are 1-2511, 3419-3420, 3434-3472, 4457-4467.  Responding Party produces the preliminary hearing transcript for the Lawson criminal case.  The corresponding BATES stamped documents are 2512-3408.  The Responding Party produces emails and correspondence from Karen Diemer regarding the Lawson homicide.  The corresponding BATES stamped documents are 4730-4839.  The Responding Party produces APD 17-0206.  The corresponding BATES stamped documents are 3421-3433.  The Responding Party also has performed an email search from the City of Arcata related to the homicide investigation.  Those emails have yet to be reviewed.  If those emails are responsive, and non-privileged documents, those too will be produced.

**REQUEST FOR PRODUCTION NO. 26:**

Produce any and all witness statement written, oral, or otherwise including but not limited to audio recording of any kind relating, mentioning or pertaining to Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). This Request

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

20

424858.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1  also seeks information protected by the Official Information Privilege as disclosure of the

2  requested documents, assuming they exists, may interfere with the operations of the Arcata Police

3  Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v.*

4  *City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667

5  (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.

6  Additionally, this Request is unduly burdensome.

7       Without waiving those objections, Responding Party produces the Arcata Police

8  Department homicide investigation for the death of David Josiah Lawson.  The corresponding

9  BATES stamped documents are 1-2511, 3419-3420, 3434-3472, 4457-4467.  Responding Party

10  produces the preliminary hearing transcript for the Lawson criminal case.  The corresponding

11  BATES stamped documents are 2512-3408.  The Responding Party produces emails and

12  correspondence from Karen Diemer regarding the Lawson homicide.  The corresponding BATES

13  stamped documents are 4730-4839.  The Responding Party produces APD 17-0206.  The

14  corresponding BATES stamped documents are 3421-3433.  The Responding Party also has

15  performed an email search from the City of Arcata related to the homicide investigation.  Those

16  emails have yet to be reviewed.  If those emails are responsive, and non-privileged documents,

17  those too will be produced.

18  **REQUEST FOR PRODUCTION NO. 27:**

19       Produce any and all documents provided to the Civil Grand Jury relating, mention or

20  discussing David Josiah Lawson.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

22       Objection. This Request is vague, overbroad, and seeks information that is not

23  proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*,

24  No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). Furthermore,

25  this Request seeks information protected by the Official Information Privilege as disclosure of the

26  requested documents, assuming they exists, may interfere with the operations of the Arcata Police

27  Department and invade the right to privacy of citizens. *See Kelly v. City of San Jose*, 114 F.R.D.

28  653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

1   Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.

2        Without waiving objections, Responding Party does not possess the requested documents.

3   **REQUEST FOR PRODUCTION NO. 28:**

4        Produce any and all documents provided to the Humboldt County District attorney relating

5   to David Josiah Lawson.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

7        Objection. This Request is vague, overbroad, and seeks information that is not

8   proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*,

9   No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). Furthermore,

10  this Request seeks information protected by the Official Information Privilege as disclosure of the

11  requested documents, assuming they exists, may interfere with the operations of the Arcata Police

12  Department and invade the right to privacy of citizens. *See Kelly v. City of San Jose*, 114 F.R.D.

13  653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't

14  Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.

15       Without waiving those objections, Responding Party produces the Arcata Police

16  Department homicide investigation for the death of David Josiah Lawson.  The corresponding

17  BATES stamped documents are 1-2511, 3419-3420, 3434-3472, 4457-4467.  Responding Party

18  produces the preliminary hearing transcript for the Lawson criminal case.  The corresponding

19  BATES stamped documents are 2512-3408.  The Responding Party produces emails and

20  correspondence from Karen Diemer regarding the Lawson homicide.  The corresponding BATES

21  stamped documents are 4730-4839.  The Responding Party produces APD 17-0206.  The

22  corresponding BATES stamped documents are 3421-3433.  The Responding Party also has

23  performed an email search from the City of Arcata related to the homicide investigation.  Those

24  emails have yet to be reviewed.  If those emails are responsive, and non-privileged documents,

25  those too will be produced.

26  **REQUEST FOR PRODUCTION NO. 29:**

27       Produce any and all documents provided to the Humboldt County District attorney relating

28  to Plaintiff.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

424858.1

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

2   Objection. This Request is vague, overbroad, and seeks information that is not

3   proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*,

4   No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). Furthermore,

5   this Request seeks information protected by the Official Information Privilege as disclosure of the

6   requested documents, assuming they exists, may interfere with the operations of the Arcata Police

7   Department and invade the right to privacy of citizens. *See Kelly v. City of San Jose*, 114 F.R.D.

8   653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't

9   Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.

10  Without waiving those objections, Responding Party produces the Arcata Police

11  Department homicide investigation for the death of David Josiah Lawson.  The corresponding

12  BATES stamped documents are 1-2511, 3419-3420, 3434-3472, 4457-4467.  Responding Party

13  produces the preliminary hearing transcript for the Lawson criminal case.  The corresponding

14  BATES stamped documents are 2512-3408.  The Responding Party produces emails and

15  correspondence from Karen Diemer regarding the Lawson homicide.  The corresponding BATES

16  stamped documents are 4730-4839.  The Responding Party produces APD 17-0206.  The

17  corresponding BATES stamped documents are 3421-3433.  The Responding Party also has

18  performed an email search from the City of Arcata related to the homicide investigation.  Those

19  emails have yet to be reviewed.  If those emails are responsive, and non-privileged documents,

20  those too will be produced.

21  **REQUEST FOR PRODUCTION NO. 30:**

22  Produce any and all documents, recordings, photographs and communications provided to

23  the Criminal Grand Jury relating to David Josiah Lawson.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

25  Objection. This Request is vague, overbroad, and seeks information that is not

26  proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*,

27  No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). Furthermore,

28  this Request seeks information protected by the Official Information Privilege as disclosure of the

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

**ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP**
180 Montgomery Street, Suite 1200
San Francisco, California 94104

424858.1

1    requested documents, assuming they exists, may interfere with the operations of the Arcata Police

2    Department and invade the right to privacy of citizens. *See Kelly v. City of San Jose*, 114 F.R.D.

3    653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't

4    Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.

5         Without waiving those objections, Responding Party does not possess any responsive

6    documents.

7    **REQUEST FOR PRODUCTION NO. 31:**

8         Produce any and all policies and procedures for the Arcata Police Department relating to

9    investigating any homicide from January 1, 2017 to present.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

11        Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not

12   proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*,

13   No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). The Request

14   is also unduly burdensome.

15        Without waiving those objections, Responding Party produces the APD Policy Manual for

16   2016.  The corresponding BATES stamped documents are 8327-8932.  Responding Party

17   produces the current APD Policy Manual.  The corresponding BATES stamped documents are

18   7604-8246.

19   **REQUEST FOR PRODUCTION NO. 32:**

20        Produce any and all documents, videos or recordings of any kind relating to Arcata Police

21   Department trainings occurring between January 1, 2017 through present.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

23        Objection. This Request is vague, overbroad, and seeks information that is not

24   proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*,

25   No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). Furthermore,

26   this Request seeks information protected by the Official Information Privilege as disclosure of the

27   requested documents, assuming they exists, may interfere with the operations of the Arcata Police

28   Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v.*

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

424858.1

*City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. The Request is also unduly burdensome.

Without waiving those objections, Responding Party produces Training Records from 2017-2020.  The corresponding BATES stamped documents are 8305-8326.

**REQUEST FOR PRODUCTION NO. 33:**

Produce any and all documents relating, discussing, mentioning California Police training requirements from January 1, 2017 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Objection. This Request is vague, overbroad, and seeks information that is not proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents, assuming they exists, may interfere with the operations of the Arcata Police Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. The Request is also unduly burdensome.

Without waiving those objections, Responding Party produces Training Records from 2017-2020.  The corresponding BATES stamped documents are 8305-8326.

