Nicholas R. Kloeppel, CSB #186165
THE MITCHELL LAW FIRM, LLP
Attorneys at Law
426 First Street
Eureka, CA 95501
Tel: (707) 443-5643
Fax: (707) 444-9586

Attorneys for Respondent
MAGGIE FLEMING

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE CHRISTOPHER ZOELLNER<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF ARCATA, THOMAS CHAPMAN individually and in his official capacity as City of Arcata Chief of Police, et al.<br><br>    Defendants. | Case No. 3:18-CV-04471-JSC<br><br>**NONPARTY MAGGIE FLEMING'S OPPOSITION TO PLAINTIFF'S MOTION UNDER RULE 37 AND 11 FOR ISSUE & MONETARY SANCTIONS**<br><br>Date: December 1, 2022<br>Time: 10:00 a.m.<br>Crtrm: 8 (19th Floor)<br>          450 Golden Gate Avenue<br>          San Francisco, California 94102 |

**I.      INTRODUCTION**

Nonparty MAGGIE FLEMING (hereinafter "Fleming") opposes Plaintiff's Motion Under Rule 37 and 11 For Issue and Monetary Sanctions. (Dkt No. 382.) Plaintiff seeks payment in the amount of $2,313.86 from Fleming for the cost of her deposition and its transcripts. Plaintiff also seeks for the court to reconsider its prior order that Fleming be reimbursed for her travel expenses for her trial testimony in San Francisco. There is no basis for imposing sanctions against this nonparty witness, nor is there any basis to reconsider the court's prior order requiring plaintiff reimburse travel expenses.

///

---
1
**NONPARTY MAGGIE FLEMING'S OPPOSITION TO PLAINTIFF'S MOTION UNDER RULE 37 AND 11 FOR ISSUE & MONETARY SANCTIONS**

## II. LEGAL DISCUSSION

### A. Plaintiff's Motion Should Be Denied As There Are No Grounds For Imposing Sanctions Under Rule 37.

By way of her moving papers, plaintiff contends, Fleming should be sanctioned pursuant to Federal Rules of Civil Procedure, Rule 45. Rule 45 does not provide any basis for sanctioning Fleming. Nor are there any other legal bases for sanctions. Plaintiff's motion should be denied.

Plaintiff contends Fleming's testimony was in violation of Federal Rules of Civil Procedure, Rule 45(f) and (e). (Dkt 382, 13: 20-23.) Subdivision (f), referencing the transfer of a subpoena-related motion is inapplicable here. Subdivision (e) pertains to the production of documents and claims of privilege. Although the documents sought by plaintiff are privileged, Fleming did not produce documents because, pursuant to the court's prior order, plaintiff was barred from requesting these due his belated efforts to depose Fleming after the close of discovery. (Dkt. 297, 3:25-28.) Defendant objected to plaintiff's deposition subpoena on this basis. (Dkt. 301-6.) The court denied plaintiff's request for these records. (Dkt. 306 8:27-9:4; see also Dkt No. 382, 4:24-5:4; Dkt 832-1, 3:22-23.).) Simply stated, Rule 45 (e) is inapplicable.

Plaintiff cites *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492 (9th Cir. 1983), but this case is inapposite. In *Pennwalt*, the party served the subpoena and the nonparty filed a motion to quash which the court construed as a written objection. The court concluded, having received the nonparty's objection, the plaintiff could not seek sanctions until the court issued an order compelling response to the subpoena. (*Id*. at p. 494.) The court further determined sanctions under the court's "inherent power" to impose sanctions for abuse of the judicial process was only proper when the litigant has acted in bad faith, citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980).

1      Here, there was an order that plaintiff could not direct any discovery to Fleming other than subpoenaing her deposition. Plaintiff was precluded from seeking records from Fleming. Fleming complied in full.

     Rule 37 does not provide for a basis for sanctions against Fleming. Rule 37 relates to a failure to make disclosures or cooperate in discovery by the parties.  It is undisputed Fleming complied with the subpoena and sat for a deposition. (Dkt No. 382, 4:6-7.) Fleming also responded to questions—plaintiff simply did not like the answers Fleming provided, which were based on her fading memory of event occurring approximately five years prior to her deposition. More fundamentally, Rule 37 applies to parties and Fleming is not a party. Rule 37 does not apply.

     Sanctions under Rule 11 do not extend to non-party witnesses nor has plaintiff alleged Fleming filed improper papers with the court.. (Fed. R. Civ. P. 11(c).)

