Elizabeth Zareh (SBN# 182871)
75 Broadway Street, Ste 202,
San Francisco, CA 94111
Telephone: (415) 830-3031
Facsimile: (415) 830-3031
Email: elizabeth@zarehassociates.com

Attorney for Plaintiff
Kyle Zoellner

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE C. ZOELLNER,<br><br>　　　　　　　　Plaintiff,<br>V.<br><br>CITY OF ARCATA, et. El.<br><br>　　　　　　　　Defendants. | Case No. 3:18-cv-04471-JSC<br><br>PLAINTIFF'S REPLY TO FLEMING'S OPPOSITION TO MOTION UNDER RULE 37 AND 11 FOR ISSUE & MONETARY SANCTIONS<br><br>Hearing:　　December 1, 2022<br>Time:　　　10:00 a.m.<br>Location:　　450 Golden Gate Avenue<br>　　　　　　San Francisco, California 94102<br>Courtroom:　8 (17th Floor)<br>Judge:　　　Hon. Jacqueline Scott Corley |

　　　　The opposition makes no reference to the fact that Fleming's testimony at trial contradicted and vastly varied from her testimony at her deposition. The fact is that Fleming lied to Plaintiff at her deposition and sent Plaintiff on a wild goose chase concealing significant evidence relating to Plaintiff's case cannot be ignored. She concealed records that she knew as being significant and central to Plaintiff's case. Whether she did that because she was influence by defense attorneys or to help a former son of highly respected investigator, it makes no difference.

　　　　Plaintiff incurred a significant amount of costs in deposing Fleming while hearing her lies and concealment. The information Plaintiff learned only misled Plaintiff for the benefit of defense. Fleming not only as an attorney but also as a chief law enforcer of the Humboldt County, under oath, lied and misled Plaintiff. She helped a fellow officer, from the county. She attempted to help a crock who falsified police reports. When would this falsification and framing of plaintiff stop.  There must be consequences. This Court cannot simply ignore false under oath testimonies. Again, her motive or reasons for lying under oath is irrelevant.

FACTUAL BACKGROUND

At issue is that Ms. Fleming under pressure and influence from Defendant and their attorneys misled Plaintiff at her deposition. That deposition was filled with lies and misleading information and not useful at trial or discovery. Ms. Fleming testified that at her deposition that (See Zareh Decl., ¶ 10, Exh. G, page 8:6-9:7):

> Q….Aside from your attorney, have you spoken to anybody else to prepare for this deposition?
> A. Yes.
> Q. And who have you talked to?
> A. **I spoke to Mr. Moriarty, who let me know the date and time. And he was with someone, I believe the first name was John**.
> Q. And do you know when that was?
> A. Last week, I believe.
> Q. Can you tell me last week when?
> A. Wednesday or Thursday perhaps.
> Q. **And aside from the date and the time of the deposition, have you -- what other conversations did you have with both of them**?
> A. **Just regarding what they believed were the areas that we might be discussing today, and that is why I attempted to find some police reports to hopefully be ready for your questions.**
> Q. Can you tell me what they were telling you?
> A. **It was with regards to the timeline for the charging**, and that was pretty much it. **What information -- I should say what information I had for the charging**.
> Q. And what -- what did you -- did you provide them with any information?
> A. Just sort of a recap of what I could best remember.
> ***
> Q. Perfect. There are three requests for documents. Can you tell me if you have any of these documents with you today?
> A. Yes.
> Q. Okay. Would you be kind enough to email those -- and you can please email it to both myself and Mr. Moriarty so we -- and obviously your counsel, so we all get the same document.
> A. And if I could just explain. Number 1, that would be impossible for me to do at this point in time because we continue to receive reports about this case or, you know, it is an ongoing open investigation. **I don't have a way to break out what we may or may not have had pre-charging versus what was coming in post-charging, what was coming in pre-prelim, pre-grand jury, so I can't break that out for you.** And I will say my understanding is that you would have all the police reports that have been generated in this case, which is everything that I would have. (Emphasis added)  (P. 16:10-17:5)

At her deposition, Maggie Fleming asserted that her office does not stamp or record the receipt of the police reports. (See Exh G to Zareh Decl) At trial she reversed that position and talked about the police report she received from Chapman that was dates April 19, 2017. (See Exhibit H to Zareh Decl.

