PATRICK D. MORIARTY, State Bar No. 213185
pmoriarty@cmtrlaw.com
JOHN B. ROBINSON, State Bar No. 297065
jrobinson@cmtrlaw.com
CASTILLO, MORIARTY, TRAN & ROBINSON
75 Southgate Avenue
Daly City, CA 94015
Telephone:     (415) 213-4098

Attorneys for Defendant
ERIC LOSEY

ELIZABETH ZAREH (SBN# 182871)
75 Broadway, Suite 202
San Francisco, CA 94111
Telephone: (415) 830-3031
Facsimile: (415) 830-3031
Email: elizabeth@zarehassociates.com

Attorney for Plaintiff
KYLE ZOELLNER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE CHRISTOPHER ZOELLNER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ARCATA, City of Arcata's Police Chief THOMAS CHAPMAN, City of Arcata's City Manager, KAREN DIEMER, City of Arcata Vice Mayor SOPHIA PEREIRA, Arcata Police Sgt. TODD DOKWEILER, Arcata Police Officer ERIC LOSEY, Arcata Police Officer DEVIN NELSON, Arcata Police Officer KRYSTLE ARMINIO, Arcata Police Officer JACOB MCKENZIE, and DOES 1-81 INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS A POLICE OFFICER FOR THE CITY OF ARCATA,<br><br>Defendants. | Case No. 3:18-cv-04471-JSC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:    November 17, 2022<br>Time:   2:30 p.m.<br><br>Hon. Jacqueline Scott Corley |

The parties submit the following Joint Case Management Statement:

**1.     JURISDICTION AND SERVICE:**

The Fifth Amended Complaint contains claims for relief arising under the laws of the State of California. These claims are related to the federal claims arising under 42 U.S.C. § 1983. In September 2021, the Honorable Judge Chen separated the Ninth Cause of Action from the complaint. Plaintiff believes it is unclear whether the Ninth Cause of Action was bifurcated or severed. There is no reference in the order.

**3.     Legal Issues**

The remaining claim in the Fifth Amended Complaint (Ninth Cause of Action) alleges intentional infliction of emotional distress. (See Doc. 131, at pgs. 15 – 18).

The Ninth Cause of Action was added after Rule 26 Disclosure. As a result, no disclosures have been made as to that claim. No discovery has been conducted and no schedule has been set with regards to discovery, expert and other related issues.

Plaintiff's Additions:

There is a stay on Claim 9. The stay needs to be lifted after Moriarty is removed as attorney of record. The stay was placed to allow Mr. Moriarty to continue his representation with respect to the other claims. Defendant has been represented by two counsels during these entire proceedings. Now that the trial of phase 1 is completed, Mr. Moriarty must withdraw or be disqualified.

This is because Defense counsel Patrick Moriarty, is a witness and the one who made the threats against Plaintiff with respect to Claim 9. Therefore, he must be withdrawn as attorney of record.

**4.     Motions:**

There is a pending motion for monetary and non-monetary sanctions filed by plaintiff. (See Docs. 382, 393, 394, and 395). The motion for sanctions is currently set for December 1, 2022 as part of that motion, Plaintiff seeks issue sanctions relating to probable cause.

Plaintiff will be filing various motions relating to claim 9, MSJ and potentially amending the complaint.

**5. Discovery**:

Plaintiff's Position:

The stay needs to be lifted as to count 9 and discovery needs to be conducted after Moriarty is withdrawn from the case. There has been no discovery whatsoever as to issues relating to claim 9.

Defendant's Position:

Fact and expert discovery are closed.

**6. Related Cases**:

None.

**7. Relief**:

Plaintiff seeks the same set of damages as he did at rial including emotional distress and others.

Defendant reserves the right to seek applicable fees and/or costs.

**8. Settlement and ADR:**

There has been no settlement as to Claim 9 since the case as to Claim 9, has been stayed since September of 2021.

**9. Scheduling**:

The Court previously set the following schedule.

| | |
|---|---|
| Case Management Conference: | November 17, 2022 at 1:30 p.m. |
| Plaintiff's Motion for Sanctions | December 1, 2022 at 10:00 a.m. |

**10. Other**:

The Court requested that the parties address whether separate judgment should be issued on the malicious prosecution claim (along with the claims disposed of on summary judgment). (See Doc. 383). Also, the Court asked the parties to propose the next steps concerning the bifurcated claim (IIED). (See Doc. 383).

