UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE CHRISTOPHER ZOELLNER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ARCATA, et al.,<br><br>Defendants. | Case No. 18-cv-04471-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 382 |

Before the Court is Plaintiff's motion for sanctions under Federal Rules of Civil Procedure 37 and 11. (Dkt. No. 382.)[1] Having carefully considered the submissions, including by non-party Maggie Fleming, and having given the parties the opportunity for oral argument on December 1, 2022, the Court DENIES the motion.

**DISCUSSION**

Plaintiff seeks sanctions pursuant to Federal Rules of Civil Procedure 37(c)(1) and 11 related to five categories of documents that he contends were not timely produced: (1) a written fiber report by the Department of Justice; (2) a 2020 email from non-party District Attorney Maggie Fleming to the Arcata Police Chief; (3) April 2017 emails between Chief Tom Chapman and Ms. Fleming; (4) 21 pages of police reports; and (5) 834 pages of other records. He seeks:

> 1. Against [Defendant Det.] Losey: Finding on the issue of probable case for Plaintiff that there was no probable cause.
>
> 2. Against all Defendants: Entry of default on count 9 against all defendants.
>
> 3. Against Maggie Fleming: Payment of $2,313.86 and no travel

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

        expense to be paid by Plaintiff.

        4. Against Defense counsel: Payment of $40,125,000 in attorney's fees.

(Dkt. No. 382 at 2; *see* Dkt. No. 334 (commanding Ms. Fleming to appear at trial, "conditioned upon Plaintiff paying Ms. Fleming's reasonable travel expenses").)

**A.   Rule 37(c)(1)**

Under Rule 37(c)(1):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

Fed. R. Civ. P. 37(c)(1). Thus, Rule 37(c)(1) prevents a "party" from "us[ing]" information or a witness that it was required to disclose under Rule 26(a) or (e) but did not disclose. *Id*; *see also R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012) ("Rule 37(c)(1) forbids the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." (cleaned up)).

Rule 26(a) requires initial disclosure of:

> (i) . . . each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; [and]
>
> (ii) . . . all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment . . . .

Fed. R. Civ. P. 26(a)(1)(A). Rule 26(e) requires a party to supplement the initial disclosures as necessary. Fed. R. Civ. P. 26(e)(1)(A).

Plaintiff's motion does not provide any argument as to how any Defendant violated Rule

2

26(a), that is, how the discovery upon which his motion is based may have been used by Defendants "to support their claims or defenses" and thus should have been produced as part of their initial and supplemental disclosures. (Dkt. No. 382 at 10.) And, indeed, Plaintiff does not argue that Det. Losey ever sought to use on a motion, at trial or otherwise any of the documents about which he complains. As Plaintiff has not shown that any Defendant violated Rule 26(a) or 26(e), sanctions under Rule 37(c)(1) are not warranted.

Accordingly, Plaintiff's request for Rule 37(c)(1) sanctions is DENIED.

**B.    Rule 11**

Under Rule 11:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The Court may sanction an "attorney, law firm, or party" that violates Rule 11(b). Fed. R. Civ. P. 11(c)(1). But the Rule "specifically exempts discovery motions and objections from its procedural requirements." *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001); *see* Fed. R. Civ. P. 11(d) ("This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."); Fed. R. Civ. P. 11, Notes of Advisory Committee on Rules—1993 Amendment ("It is appropriate that Rules 26 through 37, which are specially designed for the discovery process, govern such documents and conduct rather than the more general provisions of Rule 11.").

3

Because Rule 11 does not apply to documents and conduct governed by Rules 26 through 37, it does not provide a basis for sanctions related to the (1) written fiber report, (2) 2020 email from Ms. Fleming, (3) April 2017 emails between Chief Chapman and Ms. Fleming, (4) police reports, or (5) other records. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002) ("Rule 11 sanctions are limited to 'paper[s]' signed in violation of the rule. Conduct in depositions, discovery meetings of counsel, oral representations at hearings, and behavior in prior proceedings do not fall within the ambit of Rule 11.").

Accordingly, Plaintiff's request for Rule 11(c) sanctions is DENIED.

## CONCLUSION

Plaintiff has not met his burden under either of his cited bases for sanctions. Plaintiff's motion is DENIED.

This Order disposes of Docket No. 382.

**IT IS SO ORDERED.**

Dated: December 2, 2022

JACQUELINE SCOTT CORLEY
United States District Judge