UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE CHRISTOPHER ZOELLNER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ARCATA, et al.,<br><br>Defendants. | Case No. 18-cv-04471-JSC<br><br>**ORDER RE: MOTION TO WITHDRAW**<br><br>Re: Dkt. No. 439 |

Before the Court is Attorney Elizabeth Zareh's motion to withdraw as Plaintiff's counsel. (Dkt. No. 439.)[1] Having carefully considered the briefing, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the August 29, 2024 hearing, and GRANTS Ms. Zareh's motion because her health condition necessitates withdrawal.

**BACKGROUND**

On June 25, 2024, the Ninth Circuit affirmed the Court's judgment in favor of Defendants. (Dkt. No. 434.) On July 15, 2024, Defendants filed the currently pending motion to enforce execution of bill of costs. (Dkt. No. 435.) The next day, Attorney Elizabeth Zareh, counsel for Plaintiff, filed a "Notice of Substitution of Attorney" in which she purported to substitute Plaintiff, Kyle Zoellner, for herself. (Dkt. No. 436.) Because counsel may not withdraw until relieved by order of the Court, Ms. Zareh's purported notice of withdrawal was void. (Dkt. No. 438.) Ms. Zareh then filed the instant motion to withdraw on the grounds her "health condition renders it unreasonably difficult to carry out her representation effectively." (Dkt. No. 439 at 2-3.) Plaintiff did not file an opposition to Ms. Zareh's motion to withdraw.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

**DISCUSSION**

"Counsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." N.D. Cal. Civ. L.R. 11-5(a). "The decision to permit counsel to withdraw is within the sound discretion of the trial court." *Henneberry v. City of Newark*, No. 13-CV-05238-TSH, 2024 WL 2125599, at *1 (N.D. Cal. May 10, 2024) (citing *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009)). "When addressing a motion to withdraw, the consent of the client is not dispositive. Rather, the court must consider factors such as the reason counsel seeks to withdraw, the possible prejudice caused to the litigants, and the extent to which withdrawal may delay resolution of the case." *Id.* (cleaned up).

Civil Local Rule 11-4(a)(1) requires compliance with the State Bar of California's Rules of Professional Conduct. The California rule on withdrawal requires a lawyer take reasonable steps to avoid prejudice against her client, "such as giving the client sufficient notice to permit the client to retain other counsel." Cal. Rules of Prof'l Conduct R. 1.16(d); *see Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). "In addition, the rule provides that a lawyer must withdraw if the lawyer's mental or physical condition renders it unreasonably difficult to carry out the employment effectively." *Nehad*, 535 F.3d at 970 (cleaned up); *see* Cal. Rules of Prof'l Conduct R. 1.16(a)(3).

Ms. Zareh seeks to withdraw as Plaintiff's counsel under California Rule of Professional Conduct 1.16(a)(3) because she "is suffering from challenging health conditions that require[] significant care" and "render[] it unreasonably difficult to carry out her representation effectively." (Dkt. No. 439 at 2-3.) She notified Plaintiff of her intention to withdraw on July 29, 2024—more than two weeks after she filed her improper notice of withdrawal, the same day she filed her motion to withdraw, and the same day Plaintiff's response to Defendants' motion to enforce execution of bill of costs was due. (Dkt. No. 442 at 2, 4.) Ms. Zareh could have notified Plaintiff of her intention to withdraw on July 16, 2024, the day she filed her improper notice of withdrawal. (Dkt. No. 436.) Ms. Zareh thus failed to take reasonable steps to avoid prejudicing Plaintiff by giving him notice sufficient to permit Plaintiff to retain other counsel to respond to Defendants'

1  motion. Cal. Rules of Prof'l Conduct R. 1.16(d).

2        Allowing Ms. Zareh to withdraw at this late stage, when only the issue of Defendants' bill
3  of costs remains, could potentially prejudice Plaintiff, who has not retained new counsel. The
4  Court also notes that when Ms. Zareh belatedly moved to withdraw, she improperly noticed the
5  motion for August 26, 2024; the Court therefore moved the motion to the August 29, 2024 law-
6  and-motion date. Even that date was earlier than the Local Rules require. *See* N.D. Cal. 7-2(a)
7  ("[A]ll motions must be filed, served and noticed in writing on the motion calendar of the assigned
8  Judge for hearing not less than 35 days after filing of the motion.").

9        Ms. Zareh insists Plaintiff can adequately represent himself because he filed and litigated
10 this case without representation until January 2020. (Dkt. Nos. 53, 439 at 2, 442 at 2.) Given
11 Plaintiff's experience representing himself in this case, and given all that remains is the motion to
12 enforce the bill of costs, Plaintiff will not be unduly prejudiced if he must proceed without
13 attorney representation. *See, e.g.*, *Hunter v. Sokoloff*, No. 14-CV-05031-JST (LB), 2019 WL
14 5655013, at *3 (N.D. Cal. Oct. 31, 2019) (finding the potential an attorney's withdrawal will leave
15 a client without representation an insufficient basis to deny a motion to withdraw). And though
16 Ms. Zareh's withdrawal has already delayed adjudication of Defendants' costs motion, it is
17 unlikely her absence will unreasonably delay resolution of this action.

18       So, even though Ms. Zareh failed to give Plaintiff sufficient notice of her withdrawal,
19 which may prejudice Plaintiff and has already delayed resolution of this action, her health
20 condition mandates her withdrawal. Cal. Rules of Prof'l Conduct R. 1.16(a)(3). Accordingly, the
21 Court GRANTS Ms. Zareh's motion to withdraw as Plaintiff's counsel.

22 //
23 //
24 //
25 //
26 //
27 //
28 //

**CONCLUSION**

Ms. Zareh's motion to withdraw is GRANTED. On or before August 20, 2024, Ms. Zareh must file proof of service of this Order on her client, as well as information regarding how Plaintiff should be served in this action. Plaintiff's deadline to oppose Defendants' motion to enforce execution of bill of costs is continued to **September 5, 2024**. Defendants' reply remains due **September 12, 2024**. The Court will take the matter under submission at that time.

This Order disposes of Docket No. 439.

**IT IS SO ORDERED.**

Dated: August 16, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California