UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE CHRISTOPHER ZOELLNER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ARCATA, et al.,<br><br>Defendants. | Case No. 3:18-cv-04471-JSC<br><br>**ORDER RE: MOTION TO ENFORCE EXECUTION OF JUDGMENT**<br><br>Re: Dkt. No. 435 |

Plaintiff Kyle C. Zoellner sued Defendants City of Arcata and several City Police Department employees for civil rights violations. (Dkt. No. 106.)[1] Following trial, judgment was entered in Defendants favor and they were awarded costs. Defendants' motion to enforce execution of the bill of costs against Plaintiff (Dkt. No. 435), and Plaintiff's opposition requesting a bond and stay (Dkt. No. 451), are currently pending. After carefully considering the parties' briefs and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Plaintiff's request for an unsecured stay, DENIES Defendants' motion to enforce execution because it is the improper procedural mechanism to enforce monetary judgments, but GRANTS Defendants' request for interest earned on Plaintiff's bill of costs.

**BACKGROUND**

After trial, the Court entered final judgment for Defendants and Defendants filed a bill of costs pursuant to Civ. L.R. 54-1. (Dkt. Nos. 418, 419.) Plaintiff objected to the bill of costs and the parties briefed the issue, after which the clerk awarded Defendants costs of $19,825.98. (Dkt. Nos. 419, 421, 422, 423.) Plaintiff appealed the final judgment and bill of costs, during which

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  Defendants conferred with Plaintiff's attorney pursuant to Civ. L.R. 54-6, renewing Defendants'
2  request for $19,825.98 plus interest, because Plaintiff had not yet paid nor posted a bond.  (Dkt.
3  No. 435-1 at 4-5, 7.)  Plaintiff's attorney asserted the appeal tolled the costs.  (*Id.*)  The Ninth
4  Circuit affirmed the judgment, but did not address the bill of costs.  *See Zoellner v. City of Arcata*,
5  No. 23-15505, 2024 WL 3158531 (9th Cir. June 25, 2024).  Plaintiff has filed a petition for writ of
6  certiorari with the United States Supreme Court regarding the Ninth Circuit's decision.  (Dkt. No.
7  452.)

8  After the Ninth Circuit issued its opinion, Defendants moved "for a writ of mandate
9  instructing [P]laintiff to pay the awarded costs in the amount of $19,825.98 plus simple interest at
10 the rate of 4.60% from the date of entry of judgment or award until the date the [P]laintiff actually
11 pays the judgment."  (Dkt. No. 435 at 3.)  The following day, Plaintiff's attorney filed a motion to
12 withdraw, which the Court granted given counsel's health reasons while also noting the potential
13 prejudice to Plaintiff.  (Dkt. Nos. 436, 445.)  After Plaintiff's attorney withdrew, Plaintiff emailed
14 the Court's Courtroom Deputy on the day his opposition was due seeking clarification about the
15 Court's decision to award bill of costs to Defendants.  (Dkt. No. 451.)  The Court construed
16 Plaintiff's email as an opposition to Defendants' motion.  (*Id.*)

17 **DISCUSSION**

18 Federal Rules of Civil Procedure 62 governs the timing of enforcing a judgment pending
19 appeal, while Federal Rules of Civil Procedure 69(a) governs the method of enforcement.

20 **I.     STAY OF ENFORCEMENT PENDING APPEAL**

21 Federal Rules of Civil Procedure 62(a) provides a 30-day automatic stay on executing and
22 enforcing a judgment unless the court orders otherwise.  Fed. R. Civ. P. 62(a).  If a party appeals,
23 then the party seeking to further stay proceedings "may obtain a stay by providing a bond or other
24 security," Fed. R. Civ. P. 62(b), or move for an unsecured stay, Fed. R. App. P. 8(a)(1).  Plaintiff
25 has done neither.  Plaintiff has not filed a bond nor filed a motion for unsecured stay.

26 However, as Plaintiff is now proceeding without counsel, the Court construes his
27 opposition as a request for bond and a stay:  "I request the court's consideration of a bond and a
28 stay, including a stay on the accrual of interest for any reduced amount awarded."  (Dkt. Nos. 451-

1, 451-2.) *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.").

### A. Bond Request

If construed as a request for a bond pending appeal, Plaintiff may post a bond and a stay would take effect upon the Court's approval. Fed. R. Civ. P. 62(b). Plaintiff's request for a "reduction in the amount due to significant financial hardship," (Dkt. No. 451-2), does not impact the analysis because the parties already litigated the amount of the bill of costs in April 2023 and Plaintiff had the opportunity to raise these arguments then. (Dkt. Nos. 419, 420, 421, 422, 423).