**REQUEST FOR PRODUCTION NO. 34:**

Produce any and all documents relating, discussing, mentioning basic police officer standard and training from January 1, 2017 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

424858.1

1  requested documents, assuming they exists, may interfere with the operations of the Arcata Police

2  Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v.*

3  *City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667

4  (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.

5  The Request is also unduly burdensome.

6      Without waiving those objections, Responding Party produces Training Records from

7  2017-2020.  The corresponding BATES stamped documents are 8305-8326.

8  **REQUEST FOR PRODUCTION NO. 35:**

9      Produce any and all documents relating, discussing, mentioning California Police training

10  requirements relating to perishable skills from January 1, 2017 to present.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

12      Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not

13  proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*,

14  No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). Furthermore,

15  this Request seeks information protected by the Official Information Privilege as disclosure of the

16  requested documents, assuming they exists, may interfere with the operations of the Arcata Police

17  Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v.*

18  *City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667

19  (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.

20  The Request is also unduly burdensome.

21      Without waiving those objections, Responding Party produces Training Records from

22  2017-2020.  The corresponding BATES stamped documents are 8305-8326.

23  **REQUEST FOR PRODUCTION NO. 36:**

24      Produce any and all documents relating, discussing, mentioning police training relating to

25  probable cause requirements from January 1, 2017 to present.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

27      Objection. This Request is vague, overbroad, and seeks information that is not

28  proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*,

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

424858.1

No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at \*3-4 (N.D. Cal. June 3, 2015). Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents, assuming they exists, may interfere with the operations of the Arcata Police Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. The Request is also unduly burdensome.

Without waiving those objections, Responding Party produces the APD Policy Manual for 2016. The corresponding BATES stamped documents are 8327-8932. Responding Party produces the current APD Policy Manual. The corresponding BATES stamped documents are 7604-8246. Responding Party produces Training Records from 2017-2020. The corresponding BATES stamped documents are 8305-8326.

**REQUEST FOR PRODUCTION NO. 37:**

Produce any and all documents relating, discussing, mentioning major crime investigation requirements from January 1, 2017 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Objection. This Request is vague, overbroad, and seeks information that is not proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at \*3-4 (N.D. Cal. June 3, 2015). Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents, assuming they exists, may interfere with the operations of the Arcata Police Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. The Request is also unduly burdensome.

Without waiving those objections, Responding Party produces the APD Policy Manual for 2016. The corresponding BATES stamped documents are 8327-8932. Responding Party produces the current APD Policy Manual. The corresponding BATES stamped documents are

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

424858.1

7604-8246.  Responding Party produces Training Records from 2017-2020.  The corresponding

BATES stamped documents are 8305-8326.

**REQUEST FOR PRODUCTION NO. 38:**

Produce all documents that show each officer is entitled to qualified immunity from

liability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Objection. This Request is vague, ambiguous, unduly burdensome, overbroad, and seeks

information that is not proportional to the needs of the case. *See* FRCP 26(b)(1); *see also*

*Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal.

June 3, 2015). Furthermore, this Request calls for privileged documents under the Attorney-Client

Privilege (*see Fed. Rule of Evid. 502*).

For the foregoing reasons, Responding Party shall not release documents responsive to

this Request. Responding Party seeks an opportunity to meet and confer to discuss exactly what

relevant documents Plaintiff is seeking before attempting to comply with this Request.

**REQUEST FOR PRODUCTION NO. 39:**

Produce all documents relating to the arrest of Plaintiff and/or anyone else for death of

David Josiah Lawson.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not

proportional to the needs of the case. *See* FRCP 26(b)(1). Furthermore, this Request seeks

information protected by the Official Information Privilege as disclosure of the requested

documents, assuming they exists, may interfere with the operations of the Arcata Police

Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v.*

*City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667

(E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.

Without waiving those objections, Responding Party produces the Arcata Police

Department homicide investigation for the death of David Josiah Lawson.  The corresponding

BATES stamped documents are 1-2511, 3419-3420, 3434-3472, 4457-4467.  Responding Party

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

424858.1

produces the preliminary hearing transcript for the Lawson criminal case.  The corresponding BATES stamped documents are 2512-3408.  The Responding Party produces emails and correspondence from Karen Diemer regarding the Lawson homicide.  The corresponding BATES stamped documents are 4730-4839.  The Responding Party produces APD 17-0206.  The corresponding BATES stamped documents are 3421-3433.  The Responding Party also has performed an email search from the City of Arcata related to the homicide investigation.  Those emails have yet to be reviewed.  If those emails are responsive, and non-privileged documents, those too will be produced.

**REQUEST FOR PRODUCTION NO. 40:**

Produce all documents relating to the detention of any individual including Plaintiff for death of Davis Josiah Lawson.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Objection. This Request is vague, overbroad, and seeks information that is not proportional to the needs of the case. *See* FRCP 26(b)(1). In addition, some of the categories and description herein lack foundation. For example, "detention" is not defined. Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents, assuming they exists, may interfere with the operations of the Arcata Police Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. The Request is also unduly burdensome.

Without waiving those objections, Responding Party produces the Arcata Police Department homicide investigation for the death of David Josiah Lawson.  The corresponding BATES stamped documents are 1-2511, 3419-3420, 3434-3472, 4457-4467.  Responding Party produces the preliminary hearing transcript for the Lawson criminal case.  The corresponding BATES stamped documents are 2512-3408.  The Responding Party produces emails and correspondence from Karen Diemer regarding the Lawson homicide.  The corresponding BATES stamped documents are 4730-4839.  The Responding Party produces APD 17-0206.  The

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

424858.1

corresponding BATES stamped documents are 3421-3433.  The Responding Party also has performed an email search from the City of Arcata related to the homicide investigation.  Those emails have yet to be reviewed.  If those emails are responsive, and non-privileged documents, those too will be produced.

**REQUEST FOR PRODUCTION NO. 41:**

Produce all documents relating to the injuries Plaintiff suffered when he was detained on April 16, 2017.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Objection. This Request is overbroad and seeks information that is not proportional to the needs of the case. *See* FRCP 26(b)(1).

Without waiving those objections, Responding Party produces the Arcata Police Department homicide investigation for the death of David Josiah Lawson.  The corresponding BATES stamped documents are 1-2511, 3419-3420, 3434-3472, 4457-4467.  Responding Party produces the preliminary hearing transcript for the Lawson criminal case.  The corresponding BATES stamped documents are 2512-3408.  The Responding Party produces emails and correspondence from Karen Diemer regarding the Lawson homicide.  The corresponding BATES stamped documents are 4730-4839.  The Responding Party produces APD 17-0206.  The corresponding BATES stamped documents are 3421-3433.  The Responding Party also has performed an email search from the City of Arcata related to the homicide investigation.  Those emails have yet to be reviewed.  If those emails are responsive, and non-privileged documents, those too will be produced.

**REQUEST FOR PRODUCTION NO. 42:**

Produce any and all original items seized, belonging to Plaintiff including but not limited to his clothing, laptops, cell phones, knife set and any other item seized from Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Objection. This Request is vague, overbroad, and seeks information that is not proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). Furthermore,

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

424858.1

this Request seeks original evidence pertaining to an open murder investigation, thereby

interfering with ensuring a proper chain of custody and the Official Information Privilege. *See*

*Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Soto v. City of Concord*, 162 F.R.D.

603 (N.D. Cal. 1995).

For the foregoing reasons, Responding Party shall not release original items responsive to

this Request.

**REQUEST FOR PRODUCTION NO. 43:**

Produce all documents relating to the employment of each officer employed by Arcata

Police Department for the ten years preceding this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Objection. This request is vague, ambiguous, overbroad and seeks information that is not

proportional to the needs of the case. See FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*,

No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015).