     To the extent plaintiff is seeking sanctions against a nonparty fact witness under the court's inherent power to impose sanctions, there is no basis for sanctions. (Dkt No. 382, 4:14-19.) The court's inherent authority to impose sanctions is to curb abusive litigation practices. *Corder v. Howard Johnson & Co.,* 53 F.3d 225, 232 (9th Cir. 1994), *Indiezone, Inc. v. Rooke*, 720 Fed.Appx. 333, 337 (9th Cir. 2017) and *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980); *see also Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 285 (N.D. Cal. 2015), citing *In Re Avon Townhomes Venture*, 433 B.R. 269, 304 (Bankr.N.D.Cal.2010): "The court's inherent authority to sanction includes not only the authority to sanction a party, but also the authority to sanction the conduct of a nonparty who participates in abusive litigation practices, or whose actions or omissions cause the parties to incur additional expenses."

     The record does not indicate Fleming willfully abused the judicial process, unreasonably caused the parties to bear additional costs or "lied" as alleged by plaintiff. Fleming appeared and testified at the deposition. (Dkt No. 382, 4:6-7.) She provided her

1  best testimony based on her fading memory. She also testified at trial. (Dkt No. 382,
2  8:20; Dkt 353, generally.) She provided additional information she was able to recall
3  after review of an email which was produced to counsel for defendants on October 5,
4  2022. (Declaration of Nicholas R. Kloeppel ["Dec. of Kloeppel"] She did not willfully
5  disobey any court order.
6       Plaintiff asserts it was defendants' release of records, not Fleming, that caused her
7  to re-open discovery and depose Fleming. (Dkt No. 382, 3:21-26; Dkt 382-1, 2:28-3:5.)
8  This Court denied plaintiff's later request for production of documents from Fleming.
9  (Dkt 306, 8:27-9:4; Dkt 301; Dkt No. 382, 4:24-5:4; Dkt 832-1, 3:22-23.)
10      There is no basis for sanctions against Ms. Fleming.

11     **B.**    **Plaintiff's Motion To Reconsider The Court's Order For Reimbursement Of Travel Expenses Should Be Denied.**
12

13      Without citing a legal basis for reconsidering the court's prior order, plaintiff asks
14 the court to change its order to reimburse Flemings travel expenses. Plaintiff's motion is
15 based on false assumptions and incorrect information. The motion should be denied.
16      Plaintiff argues Fleming traveled with counsel to trial. She did not. (Dec. of
17 Kloeppel.) Plaintiff was provided with a revised demand for reimbursement with a total
18 of actual expenses incurred by Fleming of $629.80. (Dec. of Kloeppel, *Exhibit A*.)
19      Plaintiff further claims Fleming caused him to bear additional costs. Plaintiff
20 contends a request for over $340 in mileage from Humboldt County for a 560-mile
21 round trip is ostensibly inappropriate. (Dkt 382, 14:5-6.) As discussed with the court and
22 the parties on September 29, 2022, the California Redwood Coast-Humboldt County
23 Airport (ACV) in McKinleyville is notoriously known for fog-related flight
24 cancellations and delays. (Dec. of Kloeppel.) Forbes Advisor's list of the ten worst U.S.
25 airports for flight cancellations last week listed this airport as number 3 on October 17,
26

THE MITCHELL LAW
FIRM, LLP
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

4
**NONPARTY MAGGIE FLEMING'S OPPOSITION TO PLAINTIFF'S MOTION UNDER RULE 37 AND 11 FOR ISSUE & MONETARY SANCTIONS**

2022 and number 4 on October 24, 2022. (See, Dec. of Kloeppel, *Exhibits B* and *C*.)[1] It often times takes longer to travel by airplane and local ground transport than to drive to destinations in San Francisco. (Dec. of Kloeppel.) Simply stated driving to the San Francisco courthouse from Humboldt County was the most prudent way to ensure Fleming arrived timely as ordered by the Court and to not cause delays for plaintiff. (*Id*.)

Plaintiff contends a round trip plane ticket would only have cost $170.00. (Dkt 382, 154:5-6.) Only one airline, United, flies to San Francisco from the California Redwood Coast-Humboldt County Airport. (Dec. of Kloeppel, *Exhibit D*.) A sample booking run on the United Airlines website on Thursday, October 20, 2022 for a round trip flight to San Francisco the following Monday with a return on Tuesday (the same amount of time Fleming would have had after the September 29, 2022 order commanding her appearance the following Tuesday, Wednesday, or Thursday (Dkt No. 334)) shows fares in the range of several hundred dollars. (See *Exhibit E*.) Clearly more than the requested mileage.

Based on the foregoing plaintiff's motion for the court to reconsider its order the plaintiff reimburse should be denied and plaintiff should be again ordered to pay reasonable travel expenses.

DATED:  October 31, 2022          THE MITCHELL LAW FIRM, LLP

By:   */s/ Nicholas R. Kloeppel*_____
      Nicholas R. Kloeppel
      Attorneys for Respondent, Maggie Fleming

---

[1] The Court is respectfully requested to take judicial notice of *Exhibits B-E* to the Declaration of Nicholas R. Kloeppel pursuant to Federal Rules of Evidence, Rule 201.