(Exhibit H to Zareh Decl.) At her deposition she testified that: "I believe Tuesday after [the stabbing] the knife arrived, the criminalist alerted us to the fact she believed there was a fingerprint on the knife." (See Exhibit G to Zareh Decl. P. 6: 13-16) Consistent with her testimony at trial Fleming testified at trial that there was a fingerprint on the knife, and it did not match Plaintiff's. (See Exh. I to Zareh Decl.) Fleming testified at her deposition that she talked to Patrick Moriarty about the areas that might me discussed at deposition and the timeline for the charging. (See Exh. G to Zareh Decl. P. 8-9) At first, she testified that she had no email exchanges about this case but, then after further questioning she finally admitted to having email communications with Moriarty about Andrew Isaac.

On October 4, 2022, Fleming testified in person at trial. At trial Fleming testified that she received a written report from chief Chapman. She testified:

> Q. Okay. So aside from these few reports, you didn't have any other written reports, correct?
> A. I received a written email.
> Q. What was that written email?
> A. That was from chief chapman.
> Q. And what was the email?
> A. It was stating the witnesses that had identified Mr. Zoellner as the suspect.
> Q. When was that?
> A. That was over the lunch hour on April 19th. (See Exhibit I to Zareh Decl. P. 138:1–10)

Fleming referred to the email as "summarizing the state of the evidence." And that relied on that eyewitness account to file criminal charges. (See Exhibit I to Zareh Decl. P. 138: 14-24)

The airline travel cost from Arcata to San Francisco was $170 at the time of trial. (See Exhibit K to Zareh Decl.)

ARGUMENT

Under Rule 37(a)(4) Evasive or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

Fleming argues that she "sat" for the deposition and therefore complied. Yet, made significant false claims to mislead Plaintiff. Fleming knew about the trial date and the significance of the mis information she provided at her deposition. She also knew that she is obligated to be truthful and not lie.

Unfortunately, the oath administered to her had no meaning to her.  She lied. After talking to defense counsel, she chooses to mislead Plaintiff and provided false information. Rule 37 applies to "all affected persons" and is not limited to parties. Therefore, at a minimum she must reimburse Plaintiff for the cost of false deposition she provided.

The prior court order required reasonable expenses incurred. When her employer pays for her expenses, Fleming would not be incurring any cost. There is no evidence before this Court that her employer would not pay. She attempting to collect on behalf of the county and not herself. Therefore, Plaintiff is not required to pay for any costs.

Moreover, her travel cost is excessive. A flight from Arcata to San Francisco costs $170. (See Exhibit K to Zareh Decl.)  Yet she is seeking $340 for milage. In fact Fleming and her counsel could have traveled together. There is no basis, that Plaintiff is required to pay for travel expenses when she is reimbursed by her employer. There is no reason Plaintiff should be required to pay for any of her such expenses.

Dated: November 7, 2022           Respectfully Submitted,

                                         */s/ Elizabeth Zareh*
                            By: _____
                                     Elizabeth Zareh
                                     Attorneys for Plaintiff, Kyle Zoellner

# CERTIFICTAE OF SERVICE

I, Elizabeth Zareh, certify that I am over the age of 18 years and not a party to the within action. My business address is 75 Broadway Street, Ste 202, San Francisco, CA 94111.

On November 7, 2022, I served a copy(ies) of the following document(s):

PLAINTIFF'S REPLY TO FLEMING'S OPPOSITION TO MOTION UNDER RULE 37 AND 11 FOR ISSUE & MONETARY SANCTIONS

on the parties to this action by placing them in a sealed envelop(s) addressed as follows:

Castillo, Moriarty, Tran & Robinson
Patrick Moriarty, Esq.
John Robinson, Esq.
75 Southgate Ave
Daily City, CA 94015
Patrick Moriarty pmoriarty@cmtrlaw.com
John Robinson  jrobinson@cmtrlaw.com

Nicholas R. Kloeppel
THE MITCHELL LAW FIRM, LLP
P.O. Drawer 1008
426 First Street
Eureka, CA 95501
Phone: (707) 443-5643
Fax: (707) 444-9586

☐ (By EMAIL) I caused to be transmitted by Internet from email address elizabeth@zarehassociates.com the document(s) to: Patrick Moriarty <PMoriarty@aghwlaw.com>

The transmission was complete and the system did not report an error message.

■ (BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the documents with the Clerk of the clerk by using CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on November 7, 2022 at San Francisco, California.

*/s/ Elizabeth Zareh*

_____

Elizabeth A. Zareh