Plaintiff's Position:

Plaintiff intends to file an appeal with the 9th Circuit. Based on Plaintiff's counsel's experience at the 9th Circuit, the court frown upon piecemeal appeals. It is preferred that all

appeals are done at the same time. Moreover, it is unclear if judge Chen severed or bifurcated Claim 9. That has a direct effect as to the timeline on appeal.

The existing stay was put in place to allow Mr. Moriarty to continue his representation in the case. Now that Defendants have been represented by two attorneys, and Mr., Moriarty is a witness in the case, he must be disqualified or withdrawn as an attorney of record before stay could be lifted.

Plaintiff plans to take depositions and conduct full discovery. Plaintiff will make every effort to prevent defendants from hiding and concealing records as they did during the first phase of the trial. This is a new phase of the case and discovery starts as new. Based on previous conduct, this Court should set a schedule that would allow Plaintiff conduct a full discovery, file proper motions.

Defendant never raised the issue that Elizabeth Zareh is a witness in this case. Because she is not. Once discovery starts, Plaintiff will disclose its witnesses and all related issues.

Defendant's Position:

The defendant requests that the Court enter judgment on the malicious prosecution claim and all claims disposed of on summary judgment. Pursuant to FRCP Rule 54(b), "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." There is no reason for delay.

As to the bifurcated claim (Ninth Cause of Action), which is a wrongful threat of criminal prosecution alleged against all defendants, the Court construed this as an IIED claim. Plaintiff alleges that counsel for defendants (Patrick Moriarty) "attempted to extort Plaintiff by threatening him with a new prosecution for the death of Lawson unless Plaintiff dismissed this lawsuit, but in exchange for Plaintiff's dismissal, Defendants would agree to not file any further criminal charges against Plaintiff." (Doc. 106, ¶ 282). It is further alleged that Mr. Moriarty made the threats "on several occasions including in particular on December 15, 2021 and December 21, 2021." *Id*. It is finally alleged that Mr. Moriarty was "the agent of each Defendant." *Id*.

Defendants offer the following background as a basis for its requested course of action further below. Mr. Moriarty has never spoken to Mr. Kyle Zoellner without his attorney

present. The December 15, 2021 and December 21, 2021 dates referenced in the allegations relate to the mandatory settlement conference before Judge Laurel Beeler. During the December 15, 2021 conference (via Zoom), the case was not substantively discussed. Judge Beeler advised the parties that she was working on little sleep due to a heavy caseload; the settlement conference was continued until December 21, 2021.

On December 21, 2020, the continued settlement conference occurred before Judge Beeler, again on Zoom. Mr. Moriarty attended with the City's claims administrator, Ms. Randahawa. No defendants attended. Mr. Moriarty recalls Ms. Zareh being present, but Mr. Zoeller and Ms. Zareh's co-counsel did not attend on December 21, 2020. Mr. Zoellner never appeared on the screen. When Mr. Moriarty presented the defendants' position on the case, Mr. Zoellner was not present.

Defendant's proposed course of action for the remaining count: that the Court schedule a case management conference in the near future. Prior to that conference, the parties submit statements that discuss the following issues:

  a. A proposed discovery plan for this case. Defendants fear that plaintiff will attempt to relitigate all of the dismissed claims. The remaining claim focuses on a very limited period, and the discovery parameters should be discussed and potentially limited before discovery begins.
  b. A proposed plan to discuss the obstacles that the parties face because Judge Beeler is a percipient witness.
  c. A discussion of the potential that Ms. Zareh is a witness to the remaining claim.
  d. A truncated schedule order to allow defendants to file a motion for summary judgment at the earliest possible date.

///
///
///
///
///

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated: November 10, 2022 | CASTILLO, MORIARTY, TRAN & ROBINSON, LLP |
|   | By: /s/ John B. Robinson<br>PATRICK D. MORIARTY<br>JOHN B. ROBINSON<br>Attorneys for Defendant<br>ERIC LOSEY |
| Dated: November 10, 2022 | ZAREH & ASSOCIATES |
|   | By: /s/ Elizabeth Zareh<br>ELIZABETH ZAREH<br>Attorney for Plaintiff<br>Kyle Zoellner |

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015