As for the amount of the bond, the Court has "inherent discretionary authority in setting supersedeas bonds." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). And "the district court may permit security other than a bond." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1367 (9th Cir. 1990); *see also Int'l Telemeter v. Hamlin Int'l Co.*, 754 F.2d 1492, 1495 (9th Cir. 1985) ("Although Federal Rule of Civil Procedure 62 provides that a supersedeas bond may be used to stay execution of a judgment pending appeal, the court has discretion to allow other forms of judgment guarantee.").

Here, "if the court is inclined to maintain the cost award," Plaintiff requests "the court to consider allowing . . . payments under a reasonable payment plan" given Plaintiff's financial situation. (Dkt. No. 451-2.) The case law leaves room for flexibility to determine whether other forms of security are sufficient. *See, e.g.*, *Int'l Telemeter*, 754 F.2d at 1495 (noting that if a party placed royalties in an escrow account to provide security pending final judgment, that is analogous to posting supersedeas bond); *Popular Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) (stating if the "debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court is similarly free to exercise a discretion to fashion some other arrangement for substitute security"). But considering the purpose of a bond, a payment plan would not be appropriate. *See Rachel*, 831 F.2d at 1505 n.1 ("The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required."). So, Plaintiff must post a bond in the full amount to stay enforcement of the judgment.

### B. Unsecured Stay Request

When no bond is posted, grant or denial of a stay is "a matter strictly within the judge's discretion." *In re Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977). While not addressed by the Ninth Circuit, the Court of Appeals for the District of Columbia has observed that courts grant partially secured or unsecured stays only in "unusual circumstances . . . if they do not unduly endanger the judgment creditor's interest in ultimate recovery." *See Fed. Prescription Serv. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760-61 (D.C. Cir. 1980); *see also Estate of Casillas v. City of Fresno*, 471 F. Supp. 3d 1035, 1036 (E.D. Cal. 2020). The moving party typically bears the burden of demonstrating the reasons for a departure from the full security supersedeas bond. *See Popular Grove Planting & Refining Co.*, 600 F.2d at 1191 (creating this standard); *Hines v. California Pub. Utils. Comm'n*, No. C 07-04145 CW, 2010 WL 3565498, at *1 (N.D. Cal. Sept. 10, 2010) (applying *Popular Grove Planting & Refining Co.*); *Antoninetti v. Chipotle Mexican Grill, Inc.*, No. 05-CV-1660, 2009 WL 1390811, at *2 (S.D. Cal. May 15, 2009) (same); *Estate of Casillas*, 471 F. Supp. 3d at 1037 (same).

When analyzing whether a bond waiver is justified, courts often consider: "(1) 'defendant's ability to pay is so plain that the cost of the bond would be a waste of money' and (2) whether requiring a bond 'would put the defendant's other creditors in undue jeopardy.'" *Estate of Casillas*, 471 F. Supp. 3d at 1036 (quoting *Olympia Equip. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)). Courts may also consider: "(1) complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; [and] (3) the degree of confidence that the district court has in the availability of funds to pay the judgment." *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1028 (N.D. Cal. 2012) (quoting *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988)); *see also Yenidunya Investments, Ltd. v. Magnum Seeds, Inc.*, No. CIV. 2:11-1787 WBS CKD, 2012 WL 1085535, at *2 (E.D. Cal. Mar. 30, 2012) (applying these factors); *United States v. Moyer*, No. C 07-00510 SBA, 2008 WL 3478063, at *12 (N.D. Cal. Aug. 12, 2008) ("Ninth Circuit courts regularly use these factors.").

Here, Plaintiff has not demonstrated any of these factors favor him. Rather, Plaintiff suggests an inability to pay by requesting a payment plan to fulfill his financial obligation. (Dkt.

4

1  No. 451-2.)  Accordingly, the Court declines to waive the bond and DENIES Plaintiff's request
2  for stay.

## II.   ENFORCING EXECUTION OF MONEY JUDGMENTS

Federal Rules of Civil Procedure 69(a)(1) provides "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(1).  Absent federal law, "the district court has the same authority to aid judgment creditors as that provided to state courts under local law."  *Duchek v. Jacobi*, 646 F.2d 415, 417 (9th Cir. 1981) (citation omitted).  Because the Court is located in California, California law governs, which "entitles a judgment creditor to issuance of a writ of execution by the clerk of the court."  *Norton v. LVNV Funding, LLC*, 396 F. Supp. 3d 901, 913 (N.D. Cal. 2019) (citing *In re Marriage of Farner*, 216 Cal. App. 3d 1370, 1376 (1989)); *see also* Cal. Code Civ. P. § 699.510(a) ("[A]fter entry of a money judgment, a writ of execution shall be issued by the clerk of the court, upon application of the judgment creditor, and shall be directed to the levying officer in the county where the levy is to be made and to any registered process server.").