The Request also asks for complaints for "each officer employed by Arcata Police

Department," thereby seeking records for non-party defendants. Compare Request No. 3 with a

similar request at-issue in *Lacy v. Palmer*, No. 12-cv-06240-MMA (JMA), 2013 WL 12071638,

at *1 (S.D. Cal. May 7, 2013): ""REQUEST NO. 8: All DOCUMENTS, reports (including other

Internal Affairs reports), complaints or other documents received, filed, pending, completed or in

other status, concerning all officers within the DEPARTMENT, alleging, relating or referring to

their improper use of unnecessary force, excessive force, aggressive conduct, or improper arrest

procedures or other complaints from November 2007 to November 14, 2010." In denying the

sought-after motion to compel, the *Lacy* Court ruled:

> In the Court's experience, records of citizen complaints and the Department's response
> thereto demonstrate facts are discrete to each complaint situation and the varying
> individual law enforcement officers against whom the complaint was made. Furthermore,
> Document Request No. 8 calls for complaints that were made on a Department-wide basis,
> which would undoubtedly include circumstances that are quite different than Plaintiff's
> case – involving conduct that occurred in settings that are very different than court
> security screening, with different instigating factors, and often with citizens under varying
> alleges states of intoxication. It seems to the Court that it would be a Herculean, if not
> impossible, task to ferret out the true facts of each situation – facts which are collateral to
> the factual issues of Plaintiff's case – in order to use this information to establish a
> deficient policy exists within the Department.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

424858.1

*Lacy*, supra, at * 4. The Court further recognized the privacy interests at stake: "documents of this nature are highly likely to contain private information of citizens and law enforcement officers who are not parties to this action… Plaintiff also has not demonstrated a need for the records that would outweigh the privacy interests a multitude of individuals have in these documents." *Lacy*, supra, at *6, n. 3.

See also *Cathey v. City of Vallejo*, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016), where the Court denied a motion to compel the following two requests: "Request No. 1: Produce any and all documents, electronically stored information or tangible thing reflecting or relating to any reports, memoranda, letters, notes audio and/or video recording or summaries of any oral statements relating to any and all departmental or administrative investigations and dispositions concerning excessive force that has occurred within the last ten (10) years." and "Request No. 2: Produce any and all documents, electronically stored information or tangible thing reflecting or relating to any reports, memoranda, letters, notes, audio and/or video recordings or summaries of any oral statements relating to any and all departmental or administrative investigations and dispositions concerning deadly force." *Cathey*, supra, at *3-4.

The *Cathey* Court found "Request Nos. 1 and 2 to be overbroad because they effectively seek every piece of paper ever generated relating to excessive force and deadly force complaints. Requests for production must not be so all-encompassing that they include reams of documents only tangentially related to the case. *See, e.g.*, *Audibert v. Lowe's Home Centers, Inc.*, 152 F. App'x 399, 401 (5th Cir. 2005) (affirming a district court order denying a motion to compel "all things, all documents, all statements, all knowledge of facts, sworn or unsworn, relating to this case"). *Cathey*, supra, at *5.

Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Arcata Police Department and invade the right to privacy of Arcata Police Officers. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. The Request is also unduly burdensome.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

424858.1

For the foregoing reasons, Responding Party shall not release documents responsive to this Request, other than those documents provided pertaining to named defendant officers.

**REQUEST FOR PRODUCTION NO. 44:**

Produce all documents that show complaints of abuse of authority made against officers of Arcata Police Department in the ten years preceding the events giving rise to this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). In addition, some of the categories and description herein lack foundation. For example, "abuse of authority" is not defined.

The Request also asks for complaints against "officers of Arcata Police Department," which implies Plaintiff seeks complaints against all Arcata Police officers, thereby seeking records for non-party defendants. *See Lacy v. Palmer*, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013; and *Cathey v. City of Vallejo*, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 43).

Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents, assuming they exists, may interfere with the operations of the Arcata Police Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. The Request is also unduly burdensome.

Without waiving those objections, Responding Party produces IA16-01A, IA16-03A, IA 16-04A, and IA16-04B. The IAs are related to named defendants Arminio and Losey. None of the other named defendants have IAs. The corresponding BATES stamped documents are 4468-4600.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

1  **REQUEST FOR PRODUCTION NO. 45:**

2      Produce all documents that show complaints made against officers of Arcata Police

3  Department for failure or refusal to provide medical treatment to persons detained within the ten

4  years preceding the events giving rise to this lawsuit.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

6      Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not

7  proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*,

8  No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). The Request

9  also asks for complaints against "officers of Arcata Police Department," which implies Plaintiff

10  seeks complaints against all Arcata Police officers, thereby seeking records for non-party

11  defendants. *See Lacy v. Palmer*, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal.

12  May 7, 2013; and *Cathey v. City of Vallejo*, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4

13  (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 43).

14      Furthermore, this Request seeks information protected by the Official Information

15  Privilege as disclosure of the requested documents, assuming they exists, may interfere with the

16  operations of the Arcata Police Department and invade the right to privacy of Arcata Police

17  Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez*

18  *v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code §

19  832.7; Cal. Evid. Code § 1043 et seq. The Request is also unduly burdensome.

20      For the foregoing reasons, Responding Party shall not release documents responsive to

21  this Request, other than those documents provided pertaining to named defendant officers.

22  **REQUEST FOR PRODUCTION NO. 46:**

23      Produce all documents that show complaints made against officers of Arcata Police

24  Department for failure or refusal to comply with the requirement of existence of probable cause

25  before arresting a person within the ten years preceding the events giving rise to this lawsuit.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

27      Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not

28  proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*,

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

424858.1

No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). The Request

also asks for complaints against "officers of Arcata Police Department," which implies Plaintiff

seeks complaints against all Arcata Police officers, thereby seeking records for non-party

defendants. *See Lacy v. Palmer*, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal.

May 7, 2013; and *Cathey v. City of Vallejo*, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4

(E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 43).

      Furthermore, this Request seeks information protected by the Official Information

Privilege as disclosure of the requested documents, assuming they exists, may interfere with the

operations of the Arcata Police Department and invade the right to privacy of Arcata Police

Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez*

*v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code §

832.7; Cal. Evid. Code § 1043 et seq. The Request is also unduly burdensome.

      For the foregoing reasons, Responding Party shall not release documents responsive to

this Request, other than those documents provided pertaining to named defendant officers.

## REQUEST FOR PRODUCTION NO. 47:

      Produce any and all documents relating any case or investigation which lead to dismissal

by any court for lack of probable case within the ten years preceding the events giving rise to this

lawsuit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

      Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not

proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*,

No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). The Request

also asks for complaints against "officers of Arcata Police Department," which implies Plaintiff

seeks complaints against all Arcata Police officers, thereby seeking records for non-party

defendants. *See Lacy v. Palmer*, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal.

May 7, 2013; and *Cathey v. City of Vallejo*, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4

(E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 43).

      Furthermore, this Request seeks information protected by the Official Information

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

424858.1

Privilege as disclosure of the requested documents, assuming they exists, may interfere with the operations of the Arcata Police Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. The Request is also unduly burdensome.

For the foregoing reasons, Responding Party shall not release documents responsive to this Request, other than those documents provided pertaining to named defendant officers.

**REQUEST FOR PRODUCTION NO. 48:**

Produce all documents that show disciplinary actions for abuse of authority taken against each officer named in the Fourth Amended Complaint employed by Arcata Police Department.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Objection. This Request is vague, overbroad, and seeks information that is not proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). In addition, some of the categories and description herein lack foundation. For example, "abuse of authority" is not defined.

Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents, assuming they exists, may interfere with the operations of the Arcata Police Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.

Without waiving those objections, Responding Party produces IA16-01A, IA16-03A, IA 16-04A, and IA16-04B.  The IAs are related to named defendants Arminio and Losey.  None of the other named defendants have IAs.  The corresponding BATES stamped documents are 4468-4600.

**REQUEST FOR PRODUCTION NO. 49:**

Produce all documents that show disciplinary actions taken by Arcata Police Department

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

424858.1

against its agents or employees for abuse of authority.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). In addition, some of the categories and description herein lack foundation. For example, "abuse of authority" is not defined.

The Request also asks for actions taken against "agents or employees" of Arcata Police Department, which implies Plaintiff seeks documents pertaining to all Arcata Police officers, agents, or employees thereby seeking records for non-party defendants. *See Lacy v. Palmer*, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013; and *Cathey v. City of Vallejo*, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 43).

Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents, assuming they exists, may interfere with the operations of the Arcata Police Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. The Request is also unduly burdensome.

For the foregoing reasons, Responding Party shall not release documents responsive to this Request, other than those documents provided pertaining to named defendant officers.

**REQUEST FOR PRODUCTION NO. 50:**

Produce all documents that show the policies, customs, and procedures regarding the arrest and provision of medical care to persons detained by the officer, agents, and employees of Arcata Police Department

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Objection. This Request is vague, overbroad, and seeks information that is not proportional to the needs of the case. *See* FRCP 26(b)(1).

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

424858.1

1    Without waiving those objections, Responding Party produces the APD Policy Manual for

2    2016.  The corresponding BATES stamped documents are 8327-8932.  Responding Party

3    produces the current APD Policy Manual.  The corresponding BATES stamped documents are

4    7604-8246.  Responding Party produces APD CPR Records.  The corresponding BATES stamped

5    documents are 8247-8304.

6    **REQUEST FOR PRODUCTION NO. 51:**

7    Produce all documents that show the policies, customs, and procedures for investigating

8    complaints of abuse of authority against the officers, agents, and employees of Arcata Police

9    Department.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

11   Objection. This Request is vague, overbroad, and seeks information that is not

12   proportional to the needs of the case. *See* FRCP 26(b)(1). In addition, some of the categories and

13   description herein lack foundation. For example, "abuse of authority" is not defined.

14   Without waiving those objections, Responding Party produces the APD Policy Manual for

15   2016.  The corresponding BATES stamped documents are 8327-8932.  Responding Party

16   produces the current APD Policy Manual.  The corresponding BATES stamped documents are

17   7604-8246.

18   **REQUEST FOR PRODUCTION NO. 52:**

19   Produce all documents that show the disciplinary actions for abuse of authority that may

20   be taken against the officers, agents, and employees of Arcata Police Department.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

22   Objection. This Request is vague, overbroad, and seeks information that is not

23   proportional to the needs of the case. *See* FRCP 26(b)(1); *see also Campbell v. Facebook Inc.*,

24   No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). In addition,

25   some of the categories and description herein lack foundation. For example, "abuse of authority"

26   is not defined.

27   The Request also asks for documents pertaining to actions against "officers, agents, and

28   employees of Arcata Police Department," which implies Plaintiff seeks actions against all Arcata

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

424858.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

Police officers, thereby seeking records for non-party defendants. *See Lacy v. Palmer*, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013; and *Cathey v. City of Vallejo*, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 43).

Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents, assuming they exists, may interfere with the operations of the Arcata Police Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. The Request is also unduly burdensome.

For the foregoing reasons, Responding Party shall not release documents responsive to this Request. Responding Party seeks an opportunity to meet and confer to discuss exactly what relevant documents Plaintiff is seeking before attempting to comply with this Request.

**REQUEST FOR PRODUCTION NO. 53:**

Produce all documents detailing the disciplinary actions for failure or refusal to provide medical attention to persons detained that may be taken against the officers, agents, and employees of Arcata Police Department.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case. *See* FRCP 26(b)(1). The Request also asks for documents regarding "officers, agent, and employees of Arcata Police Department," which implies Plaintiff seeks documents pertaining to all Arcata Police staff, thereby seeking records for non-party defendants. *See Lacy v. Palmer*, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013; and *Cathey v. City of Vallejo*, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 43).

Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents, assuming they exists, may interfere with the operations of the Arcata Police Department and invade the right to privacy of Arcata Police

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

1    Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez*

2    *v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code §

3    832.7; Cal. Evid. Code § 1043 et seq. The Request is also unduly burdensome.

4         Without waiving those objections, Responding Party produces IA16-01A, IA16-03A, IA

5    16-04A, and IA16-04B.  The IAs are related to named defendants Arminio and Losey.  None of

6    the other named defendants have IAs.  The corresponding BATES stamped documents are 4468-

7    4600.

8    **REQUEST FOR PRODUCTION NO. 54:**

9         Produce all documents that show litigation in which each officer was a party.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

11        Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not

12   proportional to the needs of the case. *See Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH

13   (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). In addition, some of the categories

14   and description herein lack foundation. For example, "litigation" is not defined. Furthermore, this

15   Request calls for privileged documents under the Attorney-Client Privilege (*see Fed. Rule of*

16   *Evid. 502*).

17        This Request also seeks information protected by the Official Information Privilege as

18   disclosure of the requested documents, assuming they exists, may interfere with the operations of

19   the Arcata Police Department and invade the right to privacy of Arcata Police Officers and/or

20   citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of*

21   *Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal.

22   Evid. Code § 1043 et seq. Additionally, the Request is unduly burdensome.

23        For the foregoing reasons, Responding Party shall not release documents responsive to

24   this Request. Responding Party seeks an opportunity to meet and confer to discuss exactly what

25   relevant documents Plaintiff is seeking before attempting to comply with this Request.

26   **REQUEST FOR PRODUCTION NO. 55:**

27        Produce all documents showing previous complaints and lawsuits filed against the

28   officers, agents, and employees of Arcata Police Department that charged abuse of authority,

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

excessive force, and failure to provide medical care within the ten years preceding the events giving rise to this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case. *See Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). In addition, some of the categories and description herein lack foundation. For example, "abuse of authority" is not defined.

The Request also asks for "complaints and lawsuits filed against the officers, agents, and employees of Arcata Police Department," which implies Plaintiff seeks complaints and/or lawsuits against all Arcata Police officers, thereby seeking records for non-party defendants. *See Lacy v. Palmer*, No. 12-cv-06240MMA (JMA), 2013 WL 12071638, at *1 (S.D. Cal. May 7, 2013; and *Cathey v. City of Vallejo*, No. 2:14-cv-01749-JAM-AC, 2016 WL 792783, at *3-4 (E.D. Cal. Mar. 1, 2016) (see detailed discussion of both cases in response to Request No. 43).

Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents, assuming they exists, may interfere with the operations of the Arcata Police Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. The Request is also unduly burdensome.

For the foregoing reasons, Responding Party shall not release documents responsive to this Request. Responding Party seeks an opportunity to meet and confer to discuss exactly what relevant documents Plaintiff is seeking before attempting to comply with this Request.

**REQUEST FOR PRODUCTION NO. 56:**

Produce all documents showing that Plaintiff was in the custody of law enforcement personnel and the duration of that custody.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case. *See Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

41

(MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). The Request is also unduly burdensome.

Without waiving those objections, Responding Party produces the Arcata Police Department homicide investigation for the death of David Josiah Lawson.  The corresponding BATES stamped documents are 1-2511, 3419-3420, 3434-3472, 4457-4467.  Responding Party produces the preliminary hearing transcript for the Lawson criminal case.  The corresponding BATES stamped documents are 2512-3408.  The Responding Party produces emails and correspondence from Karen Diemer regarding the Lawson homicide.  The corresponding BATES stamped documents are 4730-4839.  The Responding Party produces APD 17-0206.  The corresponding BATES stamped documents are 3421-3433.  The Responding Party also has performed an email search from the City of Arcata related to the homicide investigation.  Those emails have yet to be reviewed.  If those emails are responsive, and non-privileged documents, those too will be produced.

**REQUEST FOR PRODUCTION NO. 57:**

Produce all documents issued as a result of any internal or other investigation of Plaintiff's arrest, injury, and detention and all documents showing any actions taken by Arcata Police Department as a result of the investigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case. *See Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). Furthermore, this Request seeks information protected by the Official Information Privilege as disclosure of the requested documents, assuming they exists, may interfere with the operations of the Arcata Police Department and invade the right to privacy of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. The Request is also unduly burdensome.

Without waiving those objections, Responding Party produces the Arcata Police

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

424858.1

Department homicide investigation for the death of David Josiah Lawson.  The corresponding

BATES stamped documents are 1-2511, 3419-3420, 3434-3472, 4457-4467.  Responding Party

produces the preliminary hearing transcript for the Lawson criminal case.  The corresponding

BATES stamped documents are 2512-3408.  The Responding Party produces emails and

correspondence from Karen Diemer regarding the Lawson homicide.  The corresponding BATES

stamped documents are 4730-4839.  The Responding Party produces APD 17-0206.  The

corresponding BATES stamped documents are 3421-3433.  The Responding Party also has

performed an email search from the City of Arcata related to the homicide investigation.  Those

emails have yet to be reviewed.  If those emails are responsive, and non-privileged documents,

those too will be produced.

## REQUEST FOR PRODUCTION NO. 58:

Produce all documents, photographs, videotapes, and tape recordings that resulted from

Plaintiff's arrest, injury, and detention.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not

proportional to the needs of the case. This Request also calls for privileged documents under the

Attorney-Client Privilege (*see Fed. Rule of Evid. 502*).

Furthermore, this Request seeks information protected by the Official Information

Privilege as disclosure of the requested documents, assuming they exists, may interfere with the

operations of the Arcata Police Department and invade the right to privacy of Arcata Police

Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez

v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code §

832.7; Cal. Evid. Code § 1043 et seq. The Request is also unduly burdensome.

Without waiving those objections, Responding Party produces the Arcata Police

Department homicide investigation for the death of David Josiah Lawson.  The corresponding

BATES stamped documents are 1-2511, 3419-3420, 3434-3472, 4457-4467.  Responding Party

produces the preliminary hearing transcript for the Lawson criminal case.  The corresponding

BATES stamped documents are 2512-3408.  The Responding Party produces emails and

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

424858.1

1  correspondence from Karen Diemer regarding the Lawson homicide.  The corresponding BATES

2  stamped documents are 4730-4839.  The Responding Party produces APD 17-0206.  The

3  corresponding BATES stamped documents are 3421-3433.  The Responding Party also has

4  performed an email search from the City of Arcata related to the homicide investigation.  Those

5  emails have yet to be reviewed.  If those emails are responsive, and non-privileged documents,

6  those too will be produced.

7  **REQUEST FOR PRODUCTION NO. 59:**

8  Produce all documents, including reports made and statements taken or received by any

9  officer or employee of Arcata Police Department, regarding Plaintiff's arrest, injury, or detention.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

11  Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not

12  proportional to the needs of the case. Furthermore, this Request seeks information protected by

13  the Official Information Privilege as disclosure of the requested documents, assuming they exists,

14  may interfere with the operations of the Arcata Police Department and invade the right to privacy

15  of Arcata Police Officers and/or citizens. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal.

16  1987); *Martinez v. City of Stockton*, 132 F.R.D. 667 (E.D. Cal. 1990); Cal. Gov't Code § 6254;

17  Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. The Request is also unduly burdensome.

18  Without waiving those objections, Responding Party produces the Arcata Police

19  Department homicide investigation for the death of David Josiah Lawson.  The corresponding

20  BATES stamped documents are 1-2511, 3419-3420, 3434-3472, 4457-4467.  Responding Party

21  produces the preliminary hearing transcript for the Lawson criminal case.  The corresponding

22  BATES stamped documents are 2512-3408.  The Responding Party produces emails and

23  correspondence from Karen Diemer regarding the Lawson homicide.  The corresponding BATES

24  stamped documents are 4730-4839.  The Responding Party produces APD 17-0206.  The

25  corresponding BATES stamped documents are 3421-3433.  The Responding Party also has

26  performed an email search from the City of Arcata related to the homicide investigation.  Those

27  emails have yet to be reviewed.  If those emails are responsive, and non-privileged documents,

28  those too will be produced.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

424858.1

**REQUEST FOR PRODUCTION NO. 60:**

Any and all certificates, materials, work books, text books, and other documents distributed as a result of education or training of City of Arcata and/or Arcata Police Department to its employees regarding excessive force, false arrest, false imprisonment, assault, and battery.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Objection. This Request is vague, ambiguous, overbroad, and seeks information that is not proportional to the needs of the case. *See Campbell v. Facebook Inc.*, No. 13-CV-0599-6PJH (MEJ), 2015 WL 3533221, at *3-4 (N.D. Cal. June 3, 2015). The Request is also unduly burdensome.

Without waiving those objections, Responding Party produces the APD Policy Manual for 2016. The corresponding BATES stamped documents are 8327-8932. Responding Party produces the current APD Policy Manual. The corresponding BATES stamped documents are 7604-8246. Responding Party produces APD training records from 2017-2020. The corresponding BATES stamped documents are 8305-8326. Responding Party produces the training records for the named officers. The corresponding BATES stamped documents are 3549-4211, 5920-7603.

**REQUEST FOR PRODUCTION NO. 61:**

Produce documents received from Department of Justice relating to investigation of death of David Josiah Lawson.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Objection. This Request is vague, overbroad, and seeks information that is not proportional to the needs of the case.

Without waiving those objections, Responding Party produces the Arcata Police Department homicide investigation for the death of David Josiah Lawson. The corresponding BATES stamped documents are 1-2511, 3419-3420, 3434-3472, 4457-4467. Responding Party produces the preliminary hearing transcript for the Lawson criminal case. The corresponding BATES stamped documents are 2512-3408. The Responding Party produces emails and correspondence from Karen Diemer regarding the Lawson homicide. The corresponding BATES

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

424858.1

1  stamped documents are 4730-4839.  The Responding Party produces APD 17-0206.  The

2  corresponding BATES stamped documents are 3421-3433.  The Responding Party also has

3  performed an email search from the City of Arcata related to the homicide investigation.  Those

4  emails have yet to be reviewed.  If those emails are responsive, and non-privileged documents,

5  those too will be produced.

6  **REQUEST FOR PRODUCTION NO. 62:**

7         Any and all communications received from California Attorney General relating to

8  investigation of death of David Josiah Lawson.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

10        Objection. This Request is vague, overbroad, and seeks information that is not

11  proportional to the needs of the case.

12        Without waiving those objections, Responding Party produces the Arcata Police

13  Department homicide investigation for the death of David Josiah Lawson.  The corresponding

14  BATES stamped documents are 1-2511, 3419-3420, 3434-3472, 4457-4467.  Responding Party

15  produces the preliminary hearing transcript for the Lawson criminal case.  The corresponding

16  BATES stamped documents are 2512-3408.  The Responding Party produces emails and

17  correspondence from Karen Diemer regarding the Lawson homicide.  The corresponding BATES

18  stamped documents are 4730-4839.  The Responding Party produces APD 17-0206.  The

19  corresponding BATES stamped documents are 3421-3433.  The Responding Party also has

20  performed an email search from the City of Arcata related to the homicide investigation.  Those

21  emails have yet to be reviewed.  If those emails are responsive, and non-privileged documents,

22  those too will be produced.

23  ///

24  ///

25  ///

26  ///

27  ///

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

424858.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated:  February 22, 2021

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP


By:  */s/ Patrick Moriarty*
DALE L. ALLEN, JR.
PATRICK D. MORIARTY
JOHN B. ROBINSON
Attorneys for Defendant
CITY OF ARCATA

DEF RESPONSE TO PLTF'S RPD, SET 1
1:18-CV-04471-EMC

424858.1

PROOF OF SERVICE
*Zoellner vs. City of Arcata*
1:18-cv-04471

I am a resident of the State of California, over 18 years of age and not a party to the within action.  I am employed in the County of San Francisco; my business address is: 180 Montgomery Street, Suite 1200, San Francisco, California 94104.  On February 22, 2021, I served the within:

- DEFENDANT CITY OF ARCATA'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE
- DEFENDANT CITY OF ARCATA'S DOCUMENT PRODUCTION BATES COA-ZOELLNER 000001-008932

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

Elizabeth Zareh                          *Plaintiff's Attorneys*
Ali Yousefi                              Telephone: 858-414-2200
75 Broadway Street, Suite 202           Email: Elizabeth@zarehassociates.com
San Francisco, CA 94111                 Email: AYousefiLaw@gmail.com

☒  **By United States Mail:**  I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing documents for mailing.  On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at San Francisco, California.

☒  **By E-Mail or Electronic Transmission:**  Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒  **(*FEDERAL*)**  I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on February 22, 2021, at San Francisco, California.

*/s/Kelly Karpenske*
Kelly Karpenske

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

EXHIBIT C

VOLUME 2

PAGES 100 - 336

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JACQUELINE SCOTT CORLEY

KYLE C. ZOELLNER,                    )
                                     )
            PLAINTIFF,               )
                                     )
  VS.                                )  CASE NO. 18-CV-4471 JSC
                                     )
CITY OF ARCATA, ET AL.,              )
                                     )  SAN FRANCISCO, CALIFORNIA
            DEFENDANTS.              )  TUESDAY
                                     )  OCTOBER 4, 2022
_____)


**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFF**            ZAREH & ASSOCIATES
                             75 BROADWAY, SUITE 202
                             SAN FRANCISCO, CALIFORNIA 94111
                     **BY:  ELIZABETH ZAREH, ESQUIRE**


**FOR DEFENDANT**            ALLEN, GLAESSNER, HAZELWOOD & WERTH
                             180 MONTGOMERY STREET, SUITE 1200
                             SAN FRANCISCO, CALIFORNIA 94104
                     **BY:  PATRICK D. MORIARTY, ESQUIRE**
                          **JOHN B. ROBINSON, ESQUIRE**

**FOR WITNESS FLEMMING**     THE MITCHELL LAW FIRM
                             426 FIRST STREET
                             EUREKA, CALIFORNIA 95501
                     **BY:  NICHOLAS KLOEPPEL, ESQUIRE**


*REPORTED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR*
*            OFFICIAL COURT REPORTER, PRO TEM, USDC*

DIRECT EXAMINATION - FLEMING

1      Q.    OKAY.  SO ASIDE FROM THESE FEW REPORTS, YOU DIDN'T

2  HAVE ANY OTHER WRITTEN REPORTS, CORRECT?

3      A.    I RECEIVED A WRITTEN EMAIL.

4      Q.    WHAT WAS THAT WRITTEN EMAIL?

5      A.    THAT WAS FROM CHIEF CHAPMAN.

6      Q.    AND WHAT WAS THE EMAIL?

7      A.    IT WAS STATING THE WITNESSES THAT HAD IDENTIFIED

8  MR. ZOELLNER AS THE SUSPECT.

9      Q.    WHEN WAS THAT?

10     A.    THAT WAS OVER THE LUNCH HOUR ON APRIL 19TH.

11     Q.    WHEN I TOOK YOUR DEPOSITION, YOU DIDN'T PROVIDE THAT

12 INFORMATION TO US, DID YOU?

13     A.    NO.  I FOUND IT AFTER.

14     Q.    SO YOU RECEIVED THE EMAIL FROM CHIEF CHAPMAN ABOUT A

15 WITNESS WHO HAD I.D.'D MR. ZOELLNER AS A SUSPECT BEFORE YOU

16 FILED THE CRIMINAL CHARGES, CORRECT?

17     A.    THAT'S CORRECT.

18     Q.    AND DID THAT INFORMATION PLAY A ROLE IN YOUR DECISION

19 TO FILE CHARGES AGAINST MR. ZOELLNER?

20     A.    IN THE SENSE THAT IT WAS SUMMARIZING THE STATE OF THE

21 EVIDENCE.

22     Q.    SO YOU RELIED ON AN EYEWITNESS ACCOUNT TO FILE

23 CRIMINAL MURDER CHARGES AGAINST MY CLIENT, CORRECT?

24     A.    YES.

25          MR. KLOEPPEL:  OBJECTION.  MISSTATES TESTIMONY.

1    STATE OF CALIFORNIA     )

2                            )     SS

3    COUNTY OF CONTRA COSTA )

4

5              I HEREBY CERTIFY THAT THE FOREGOING IN THE

6    WITHIN-ENTITLED CAUSE WAS TAKEN AT THE TIME AND PLACE HEREIN

7    NAMED; THAT THE TRANSCRIPT IS A TRUE RECORD OF THE PROCEEDINGS

8    AS REPORTED BY ME, A DULY CERTIFIED SHORTHAND REPORTER AND A

9    DISINTERESTED PERSON, AND WAS THEREAFTER TRANSCRIBED INTO

10   TYPEWRITING BY COMPUTER.

11             I FURTHER CERTIFY THAT I AM NOT INTERESTED IN THE

12   OUTCOME OF THE SAID ACTION, NOR CONNECTED WITH, NOR RELATED TO

13   ANY OF THE PARTIES IN SAID ACTION, NOR TO THEIR RESPECTIVE

14   COUNSEL.

15             IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND THIS

16   5TH DAY OF OCTOBER, 2022.

17

18

19   _____

20   JOAN MARIE COLUMBINI, CSR NO. 5435

21   STATE OF CALIFORNIA

22

23

24

25

# EXHIBIT D

## Fleming, Maggie

| | |
|---|---|
| **From:** | Tom Chapman <TChapman@arcatapd.org> |
| **Sent:** | Wednesday, April 19, 2017 12:11 PM |
| **To:** | Fleming, Maggie |
| **Subject:** | RE: I do need the reports ASAP |

Jason Martinez, Elijah Chandler and Keaundrey Clark provide statements placing Zoellner as suspect.

**From:** Fleming, Maggie [mailto:MFleming@co.humboldt.ca.us]
**Sent:** Wednesday, April 19, 2017 11:37 AM
**To:** Tom Chapman <TChapman@arcatapd.org>
**Subject:** I do need the reports ASAP

**Maggie Fleming**
**Humboldt County District Attorney**
825 5th Street, Fourth Floor
Eureka, CA 95501
707-445-7411

*The information contained in this email message is intended for the CONFIDENTIAL use of the addressees only. The information is protected under the attorney-client privilege and the work-product privilege. Recipients should not file copies of this email with publicly accessible documents. If you are not an addressee or an authorized agent responsible for delivering this email to a designated addressee, and you have received this email in error, THEN ANY FURTHER REVIEW, DISSEMINATION, DISTRIBUTION, COPYING OR FORWARDING of this email is STRICTLY PROHIBITED. If you receive this email in error, please notify the office of the Humboldt County District Attorney immediately at (707)445-7411. Thank you in advance for your courtesy and cooperation in this matter.*

# EXHIBIT E

VOLUME 2

PAGES 100 - 336

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JACQUELINE SCOTT CORLEY

KYLE C. ZOELLNER,                      )
                                       )
            PLAINTIFF,                 )
                                       )
  VS.                                  )   CASE NO. 18-CV-4471 JSC
                                       )
CITY OF ARCATA, ET AL.,                )
                                       )   SAN FRANCISCO, CALIFORNIA
            DEFENDANTS.                )   TUESDAY
                                       )   OCTOBER 4, 2022
_____)


**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFF**          ZAREH & ASSOCIATES
                           75 BROADWAY, SUITE 202
                           SAN FRANCISCO, CALIFORNIA 94111
                   BY:  **ELIZABETH ZAREH, ESQUIRE**



**FOR DEFENDANT**          ALLEN, GLAESSNER, HAZELWOOD & WERTH
                           180 MONTGOMERY STREET, SUITE 1200
                           SAN FRANCISCO, CALIFORNIA 94104
                   BY:  **PATRICK D. MORIARTY, ESQUIRE**
                        **JOHN B. ROBINSON, ESQUIRE**

**FOR WITNESS FLEMMING**   THE MITCHELL LAW FIRM
                           426 FIRST STREET
                           EUREKA, CALIFORNIA 95501
                   BY:  **NICHOLAS KLOEPPEL, ESQUIRE**



*REPORTED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR*
              *OFFICIAL COURT REPORTER, PRO TEM, USDC*

DIRECT EXAMINATION - FLEMING

1          **THE COURT:**  OVERRULED.

2     **BY MS. ZAREH**

3          **Q.**   NOW, MS. FLEMING, AT YOUR DEPOSITION YOU MENTIONED

4     THAT THERE WAS A FALSE FIBER REPORT; DO YOU RECALL THAT?

5          **A.**   IT WAS A PRELIMINARY FIBER REPORT.

6          **Q.**   AND WAS THAT AN ORAL OR A WRITTEN REPORT?

7          **A.**   ORAL.

8          **Q.**   AND WAS THAT DOCUMENTED ANYWHERE?

9          **A.**   WHEN YOU SAY, "WAS THAT DOCUMENTED," WHAT DO YOU

10    MEAN?

11         **Q.**   OKAY.  YOU SAID THERE WAS A PRELIMINARY FIBER REPORT?

12         **A.**   YES.

13         **Q.**   WHAT I'M ASKING IS WHETHER THAT, WHATEVER THE REPORT

14    WAS, WHETHER IT WAS DOCUMENTED SOMEWHERE IN THE FILE?

15         **A.**   IN THE SENSE THAT THE REPORT STARTS BY EXPLAINING THE

16    PRELIMINARY OBSERVATIONS AND THEN CONCLUDES WITH WHAT THE

17    COMPLETE MICROSCOPIC ANALYSIS REVEALED, YES.

18         **Q.**   AND WHEN WAS THAT DONE?

19             **MR. MORIARTY:**  OBJECTION.  VAGUE AS TO "THAT."

20             **THE COURT:**  SUSTAINED.

21    **BY MS. ZAREH**

22         **Q.**   OKAY.  YOU JUST TESTIFIED THAT THERE WAS A

23    PRELIMINARY REPORT ON FIBER ON THE KNIFE, RIGHT?

24         **A.**   YES.

25         **Q.**   AND MY QUESTION WAS WHETHER IT WAS DOCUMENTED,

1    STATE OF CALIFORNIA    )

2                          )    SS

3    COUNTY OF CONTRA COSTA )

4

5         I HEREBY CERTIFY THAT THE FOREGOING IN THE

6    WITHIN-ENTITLED CAUSE WAS TAKEN AT THE TIME AND PLACE HEREIN

7    NAMED; THAT THE TRANSCRIPT IS A TRUE RECORD OF THE PROCEEDINGS

8    AS REPORTED BY ME, A DULY CERTIFIED SHORTHAND REPORTER AND A

9    DISINTERESTED PERSON, AND WAS THEREAFTER TRANSCRIBED INTO

10   TYPEWRITING BY COMPUTER.

11        I FURTHER CERTIFY THAT I AM NOT INTERESTED IN THE

12   OUTCOME OF THE SAID ACTION, NOR CONNECTED WITH, NOR RELATED TO

13   ANY OF THE PARTIES IN SAID ACTION, NOR TO THEIR RESPECTIVE

14   COUNSEL.

15        IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND THIS

16   5TH DAY OF OCTOBER, 2022.

17

18

19   _____

20   JOAN MARIE COLUMBINI, CSR NO. 5435

21   STATE OF CALIFORNIA

22

23

24

25

```
1              UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3

4   KYLE C. ZOELLNER,            )
                                 )
5            Plaintiff,          )
                                 )
6        vs.                     ) No.  3:18-cv-04471-EMC
                                 )
7   CITY OF ARCATA, et al.,      )
                                 )
8            Defendants.         )
    _____)
9

10

11

12        REMOTE DEPOSITION OF MAGGIE FLEMING

13              Eureka, California

14              August 16, 2022

15

16   REPORTED BY:

17   JOHNNA PIPER

18   CSR 11268

19   Job No. 10105017

20

21   Pages 1 through 199

22

23

24
2I
```

1          UNITED STATES DISTRICT COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3

4   KYLE C. ZOELLNER,                )
                                     )
5                Plaintiff,          )
                                     )
6          vs.                       ) No.  3:18-cv-04471-EMC
                                     )
7   CITY OF ARCATA, et al.,          )
                                     )
8                Defendants.         )
    _____  )

9

10          Remote deposition of MAGGIE FLEMING, Volume I,

11   taken on behalf of Plaintiff, Eureka, California,

12   beginning at 9:05 a.m. and ending at 2:31 p.m. on

13   Tuesday, August 16, 2022, before JOHNNA PIPER, Certified

14   Shorthand Reporter No. 11268.

15

16

17

18

19

20

21

22

23

24

25

```
 1    APPEARANCES:

 2   For Plaintiff:
              Zareh & Associates
 3            By:  Elizabeth Zareh, Esq.
              75 Broadway, Suite 202
 4            San Francisco, California 94111
              (415) 830-3031
 5            Elizabeth@zarehassociates.com

 6   For Defendant Eric Losey:
              Allen, Glaessner, Hazelwood & Werth
 7            By:  Patrick Moriarty, Esq.
              180 Montgomery Street, Suite 1200
 8            San Francisco, California 94104
              (415) 966-3203
 9            Pmoriarty@aghwlaw.com

10   For the witness:
              County Of Humboldt
11            By:  Goldy Mofid Berger, Esq.
              825 5th Street
12            Eureka, California 95501-1107
              (707) 445-7236
13            Gberger@co.Humboldt.ca.us

14

15

16

17

18

19

20

21

22

23

24

25
```

 1  Eureka, California; Tuesday, August 16, 2022; 9:05 a.m.
 2                        MAGGIE FLEMING,
 3  having been first duly sworn, testifies as follows:
 4
 5                        EXAMINATION
 6
 7      BY MS. ZAREH:
 8      **Q.  Good morning, Ms. Fleming.  My name is**
 9  **Elizabeth Zareh.  I represent Kyle Zoellner in this**
10  **action.  I'm sure you know -- we had some brief**
11  **encounters during one of the hearings, so you know who I**
12  **am -- I'm sure -- you are an attorney, correct?**
13      A.  Yes, I am.
14      **Q.  Yeah.  So you know the rules of deposition.  I**
15  **don't need to remind you.  But for the purposes of the**
16  **record, I'd like to go over it just to make sure we're**
17  **all kind of refreshed and remember what we need to do.**
18  **So --**
19              MR. MORIARTY:  Ms. Zareh, why don't I make my
20  appearance for the record just so we know I'm here.
21              MS. ZAREH:  Oh, my apologies.  Go ahead.
22              MR. MORIARTY:  No, no problem.
23              Ms. Fleming and Ms. Berger, my name is Patrick
24  Moriarty, and I represent the sole remaining defendant
25  in this case, and that is Eric Losey.  Good morning.

1   can't recall which.

2       Q.   Okay.  Did they ask you not to produce any

3   records?

4       A.   No.

5       Q.   Did they ask you to testify in a certain way?

6       A.   No.

7       Q.   Did they try to suggest any factual information

8   about this case to you?

9       A.   Not at all.

10      Q.   Did they try to correct any part of what your

11  story was that you were explaining to them?

12      A.   No.

13      Q.   Aside from this conversation that took place

14  this last Wednesday or Thursday, did you have any other

15  conversations with them?

16      A.   I think I had a conversation when you first

17  requested the grand jury transcripts.

18      Q.   Do you remember the sum and substance of that

19  conversation?

20      A.   I think the question was why did I go to my

21  Superior Court to ask for permission, given that your

22  proceedings are in a different court.  And that was just

23  my -- my mistake.

24      Q.   Any other topics that were discussed?

25      A.   No.

1   jury, or since then.  But all my way of saying I think

2   we can do it within a week.  I can get it to her within

3   a week.  I don't know how long it's going to take her.

4        Q.   Okay.  Fair enough.  So --

5             MS. BERGER:  So we're going with the objection

6   that Ms. --

7             (Reporter requests clarification.)

8             MS. BERGER:  We --

9             MS. ZAREH:  Maybe you want to get closer.

10                 (Indiscernible crosstalk.)

11            MS. BERGER:  We still have the objection filed,

12  and we decided that it was righteous, so we did not

13  prepare any documents to send to you.

14            My client decided that she was going to give

15  you some documents.  I waited for her to email them to

16  me.  I did not get them, so I had nothing to upload.

17  However, I agree with the objection and I do not agree

18  to the fact that you get additional documents with this

19  deposition.  That is why we didn't have any documents

20  for you.

21            MS. ZAREH:  So even though your client is going

22  to produce it, you are objecting to the production

23  request and you are refusing to produce the records,

24  right?

25            MS. BERGER:  She agreed to produce them, so I

1    can't do that, yeah.  That is what I had initially said.

2           MS. ZAREH:  And that even though she agreed to

3    produce them, you are refusing to produce it to us,

4    correct?

5           MS. BERGER:  I don't have them.  That is what

6    I'm trying to tell you.  I don't have them because we --

7    we saw the objection, we agreed not to produce any

8    documents.  But if she wants to produce documents, that

9    is completely fine with me except I don't have any

10   documents to give you.

11          MS. ZAREH:  Okay.  Your --

12          (Indiscernible crosstalk.)

13          THE WITNESS:  -- at this point then, if I'm

14   allowed to say, I don't want to do this.  I object

15   because normally, Ms. Zareh, we don't give people police

16   reports.  We tell them to go to the agency to get

17   reports because obviously they are their reports.

18          More importantly, the issue that I have is this

19   is incredibly burdensome, and I don't understand why at

20   this late date I'm being asked to somehow recreate files

21   we no longer have.  We have been compiling reports now

22   for over five years.

23      BY MS. ZAREH:

24      Q.  Ms. Fleming, you were -- never filed an

25   objection to this document request and -- at least, I've

1    can't do that, yeah.  That is what I had initially said.

2          MS. ZAREH:  And that even though she agreed to

3    produce them, you are refusing to produce it to us,

4    correct?

5          MS. BERGER:  I don't have them.  That is what

6    I'm trying to tell you.  I don't have them because we --

7    we saw the objection, we agreed not to produce any

8    documents.  But if she wants to produce documents, that

9    is completely fine with me except I don't have any

10   documents to give you.

11         MS. ZAREH:  Okay.  Your --

12         (Indiscernible crosstalk.)

13         THE WITNESS:  -- at this point then, if I'm

14   allowed to say, I don't want to do this.  I object

15   because normally, Ms. Zareh, we don't give people police

16   reports.  We tell them to go to the agency to get

17   reports because obviously they are their reports.

18         More importantly, the issue that I have is this

19   is incredibly burdensome, and I don't understand why at

20   this late date I'm being asked to somehow recreate files

21   we no longer have.  We have been compiling reports now

22   for over five years.

23         BY MS. ZAREH:

24         Q.  Ms. Fleming, you were -- never filed an

25   objection to this document request and -- at least, I've

1    can't do that, yeah.  That is what I had initially said.

2          MS. ZAREH:  And that even though she agreed to

3    produce them, you are refusing to produce it to us,

4    correct?

5          MS. BERGER:  I don't have them.  That is what

6    I'm trying to tell you.  I don't have them because we --

7    we saw the objection, we agreed not to produce any

8    documents.  But if she wants to produce documents, that

9    is completely fine with me except I don't have any

10   documents to give you.

11         MS. ZAREH:  Okay.  Your --

12         (Indiscernible crosstalk.)

13         THE WITNESS:  -- at this point then, if I'm

14   allowed to say, I don't want to do this.  I object

15   because normally, Ms. Zareh, we don't give people police

16   reports.  We tell them to go to the agency to get

17   reports because obviously they are their reports.

18         More importantly, the issue that I have is this

19   is incredibly burdensome, and I don't understand why at

20   this late date I'm being asked to somehow recreate files

21   we no longer have.  We have been compiling reports now

22   for over five years.

23      BY MS. ZAREH:

24      Q.  Ms. Fleming, you were -- never filed an

25   objection to this document request and -- at least, I've

1          MS. BERGER:  I don't have any records to

2     produce.

3          MS. ZAREH:  Counsel, your client just told you

4     she can get you the records within a week.

5          MS. BERGER:  That is not what she said.

6       BY MS. ZAREH:

7       Q.  Ms. Fleming, didn't you say you can produce

8     these records to your attorney in a week?

9       A.  Ms. Zareh, I -- I indicated --

10      Q.  Can you please answer my question.  Please.

11      A.  I indicated --

12      Q.  I don't --

13          MS. BERGER:  Can you stop arguing with my

14     client.

15          MS. ZAREH:  Just answer --

16              (Indiscernible crosstalk.)

17       BY MS. ZAREH:

18      Q.  Ms. Fleming, didn't you earlier agree to

19     produce these records within a week to your attorney?

20      A.  Yes, I did because I believed I was required to

21     do so.  I didn't realize I could object, Ms. Zareh.  I

22     would like to object because this is incredibly

23     burdensome.  I believe you have all the records

24     traditionally, and I believe legally we have always had

25     people go back to the original police agency because

```
 1              MS. BERGER:  Okay.

 2              MS. ZAREH:  So the agreement now is that

 3   Ms. Fleming is going to send you whatever she seems to

 4   thinks to be responsive, you are going to review it, and

 5   you are going to get in touch with me?

 6              MS. BERGER:  Yes.

 7              MS. ZAREH:  Okay.

 8                   (Indiscernible crosstalk.)

 9              MS. BERGER:  I said both, I will send it to

10   both attorneys at the same time.

11        BY MS. ZAREH:

12        Q.   Okay.  So now, how long does this take,

13   approximately?

14        A.   I -- I'm going to say that's going to take

15   longer because I'm going to have to go through it and

16   try to figure out what we have, and that is going to

17   take me quite a bit of time.

18        Q.   Can you tell us -- can you give us a time

19   frame?

20              MS. BERGER:  Okay.  We're not going to set a

21   time frame because our objection stands.  I'm just going

22   to review what documents she has, and then I will get

23   back to you.  Can we move on?

24              MS. ZAREH:  No, we cannot because by --

25                   (Indiscernible crosstalk.)
```

1    figure out what I can and cannot do.  If you are telling

2    me, "I'm not going to give you a time frame, I'm not

3    going to tell you what I'm going to produce," it's not

4    going to work.  I need to have a time frame.

5            MS. BERGER:  We're not going to give you any

6    documents.  We object on the record.  Move on.

7            MS. ZAREH:  Okay.  So you are refusing to do

8    that, right?

9            MS. BERGER:  Yes, yes.  Move on.

10       BY MS. ZAREH:

11       Q.  Ms. Fleming, are you --

12           MS. BERGER:  I'm telling you no.  Move on.

13       BY MS. ZAREH:

14       Q.  Ms. Fleming, are you going to follow your

15   attorney's advice?

16       A.  Yes.

17       Q.  And you are refusing to produce any records?

18       A.  Yes.

19       Q.  Okay.  And, Ms. Fleming, you understand that I

20   will obtain a court order and obtain sanctions against

21   you?

22           MR. MORIARTY:  Pardon me?

23           MS. BERGER:  Yeah, sanctions, yeah.  Good luck.

24           MR. MORIARTY:  Ms. Zareh, did you just tell the

25   witness that you are going to get a court order and

```
 1              CERTIFICATE OF REPORTER
 2         I, JOHNNA PIPER, a Certified Shorthand
 3   Reporter, hereby certify that the witness in the
 4   foregoing deposition was by me duly sworn to tell the
 5   truth, the whole truth and nothing but the truth in the
 6   within-entitled cause;
 7              That said deposition was taken down in
 8   shorthand by me, a disinterested person, at the time and
 9   place therein stated, and that the testimony of the said
10   witness was thereafter reduced to typewriting, by
11   computer, under my direction and supervision;
12              I further certify that I am not of counsel or
13   attorney for either or any of the parties to the said
14   deposition nor in any way interested in the event of
15   this cause and that I am not related to any of the
16   parties thereto.
17
18              DATED: 08/22/2022
19
20
21         _____
22         JOHNNA PIPER, CSR 11268
23
24
25
```