While a writ of execution is the proper procedure, Defendants move instead "for a *writ of mandate* instructing [P]laintiff to pay the awarded costs in the amount of $19,825.98 plus simple interest at the rate of 4.60% from the date of entry of judgment or award until the date the [P]laintiff actually pays the judgment."  (Dkt. No. 435 at 2 (emphasis added).)  Defendants' writ of mandate fails for two reasons.

### A. The Court Cannot Issue a Writ of Mandate to Non-Federal Persons

First, the Court lacks jurisdiction to issue a writ of mandate against Plaintiff.  A federal district court only has "jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  The Ninth Circuit has not directly addressed whether a district court can issue a writ of mandamus against a non-federal party, but has prohibited district courts from issuing a writ of mandamus to direct state courts or their judicial officers.  *See Clark v. Washington*, 366 F.2d

5

678, 681 (9th Cir. 1966).

Applying 28 U.S.C. § 1361, district courts have construed this to mean they may not issue a writ a mandate against non-federal persons. *See Bennet v. City of Kingman*, 543 F. Supp. 3d 794, 802 (D. Ariz. 2021) (citing cases); *Andrade v. Cal. Dep't of Corr.*, No. 5:21-CV-00202-FMO-JC, 2021 WL 412267, at *1 (C.D. Cal. Feb. 4, 2021) (same); *Davis v. Pagan*, No. C 96-1333 EFL, 1996 WL 281581, at *1 (N.D. Cal. May 23, 1996) (same). *See also Mandamus*, *Black's Law Dictionary* (12th ed. 2024) ("A writ issued by a court to compel performance of a particular act by a lower court or a governmental officer or body, usu. to correct a prior action or failure to act."). Because Defendants requested a writ of mandamus, also called "mandate," and a district court only has jurisdiction to issue such writs against federal actors, Defendants have requested the wrong kind of writ.

### B. Writ of Execution

Second, Federal Rules of Civil Procedure 69(a)'s language of "unless the court directs otherwise" does not "permit a federal court to 'enforce a money judgment by contempt *or methods other than a writ of execution*, except in cases where established principles so warrant." *Hilao v. Estate of Marcos*, 95 F.3d 848, 854 (9th Cir. 1996) (citation omitted) (vacating a district court's order to pay a monetary judgment because "[t]he proper means . . . to secure compliance with a money judgment is to seek a writ of execution"). "Because Rule 69(a) essentially limits a district court's mechanism for enforcement of a money judgment to a writ of execution," *id.* at 856, the Court does not have authority to order Plaintiff to pay absent extraordinary circumstances.

Such "extraordinary circumstances" are rare. The Ninth Circuit, for instance, found "extraordinary circumstances," when a court granted judgment against a state whose legislature refused to appropriate funds through the normal process to pay this obligation. *See Spain v. Mountanous*, 690 F.2d 742, 744-45 (9th Cir. 1982). The Ninth Circuit held, "the district court should not necessarily be reduced to satisfying a judgment through the cumbersome procedure of attempting to execute." *Id.* Here, by contrast, Plaintiff, a private person, has failed to pay an obligation he now claims he can fulfill by a possible payment plan. (*See* Dkt. No. 451-2.) Unlike the complicated political and federalism questions at play in *Spain*, there is nothing extraordinary

6

about these circumstances.  So, the Court DENIES Defendants' motion.

## C. Interest

Finally, Defendants request interest on Defendants' bill of costs.  Pursuant to 28 U.S.C. § 1961, "the award of post-judgment interest on a district court judgment is mandatory." *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013).  Interest is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).  Defendants request interest at 4.60%, the one-year constant maturity rate for treasury bonds as of April 3, 2023, after the clerk issued the bill of costs.  (Dkt. No. 435 at 3.)  Interest has accrued in the amount of $1,283.46.  (*Id.*)  Therefore, the Court GRANTS Defendants' request for interest.

## CONCLUSION

After construing Plaintiff's opposition as a request for bond and stay, Plaintiff has not posted bond nor demonstrated a stay pending appeal is warranted.  The Court therefore DENIES Plaintiff's request for stay.  The Court also DENIES Defendants' motion to enforce execution of bill of costs because Defendants have sought the improper procedural mechanism for enforcing payment, but GRANTS Defendants' request for interest on the bill of costs.

This Order disposes of Docket Nos. 435 and 450.

**IT IS SO ORDERED.**

Dated: November 5, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge